IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALBERT R. MORGAN, JR. and ALICE H. MORGAN, Trustees of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended,<br><br>Plaintiffs,<br><br>vs.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 00-00145 BMK<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT**

Before the Court is Plaintiffs Albert R. Morgan, Jr. and Alice H. Morgan ("Plaintiffs") Motion for Relief From Judgment ("Motion"). Pursuant to LR 7.2(d), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the Motion, and the supporting and opposing memoranda, the Court Grants in part and Denies in Part Plaintiffs' Motion. The Court grants Plaintiffs' Motion only insofar as it seeks correction of an error of fact in the October 28, 2005 Order Granting In Part and Denying In Part Plaintiffs' Motion for (1) Entry of Amended and Additional Findings and Conclusions and

Altered And Amended Judgment and/or (2) New Trial, Order Amending Findings

of Fact and Conclusions of Law Filed on July 15, 2005, and Order Denying

Defendant's Motion for Attorney's Fees and Costs ("October 28 Order").  The

Court denies Plaintiffs' Motion as to all other issues, denying Plaintiffs' request for

relief from judgment.

## BACKGROUND

On February 22, 2000, Plaintiffs filed this lawsuit seeking damages

from Defendant Chicago Title Insurance Company ("Defendant") seeking

reimbursement for expenses Plaintiffs incurred defending against claims made by

Rosetta Ann Dimiceli ("Dimiceli") in a state foreclosure action.

At trial on May 24, 2005, after Plaintiffs rested, the Court dismissed

the case pursuant to Rule 52(c) of the Federal Rules of Civil Procedure.[1]  This

Court found that Plaintiffs' failed to:  (1) submit evidence demonstrating that the

---

[1] Rule 52(c) provides in pertinent part:

> If during a trial without jury a party has been fully heard
> on an issue and the court finds against the party on that
> issue, the court may enter judgment as a matter of law
> against that party with respect to a claim or defense that
> cannot under the controlling law be maintained or
> defeated without a favorable finding on that issue . . .

Fed. R. Civ. P. 52(c).

attorney's fees and costs in the Foreclosure Action were either reasonable or necessary; (2) submit evidence showing that the work done in the Foreclosure Action was actually connected to the defense against Dimiceli's claims; and (3) produce any evidence showing that they were entitled to the remaining consequential damages claims.

On October 28, 2005, the Court amended its findings of fact and conclusions of law.  See October 28 Order at 2, 5-6.  The Court found that, because Defendant breached its insurance contract with Plaintiffs by failing to defend Plaintiffs against Dimiceli's claims, and because Plaintiffs failed to prove the existence of actual damages stemming from that breach, Plaintiffs were entitled to a nominal damages award of $1.00.  Plaintiffs seek relief from the October 28 Order pursuant to Federal Rules of Civil Procedure Rule 60(b)(1).

## LEGAL STANDARD

Rule 60 allows the court to reconsider its decisions  and provides relief from judgment or order for a variety of enumerated reasons.  See Fed.R.Civ.P 60.  Rule 60(b)(1) states: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]"  Fed. R. Civ. P. 60(b)(1).

A "motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996).  Courts have established only three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice.  See Mustafa v. Clark County School Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998); Great Hawaiian Fin. Corp. v. Aiu, 116 F.R.D. 612, 616 (D.Haw. 1987), rev'd on other grounds, 863 F.2d 617 (9th Cir. 1988).

Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. Hawaii Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter.,

Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

## DISCUSSION

Plaintiffs argue that the Court committed two errors.  First, Plaintiffs claim the Court incorrectly concluded that "Plaintiffs received $30,096.64 from Dimiceli as part of the settlement."  (October 28 Order at 6).  The record discloses that Plaintiffs are correct, they did not receive $30,096.64 as part of the settlement agreement with Dimiceli.  Instead, $30,096.64 represents the amount Plaintiffs claim they *surrendered* to Dimiceli as part of the settlement agreement.  The Court hereby corrects the October 28 Order to reflect that Plaintiffs did not, in fact, receive $30,096.64 in the settlement agreement.

This error however, does not entitle Plaintiffs to relief from judgment.  Plaintiffs fail to show how the fact that they did not receive or pay any money in exchange for settlement affects this Court's finding that Plaintiffs did not produce evidence at trial supporting their claim that they are entitled to reimbursement from Defendants.  Or, put differently, that the fees and costs that Plaintiffs claim, are in fact, connected to the amounts they seek, or proved at trial.  Plaintiffs again rely on the Hawaii Supreme Court's holding in Sentinel Ins. Co. v. First Insurance, 875 P.2d 894, 913 (1994).  Sentinel is inapplicable because, as explained in the October 28 Order, it holds that a settlement amount *paid* by the insured to a third party is

presumptive evidence of the breaching insurer's liability for its failure to defend. Id. at 913 (emphasis added).  As this court conclusively found, Plaintiffs paid nothing to Dimiceli, the third party.  See October 28 Order at 6.  Thus, Plaintiffs' lack of payment for settlement cannot be used as presumptive evidence of the amount of Defendant's liability, when Plaintiffs failed to produce evidence at trial that their costs were, in fact, related to Defendant's failure to defend.  Sentinel is unavailing to Plaintiffs.

