IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALBERT R. MORGAN, JR. and ALICE H. MORGAN, Trustees of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended, | CIVIL NO. 00-00145 BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |
| Plaintiffs, | |
| v. | |
| CHICAGO TITLE INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM IN SUPPORT OF MOTION

On March 2, 2006, this Court entered an Order attempting to grant in part and deny in part Plaintiffs' Rule 60(b)(1) motion filed November 17, 2005.

At the time the Order was entered, this Court lacked jurisdiction to resolve Rule 60(b) motions because of the pending Ninth Circuit appeal. *Crateo, Inc. v. Intermark, Inc.*, 536 F.2d 862, 869 (9th Cir.), *cert. denied*, 429 U.S. 896 (1979).

The Ninth Circuit has now entered, on March 30, 2006, a limited remand Order (attached), returning jurisdiction to this Court for the purpose of resolving Plaintiffs' Rule 60(b)(1) motion filed November 17, 2005.

Plaintiffs therefore request that the Court vacate its Order of March 2, 2006,

and its Order denying limited reconsideration thereof – for lack of jurisdiction –
and enter a new Order, now that this Court has been re-vested with limited
jurisdiction for that purpose, resolving Plaintiffs' Rule 60(b)(1) motion filed
November 17, 2005.

The new Order should delete the erroneous *sua sponte* finding (at 6) in the
March 2 Order, that Plaintiffs did not cite the *Earth Elements* and *Ritchie* decisions
"until now," as well as all of the Court's new conclusions based thereon.

In reality, both *Earth Elements* and *Ritchie* were cited three times before
entry of judgment, in Plaintiffs' pretrial Trial Brief (at 16-17, 25), in Plaintiffs'
proposed Findings (at 30), and in Plaintiffs' proposed Conclusions (at 35-36).
They were cited again after entry of judgment in Plaintiffs' Motion for Entry of
Amended and Additional Findings and Conclusions, etc., filed August 1, 2005
(requested amendments and additions, at 39-40).

The limited remand Order requires that Plaintiffs' opening brief in the Ninth
Circuit be filed by May 3, 2006. It is therefore requested that the new Order be
issued promptly.

It should be noted that the Ninth Circuit's Order also makes clear that this
Court *does* have jurisdiction to resolve the pending cost and fee applications. This
Court can therefore go ahead and resolve those applications, without stepping on
jurisdictional toes.

DATED:  Honolulu, Hawaii, April 4, 2006.

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company


STEVEN B. JACOBSON
Attorneys for Plaintiffs