Of Counsel:
ALSTON HUNT FLOYD & ING
Attorney At Law
A Law Corporation

NEIL F. HULBERT           1143-0
JADE LYNNE CHING          5808-0
LAURA P. COUCH            7860-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawai`i  96813
Telephone:  (808) 524-1800

Attorneys for Defendant
CHICAGO TITLE INSURANCE
COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ALBERT R. MORGAN, JR. and ALICE H. MORGAN, Trustees of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended,<br><br>         Plaintiff,<br><br>     vs.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>         Defendant. | CIVIL NO. CV00 00145 BMK<br><br>**DEFENDANT CHICAGO TITLE INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO *PLAINTIFFS' EX PARTE MOTION FOR ORDERS (1) VACATING THE COURT'S ORDER OF MARCH 2, 2006, AND ITS ORDER DENYING RECONSIDERATION THEREOF AND (2) ENTERING A NEW AND CORRECTED ORDER RESOLVING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT*; CERTIFICATE OF SERVICE**<br><br>Non-Hearing Motion<br><br>JUDGE:  Hon. Barry M. Kurren |

610390/3968-37

**DEFENDANT CHICAGO TITLE INSURANCE COMPANY'S
MEMORANDUM IN OPPOSITION TO *PLAINTIFFS'
EX PARTE MOTION FOR ORDERS (1) VACATING THE COURT'S
ORDER OF MARCH 2, 2006, AND ITS ORDER DENYING RECONSIDERATION
THEREOF AND (2) ENTERING A NEW AND CORRECTED ORDER RESOLVING
PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT***

Plaintiffs' *Ex Parte Motion for Orders (1) Vacating the Court's Order of March 2, 2006, and its Order Denying Reconsideration thereof, and (2) Entering a New and Corrected Order Resolving Plaintiffs' Motion for Relief from Judgment* (the "Motion to Vacate") is not well-taken for two key reasons: (1) the Ninth Circuit Court of Appeals specifically noted in its Order dated March 30, 2006 (the "Ninth Circuit Order") that Plaintiffs' *Motion for Limited Remand* was granted "nunc pro tunc"; and (2) in light of the Ninth Circuit Order, this Court no longer has jurisdiction to hear Plaintiffs' ill-founded Motion to Vacate in any event.[1]

First, Plaintiffs' contention that this Court's *Order Denying Plaintiffs' Motion to Alter or Amend or for Relief from Order* filed March 8, 2006 (the "Order re Motion to Amend") is "void for lack of jurisdiction at the time they were entered" is wholly without merit. This Court plainly had jurisdiction that

---

[1] In addition, Plaintiffs' Motion to Vacate is improper in that it was filed without supplying Chicago Title with notice of its status as a non-hearing motion pursuant to Rules of the United States District Court for the District of Hawai`i, L.R. 7.2. Although the Motion to Vacate is not specifically styled as a "non-hearing motion", Chicago Title files this Opposition pursuant to L.R. 7.4 out of an abundance of caution.

was acknowledged in the specific language of the Ninth Circuit Order:

> The court has received the appellants' motion for a limited remand to invest the district court with jurisdiction to rule on the post-judgment motion for relief from judgment. **Based on the appellants' statement that the district court judge has ruled on the motion, the motion for limited remand is granted nunc pro tunc.**

(Ninth Circuit Order, page 1)(emphasis added).  By granting the Ninth Circuit Order "nunc pro tunc", the Ninth Circuit Court of Appeals resolved any timing issues with respect to the granting of the Motion for Limited Remand and the Order re Motion to Amend.  Indeed, the Ninth Circuit Court of Appeals specifically worded its Order to contemplate such timing, and Plaintiffs' argument is without merit in law or fact.

Second, respectfully, it does not appear that this Court has jurisdiction to consider the Motion to Vacate in any event.  After a notice of appeal is timely filed, the district court may not take any action that would "alter the status of the case as it rests before the circuit court".  20 MOORE'S FEDERAL PRACTICE 3D, § 303.32[2][a][ii], citing *Dayton Indep. Dist. v. United States Mineral Prods. Co.,* 906 F.2d 1059, 1063-1064 (5th Cir. 1990) and *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982).  Now that the purpose of the limited remand has been fulfilled (i.e., this Court has been given the opportunity to rule - - and has ruled - - upon Plaintiffs' *Motion to Alter or Amend or Relief from Order* filed March 4, 2006),

jurisdiction is properly within the Ninth Circuit Court of Appeals except as to those matters specifically set forth in the Ninth Circuit Order.[2]

DATED:  Honolulu, Hawai`i, 4/13/06.

/S/ Laura P. Couch
NEIL F. HULBERT
JADE LYNNE CHING
LAURA P. COUCH
Attorneys for Defendant Chicago
 Title Insurance Company

---

[2]  The Ninth Circuit Order specifically provides that "...a limited remand is not necessary to invest the district court with jurisdiction to rule on the noted motion..." and "[t]o the extent the appellants seek a limited remand to invest the district court with jurisdiction to consider the cost bill, the motion is denied as unnecessary".