ORIGINAL

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

STEVEN B. JACOBSON        4117-0
(sjacobson.law@hawaiiantel.net)
P. O. Box 240761
Honolulu, HI 96824-0761
Telephone: (808) 377-1814
Fax: (808) 377-1814

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 14 2006

at __O__ o'clock and __9__ min. __ M0?
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALBERT R. MORGAN, JR. and ALICE H. MORGAN, Trustees of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended, <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO TITLE INSURANCE COMPANY, <br><br> Defendant. | CIVIL NO. 00-00145 BMK <br><br> PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR EX PARTE MOTION FOR ORDERS (1) VACATING THE COURT'S ORDER OF MARCH 2, 2006, AND ITS ORDER DENYING RECONSIDERATION THEREOF and (2) ENTERING A NEW AND CORRECTED ORDER RESOLVING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT; CERTIFICATE OF SERVICE <br><br> JUDGE: Hon. Barry M. Kurren |

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR EX PARTE
MOTION FOR ORDERS (1) VACATING THE COURT'S ORDER OF MARCH
2, 2006, AND ITS ORDER DENYING RECONSIDERATION THEREOF and (2)
ENTERING A NEW AND CORRECTED ORDER RESOLVING PLAINTIFFS'
MOTION FOR RELIEF FROM JUDGMENT

I.    IT IS UNDISPUTED, AND UNDISPUTABLE, THAT THE COURT'S
ORDER OF MARCH 2, 2006, INCLUDES A CLEARLY
ERRONEOUS FINDING OF FACT.

It is undisputed that the Court's Order filed March 2, 2006, contains a

clearly erroneous finding of fact. *I.e.,* it includes an erroneous finding (at 6) that

Plaintiffs did not cite two significant California decisions, *Earth Elements* and

*Ritchie*, "until now."

Chicago Title does not, and cannot, dispute that plaintiffs cited both *Earth*

*Elements* and *Ritchie* three times before entry of judgment, in Plaintiffs' pretrial

Trial Brief (at 16-17, 25), in Plaintiffs' proposed Findings (at 30), and in Plaintiffs'

proposed Conclusions (at 35-36).

Nor does, or can, Chicago Title dispute that plaintiffs cited *Earth Elements*

and *Ritchie* again after entry of judgment, in Plaintiffs' Motion for Entry of

Amended and Additional Findings and Conclusions, etc., filed August 1, 2005

(requested amendments and additions, at 39-40).

2

II.   THE COURT CAN AND SHOULD CORRECT THE ERRONEOUS
FINDING, SO THE NINTH CIRCUIT WILL NOT HAVE TO DEAL
WITH IT.

The thrust of Chicago Title's opposition is that the Court is powerless to correct the erroneous finding. That is wrong for at least three reasons.

First, Chicago Title's own theory of recent events is that (1) this Court entered its March 2 Order on plaintiffs' Rule 60(b) motion, and (2) the Ninth Circuit issued a subsequent Order retroactively granting this Court jurisdiction to enter such an order.

The same procedure could be followed to correct the erroneous finding. That is, this Court could enter an Order deleting the erroneous finding from its March 2 Order, and the Ninth Circuit could then enter another Order retroactively granting jurisdiction for that purpose.

Alternatively, this Court could simply indicate that the March 2 Order contains an erroneous finding, whereupon the Ninth Circuit could enter a limited remand order, and this Court could then make a correction. That is the very procedure suggested in *Crateo, Inc. v. Intermark, Inc.*, 536 F.2d 862, 869 (9th Cir.), *cert. denied*, 429 U.S. 896 (1979).

The notions that the erroneous finding is now uncorrectable at the trial court level, and that the Ninth Circuit must be forced to deal with it, are incorrect.

Second, Chicago Title's reading of the Ninth Circuit's Order appears to be

3

wrong anyway. It looks like it was merely plaintiffs' Ninth Circuit motion which was granted *nunc pro tunc*.

If that motion had been granted as of the date the order thereon was finally signed, plaintiffs would have been in default of their Ninth Circuit filing obligations, as the deadline for the filing of plaintiffs' Ninth Circuit brief – otherwise due earlier – would already have expired.

Third, the Ninth Circuit's statement that "a limited remand is not necessary to invest the district court with jurisdiction to rule on the motion" is addressed only to plaintiffs' pending motion for attorneys' fees, and the pending cost bill. It is clearly *not* addressed to plaintiffs' Rule 60(b) motion, as Chicago Title may be implying (in its note 2).

This Court can therefore go ahead and rule on those matters.

DATED: Honolulu, Hawaii, April 14, 2006.

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

STEVEN B. JACOBSON
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ALBERT R. MORGAN, JR. and ALICE H. MORGAN, Trustees of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended,<br><br>         Plaintiffs,<br><br>   v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>         Defendant. | CIVIL NO. 00-00145 BMK<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was

served on this date by hand delivery or first-class United States mail upon:

NEIL F. HULBERT, ESQ.
Alston Hunt Floyd & Ing
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawaiʻi 96813

Attorneys for Defendant
CHICAGO TITLE INSURANCE COMPANY

DATED:  Honolulu, Hawaii, April 14, 2006.

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

_____
STEVEN B. JACOBSON
Attorneys for Plaintiffs