ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 2 2006

at __ o'clock and __ min. __M
SUE BEITIA, CLERK

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

STEVEN B. JACOBSON    4117-0
(sjacobson.law@hawaiiantel.net)
P. O. Box 240761
Honolulu, HI 96824-0761
Telephone: (808) 377-1814
Fax: (808) 377-1814

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ALBERT R. MORGAN, JR. and ALICE H. MORGAN, Trustees of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended,<br><br>Plaintiffs,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | CIVIL NO. 00-00145 BMK<br><br>AMENDED NOTICE OF APPEAL<br><br>(Ninth Circuit Appeal No. 05-17145) |

<u>AMENDED NOTICE OF APPEAL</u>

Plaintiffs Albert R. Morgan, Jr. and Alice H. Morgan, Trustees, hereby appeal to the United States Court of Appeals for the Ninth Circuit from the following:

1. The Court's Order filed May 8, 2006, and its underlying Order of March 2, 2006, filed *nunc pro tunc* by Ninth Circuit Order filed March 30, 2006, except insofar as the underlying Order properly vacated the Court's earlier erroneous finding that "Plaintiffs received $30,096.64 from Dimiceli as part of the settlement."

2. The Judgment filed October 31, 2005, insofar as it fails to award Plaintiffs more than $1.00 of damages, and all underlying Orders, Judgments, Findings of Fact and Conclusions of Law.

3. The Court's Order filed October 28, 2005, insofar as it denies, in part, Plaintiffs' Motion for (1) Entry of Amended and Additional Findings and Conclusions and Altered and Amended Judgment and/or (2) New Trial, including all Amended Findings of Fact and/or Conclusions of Law which support the partial denial of said motion.

The amended findings and/or conclusions appealed from include, but are not limited to, the findings/conclusions that "During trial …, Plaintiffs failed to establish an entitlement to compensatory damages"; "Plaintiffs failed to prove compensatory damages"; the Hawaii Supreme Court's <u>Sentinel</u> decision "does not apply in this situation because Plaintiffs did not pay money towards a settlement agreement"; "Plaintiffs also fail[ed] to cite any authority which applied the presumption to a situation where a party seeks reimbursement for the value of the

consideration they would have received on top of the settlement amount, had the insurer properly defended"; "Plaintiffs have not submitted any evidence showing the amount they would have received had Defendant properly defended ..."; "Accordingly, ... Plaintiffs are not entitled to the value they gave up in settling their case with Dimiceli; "As for Plaintiffs' remaining claims, ... these claims [are] insufficient to amend [the] Findings and Conclusions and/or grant a new trial because the Court will not revisit these issues ..."; and "Plaintiffs failed to prove the existence of compensatory damages."

    3. The Court's Judgment filed July 18, 2005, and all underlying Orders, Findings of Fact and Conclusions of Law.

    The underlying items appealed from include, but are not limited to:

    The Court's Findings of Fact and Conclusions of Law and Order of Dismissal, filed July 15, 2005.

    The Court's Order filed July 15, 2005, denying Plaintiff's Ex Parte Motion To Strike, etc.

    The Court's Order filed March 18, 2005, denying Plaintiffs' Motion To Compel, etc.

    The Court's Order filed October 29, 2004, denying reconsideration of its Order filed October 15, 2005.

The Court's Order filed October 15, 2004, insofar as it grants in part Defendant's Motion for Partial Summary Judgment.

The Court's Orders filed October 16, 2001, insofar as they deny in part Plaintiffs' Motion to Compel, grant a protective order, and deny Plaintiffs' Motion To Disqualify Counsel, etc.

DATED: Honolulu, Hawai'i, May 12, 2006.

> STEVEN B. JACOBSON
> Attorney at Law
> A Limited Liability Law Company
>
> _____
> STEVEN B. JACOBSON
> Attorneys for Plaintiffs