IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALBERT R. MORGAN, JR. and ALICE H. MORGAN, Trustees of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended,<br><br>            Plaintiffs,<br><br>      vs.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>            Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 00-00145 BMK<br><br><br>ORDER DENYING PLAINTIFFS' MOTION FOR AN AWARD OF THEIR ATTORNEYS' FEES AND EXPENSES AND GRANTING PLAINTIFFS' COSTS |

ORDER DENYING PLAINTIFFS' MOTION FOR
AN AWARD OF THEIR ATTORNEYS' FEES AND EXPENSES
AND GRANTING PLAINTIFFS' COSTS

Before the Court are Plaintiffs' Motion for an Award of Their Attorneys' Fees and Expenses and Notice of Filing of Bill of Costs. Pursuant to LR 7.2(d), the Court finds these matters suitable for disposition without a hearing. For the following reasons, the Court hereby DENIES Plaintiffs' motion for attorneys' fees and expenses and GRANTS Plaintiffs' costs.

BACKGROUND

Plaintiffs filed this action on February 22, 2000, seeking damages from Defendant Chicago Title Insurance Company for the failure of Defendant to

defend Plaintiffs against claims made by a third party in a state foreclosure action. At trial on May 24, 2005, after Plaintiffs rested, the Court dismissed the case pursuant to Rule 52(c) of the Federal Rules of Civil Procedure ("FRCP") after finding that Plaintiffs failed to: (1) provide proof of the reasonableness and necessity of the work performed; (2) submit evidence of a connection between the work done and the covered claims; and (3) show entitlement to the other requested damages. On October 28, 2005, the Court amended its findings of fact and conclusions of law, concluding that Plaintiffs were entitled to an nominal award of $1.00 because Plaintiffs proved that Defendant breached the insurance contract but failed to prove actual damages.

Plaintiffs filed a motion for attorneys' fees and expenses on November 14, 2005. In the motion, Plaintiffs' Counsel requested attorneys' fees in the amount of "$500,000.00 or less" and non-taxable expenses totaling $150.00 pursuant to Hawaii Revised Statutes ("HRS") §§ 431:10-242, 607-9, 607-14(a), and Federal Rules of Civil Procedure 54(d). (Pls.' Mot. at 3.) Plaintiffs' Counsel also claimed that Exhibit A describes the "work performed by each attorney and paralegal who performed services on Plaintiffs' behalf, broken down by hour and task." (Pls.' Mem. in Supp. at 2.) Counsel failed however, to attach any such information in Exhibit A and instead typed the words "TO FOLLOW" in the

Exhibit. Counsel also listed information normally contained in a Declaration attached to a motion for attorneys' fees but failed to submit a Declaration.

Plaintiffs' Counsel later amended the motion on November 21, 2005 to include the information he failed to submit in the original motion. By his amended motion, Counsel seeks fees of $346,498.50 and nontaxable expenses of $156.25. Counsel also filed two additional supplements.

Finally, Plaintiffs filed a Notice of Bill of Costs on November 30, 2005, seeking reimbursement for costs totaling $3,688.05. Plaintiffs then filed a Supplement to Bill of Costs on December 4, 2005 for $28.20. Defendant timely objected to Plaintiffs' notice of costs on December 9, 2005. Plaintiffs filed a second Supplement to Bill of Costs on December 13, 2005, seeking reimbursement for costs totaling $27.00.

## DISCUSSION

1. <u>Attorneys' Fees and Taxable Expenses</u>

Generally, under the "American Rule," each party to a lawsuit is responsible for paying his or her own litigation expenses. <u>Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.</u>, 532 U.S. 598 (2001). A federal court sitting in diversity however, must apply the law of the forum state regarding an award of attorneys' fees. <u>Kona Enterprises, Inc. v. Estate of Bishop</u>,

229 F.3d 877, 883 (9th Cir. 2000); Helfand v. Gerson, 105 F.3d 530, 536 (9th Cir. 1997) (applying Hawaii law to an award of attorneys' fees). Plaintiffs seek attorneys' fees pursuant to Hawaii law.

    A.    Plaintiffs are not Entitled to Attorneys' Fees Pursuant to HRS § 431:10-242

HRS § 431:10-242 states as follows:

> Where an insurer has contested its liability under a policy and is ordered by the courts to pay benefits under the policy, the policyholder, the beneficiary under a policy, or the person who has acquired the rights of the policyholder or beneficiary under the policy shall be awarded reasonable attorney's fees and the costs of suit, in addition to the benefits under the policy.

Haw. Rev. Stat. Ann. § 431:10-242 (West, Current through 2004 Regular Session) (emphasis added).

HRS § 431:10-242 is inapplicable here because Plaintiffs did not in this case seek to obtain benefits under an insurance policy. Rather, Plaintiffs sought damages for breach of contract for the failure to defend Plaintiffs in a state court case and for breach of the implied duty of good faith and fair dealing. Moreover, Plaintiffs are not entitled to fees under HRS § 431:10-242 because Defendant has not been "ordered to pay benefits" within the meaning of the Statute. Even if the Court accepts Plaintiffs' argument that they sought benefits under the insurance policy, Plaintiffs failed to prove at trial the existence of such

4

benefits. Accordingly, the Court DENIES Plaintiffs' request for attorneys' fees pursuant to HRS § 431:10-242.

      B.    <u>Plaintiffs' Request for Attorneys' Fees Pursuant to HRS § 607-14</u>

Plaintiffs also seek fees pursuant to HRS § 607-14. This Statute governs an award of attorneys' fees in actions in the nature of assumpsit. Haw. Rev. Stat. Ann. § 607-14 (West, Current through 2004 Regular Session). The Statute also limits this amount to twenty-five (25) percent of the judgment amount.

