IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALBERT R. MORGAN, JR. and ALICE H. MORGAN, Trustees of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended,<br><br>Plaintiffs,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | CIVIL NO. 00-00145 BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

### THE AMOUNT OF THE COST AWARD SHOULD BE INCREASED FROM $3,526.38 TO $3,548.77

There appears to be a computation error in the Order of May 26, 2006. As we read it, the Court was intending to award all cost amounts requested except $194.48 of transcript costs, and interest on the Ninth Circuit's cost award. Those

526283.V1

amounts total $3,548.77, rather than $3,526.38:

| | |
|---|---:|
| Trial Witness Fee | $40.00 |
| Clerk's and Sheriff's Fees | 400.00 |
| Copying – Original Bill of Costs | 3,033.57 |
| Copying – First Supplement | 28.20 |
| Copying – Second Supplement | 27.00 |
| Docket Fees | <u>20.00</u> |
| Total | $ 3,548.77 |

## AN ADDITIONAL $194.48 SHOULD BE AWARDED FOR TRANSCRIPTS ON APPEAL

The Court denied $194.48 requested for transcript costs on the bases that (1) "Plaintiffs do not meet the standard set forth in 28 U.S.C. 1920(2) because they fail to specify why three transcripts were necessary for use in this case" and (2) "Plaintiffs are further not entitled to costs pursuant to FRAP 39(e) because they do not specify how these transcripts were needed to determine their appeal."

However, Chicago Title's perfunctory opposition made no such arguments, asserting only that "28 U.S.C. § 1920(2) . . . does not provide for transcripts obtained for use on appeal." (Oppo filed 12-9-05, at 2)

Moreover, there are no such evidence production requirements. The only applicable evidence production requirement is that of LR 54.2(c), which merely requires (emphasis added):

> **(c) Contents.** The Bill of Costs must state separately and specifically each item of taxable costs claimed. It must be supported by a memorandum setting forth the grounds and authorities supporting the

526283.V1

request and *an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law.*

Upon the submission of such an affidavit or declaration, requested costs within authorized parameters are presumed taxable except to the extent that the non-prevailing party chooses to dispute them. As LR 54.2(d) states (emphasis added):

> Within eleven (11) days after a Bill of Costs is served, the party against whom costs are claimed must file and serve any *specific objections, succinctly setting forth the grounds and authorities for each objection.* Upon the timely filing of any objections, the Clerk of Court will refer both the Bill of Costs *and objections* to the court for a determination of taxable costs. If no such memorandum is filed within the required time, *the Clerk of Court may without notice or hearing tax all of the requested costs.*

There are no evidence production requirements in 28 U.S.C. 1920(2), which merely provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> **(2)** Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

Nor are there evidence production requirements in FRAP Rule 39(e), which merely states:

> **(e) Costs on Appeal Taxable in the District Court.** The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
> (2) the reporter's transcript, if needed to determine the appeal:

## THE REQUESTED INTEREST SHOULD BE AWARDED ON THE NINTH CIRCUIT'S COST AWARD

Chicago Title did not dispute Plaintiffs' entitlement to interest on their Ninth Circuit cost award, so such interest should have been taxed as requested. See Oppo filed 12-9-05.

Moreover, Plaintiffs are clearly entitled to such interest as a matter of law. See 28 U.S.C. § 1963; see also 28 U.S.C. § 1961(a).

DATED: Honolulu, Hawaii, June 1, 2006.

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

_____
STEVEN B. JACOBSON
Attorneys for Plaintiffs

526283.V1

4