Plaintiffs also now cite two California cases in support of their Motion, Earth Elements, Inc. v. National American Insurance Co. of California, 48 Cal. Rptr. 2d 399 (Cal. Ct. App. 1996) and Richie v. Anchor Casualty Co., 286 P.2d 1000 (Cal. Ct. App. 1955).  Plaintiffs did not present either of these cases prior to trial, or in any of their post-trial motions until now.  As these cases could have been presented at any time before, during, or immediately after trial, the Court cannot base a motion for reconsideration on them.  See Hawaii Stevedores, Inc., 363 F. Supp. 2d at 1269 (D. Haw. 2005).  Moreover, these cases do not support Plaintiffs' argument any more than Sentinel does.  In Earth Elements, the court held that the amount the plaintiffs *paid* to settle a covered claim was presumptive evidence of the amount the defendant insurer was required to pay for breach of its duty to defend.  Earth Elements, 48 Cal.Rptr.2d at 402.  Similarly, in

6

Ritchie, the California court held that a "settlement, or stipulated judgment entered thereon, becomes presumptive evidence of the liability of the insured and the amount thereof."  286 P.2d 1003.  There is no dispute here that Defendant here breached its duty to defend Plaintiffs; or that these holdings are correct, presuming, of course, that the plaintiffs submitted competent evidence supporting their claims for damages.  In this case, however, Plaintiffs did not support their claims for damages, and these cases are thus, unavailing for the same reasons as is Sentinel.

Second, Plaintiffs argue that the Court erred by concluding that Plaintiffs failed to submit evidence showing the amount they would have received had Defendant properly defended against Dimiceli's claim.  Plaintiffs claim that their proposed conclusions as well as the evidence submitted into the record provides sufficient proof of the amount of damages and how that amount could be calculated.  This Court disagrees and has so held.  Plaintiffs' proposed damages are just that -- proposed.  Plaintiffs are not entitled to these damages because they failed to provide proof at trial of: (1) the reasonableness and necessity of the work performed; (2) the connection between the work that was done and their covered claims; (3) or their entitlement to the other damages requested.  Plaintiffs are simply attempting to relitigate this Court's decision, making the same arguments that were presented at trial and later.

Last, Plaintiffs submit a recent Ninth Circuit decision, <u>Living Designs, Inc. v. E.I. Dupont De Nemours & Co.</u>, 431 F.3d 353 (9th Cir. 2005), which they believe supports their argument that the value of the claim they yielded in settlement to Dimiceli was not too speculative.  In <u>Living Design</u>, the defendants fraudulently withheld material evidence to induce the plaintiffs to settle the underlying litigation against the defendants.  431 F.3d at 358.  When the fraud was discovered, plaintiffs asserted claims in federal court against defendants "under RICO and state common law claims of fraud, conspiracy, misrepresentation, abuse of process, infliction of emotional distress, interference with prospective economic advantage, negligence, and spoliation of evidence."  <u>Id.</u>  <u>Living Designs</u>' plaintiffs claimed that, but for defendants' fraud, they would have requested more money or refused to settle.  <u>Id.</u>  The district court granted defendants' summary judgment because of the plaintiffs "inability to prove either the fact or amount of damages with reasonable certainty."  <u>Id.</u> at 366 (citations omitted).  The Ninth Circuit reversed, explaining that the plaintiffs' citations of comparable settlements of much larger amounts and expert testimony was "sufficient to create a *triable issue of fact* and is not so speculative that damages are incapable of calculation."  <u>Id.</u> at 368 (emphasis added).

<u>Living Designs</u> is inapplicable on several levels.  First, the procedural

postures of the present action and  Living Designs are decidedly different.  Living Design was reversed on a motion for summary judgment because the Ninth Circuit found there were genuine issues of material fact for the trier of fact to decide.  In contrast, this Court found that Plaintiffs' evidence at trial was simply insufficient to support their claims.  The Ninth Circuit did not hold that Living Designs' plaintiffs had proved their case, but only that they had raised a genuine issue of material fact precluding dismissal of the case on a motion for summary judgment. Id. at 369.

Moroever, Living Designs involved the amount of damages plaintiffs suffered as a result of reaching a settlement agreement that was based on fraud.  It has nothing to do with an insurance company's failure to defend, or whether the insured is entitled to a judgment in the speculative amount surrendered as part of a settlement agreement.  In addition, there are no claims of fraud or criminal action here by Defendants that induced Plaintiffs to enter the settlement agreement with Dimiceli.  Plaintiffs' reliance upon Living Designs is misplaced.

Plaintiffs have not demonstrated sufficient reasons why this Court should reconsider its prior decision.  Nor have they set forth facts or law of a strongly convincing nature to persuade the Court to reverse its prior decisions in this matter.  Plaintiffs' Motion is DENIED.

## CONCLUSION

1.      The Court Grants in Part Plaintiffs' Motion and hereby corrects the

October 28 Order to reflect that Plaintiffs did not receive $30,096.64 in their

settlement agreement with Dimiceli.

2.      Plaintiffs' Motion for Relief from Judgment is otherwise Denied.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated:  March 1, 2006

ALBERT R. MORGAN, JR., ET AL. V. CHICAGO TITLE INSURANCE COMPANY; CV. NO. 00-00145 BMK;
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RELIEF FROM
JUDGMENT