Although the Hawaii Supreme Court in <u>Food Pantry, Ltd. v. Waikiki Business Plaza, Inc.</u>, 58 Haw. 606, 575 P.2d 869 (1978) recognized the inequity of enforcing the twenty-five percent statutory ceiling against the prevailing party on an award of nominal damages pursuant to HRS 604-17,[1] the court further explained that the prevailing party is entitled to attorneys' fees only where no monetary judgment has been sought such as in a declaratory action. Here, Plaintiffs sought compensatory and punitive damages but failed to prove those damages. Additionally, because Plaintiffs succeeded only to the extent of obtaining a nominal award judgment, they are entitled to essentially nothing pursuant to HRS § 607-14 and may not receive relief under this Statute.

---

[1] HRS § 607-14 succeeded HRS § 607-17. <u>Piedvache v. Knabusch</u>, 88 Hawaii 115, 119, 962 P.2d 374, 378 (1998).

C.     Plaintiffs' Request for Non-Taxable Expenses

Plaintiffs request $150.00 in nontaxable expenses for services provided by Western Title and Escrow Company for searching title documents. Although Plaintiffs attach Western Title's bill as an exhibit, Plaintiffs do not adequately describe the requested amount so that the reasonableness of the expense can be evaluated and fail to cite the applicable authority entitling Plaintiffs to such an expense. See L.R. 54.3(d)(2-3). Accordingly, Plaintiffs request for $150.00 is hereby DENIED.

2.     Taxable Costs

In addition to attorneys' fees, Plaintiffs seek to recover costs totaling $3,743.25. Defendant objects only to Plaintiffs' request for transcript costs of $194.48 and a portion of Plaintiffs' copying costs.

When awarding costs, the Court should apply federal law. Champion Produce, Inc. v. Ruby Robinson, Co., 342 F.3d 1016, 1022 (9th Cir. 2003) ("An award of standard costs in federal district court is normally governed by [FRCP] 54(d), even in diversity cases."); see Radio TV Espanola S.A. v. New World Entertainment, Ltd., 183 F.3d 922 (9th Cir. 1999) (applying FRCP 54(d)(1) and Central District of California's Local Rules in deciding whether to award costs in a breach of contract case based on diversity of citizenship jurisdiction).

Plaintiffs seek costs pursuant to FRCP 54(d)(1) and LR 54.2. FRCP 54(d)(1) states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Court "has wide discretion in awarding costs under [FRCP] 54(d)." Yasui v. Maui Elec. Co., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). In awarding costs, the Court "has discretion to fix the costs," but cannot "tax costs beyond those authorized by statute." Johnson v. Pacific Lighting Land Co., 878 F.2d 297, 298 (9th Cir. 1989). Courts may tax only those costs defined in 28 U.S.C. § 1920. Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 177 (9th Cir. 1990) (citations omitted). Section 1920 permits courts to tax the following as costs:

1. Fees of the clerk and marshal;
2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
5. Docket fees under Section 1923;
6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees and expenses, and costs of special interpretation services under 1828. . . .

28 U.S.C.A. § 1920 (West Supp. 2005).

A. <u>Transcript Costs</u>

Plaintiffs request costs for three transcripts totaling $194.48 "for use

as an exhibit and for the use of the appellate court." (Pls.' Bill of Costs at 4.) Defendant objects to the transcript costs arguing that 28 U.S.C. § 1920 allows for transcript fees for use in the case, and not for transcripts obtained for use on appeal. Plaintiffs respond by claiming that Federal Rules of Appellate Procedure ("FRAP") 39(e)(2) allows the Court to tax transcript costs on appeal. (Emphasis added).[2]

      Plaintiffs do not meet the standard set forth in 28 U.S.C. 1920(2) because they fail to specify why the three transcripts were necessary for use in this case. Plaintiffs are further not entitled to costs pursuant to FRAP 39(e) because they do not explain how these transcripts were needed to determine their appeal. Therefore, the Court DENIES Plaintiffs' request for transcript costs.

    B.   <u>Copying Costs</u>

      Plaintiffs also seek $1,049.70 in copying costs for 6,998 copies at $0.15 per copy. Defendant requests a deduction in the total number of copies made for Plaintiffs' personal use and convenience. After careful review of Plaintiffs' moving papers, the Court finds that Plaintiffs did deduct 3,635 copies made for their own personal use from the 10,633 copy total. Accordingly, the Court

---

[2] FRAP 39(e) allows "the reporter's transcript, if needed to determine the appeal" to be taxable in the district court. Fed. R. App. P. 39(e).

GRANTS Plaintiffs' full request for copying costs amounting to $1,049.70.

    C.    <u>Miscellaneous Costs</u>

Plaintiffs request interest on costs awarded by the Ninth Circuit in its June 13, 2003 Order totaling $22.39, and a per diem interest of $0.025 per day starting from December 1, 2005 until costs are awarded to Plaintiffs. Plaintiffs fail to cite to any Ninth Circuit authority which allows interest to accrue on costs. Therefore, Plaintiffs' request for interest on costs is DENIED.

## CONCLUSION

Based upon the foregoing reasons, the Court hereby DENIES Plaintiffs' motion for attorneys' fees and expenses and GRANTS Plaintiffs' notice of costs. Plaintiffs are entitled to taxable costs of $3,526.38.

    IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: May 26, 2006

<u>Morgan et al. v. Chicago Title Insurance Co.</u>; Civ No 00-145 BMK; ORDER DENYING PLAINTIFFS' MOTION FOR AN AWARD OF THEIR ATTORNEYS' FEES AND EXPENSES AND ORDER GRANTING PLAINTIFFS' NOTICE OF COSTS