'9? JUN 26 P2:04

IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ALBERT R. MORGAN, JR. and ALICE H. MORGAN, Trustees of Morgan Family Revocable Living Trust under Agreement dated September 20, 1990, as amended,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGAR D. KERR, JR., husband of Gena Kerr; ROSETTA ANN DIMICELI, unmarried, aka ROSETTA SCOTT, ROSETTA COBLE and ROSETTA EHRHARDT KAUAI SERVICES, INC., a Hawaii corporation; DENNIS L. NIMKIE, an individual; GRETA L. NIMKIE, an individual; UNITED STATES OF AMERICA; PRINCEVILLE AT HANALEI COMMUNITY ASSOCIATION (Doe No. 1); COUNTY OF KAUAI (Doe No. 2); and DOES 3-50,<br><br>Defendants. | CIVIL NO. 93-0199<br>(Foreclosure)<br><br>ORDER GRANTING IN PART AND DENYING IN PART: (1) DEFENDANT DIMICELI'S MOTION TO ALTER OR AMEND JUDGMENT AND FOR OTHER RELIEF, FILED APRIL 25, 1996; (2) DEFENDANT DIMICELI'S MOTION FOR RELIEF, FILED NOVEMBER 27, 1996; AND (3) PLAINTIFFS' MOTION FOR ENTRY OF FINAL DEFICIENCY JUDGMENT, FILED DECEMBER 5, 1996<br><br><br>Trial: Week of 2/12/96<br>Hon. George M. Masuoka |

ORDER GRANTING IN PART AND DENYING IN PART (1) DEFENDANT
DIMICELI'S MOTION TO ALTER OR AMEND JUDGMENT AND FOR OTHER
RELIEF, FILED APRIL 25, 1996; (2) DEFENDANT DIMICELI'S MOTION FOR
RELIEF, FILED NOVEMBER 27, 1996; AND (3) PLAINTIFFS' MOTION FOR
ENTRY OF FINAL DEFICIENCY JUDGMENT, FILED DECEMBER 5, 1996

Defendant Dimiceli's Motion to Alter or Amend Judgment and for Other Relief, filed April 25, 1996, came on for hearing before the Honorable George M. Masuoka, Judge of the above-

EXHIBIT 146

entitled Court, on May 21, 1996. Steven B. Jacobson appeared for the Plaintiffs, Paul A. Schraff appeared for Defendant Dimiceli, and Joseph Kobayashi appeared as Commissioner.

Defendant Rosetta Ann Dimiceli's Motion for Relief, etc., filed November 27, 1996, and Plaintiffs' Motion for Entry of a Final Deficiency Judgment, etc., filed December 5, 1996, came on for hearing before the Honorable George M. Masuoka, Judge of the above-entitled Court, on January 7, 1997. Steven B. Jacobson appeared for the Plaintiffs and Paul A. Schraff appeared for Defendant Rosetta Ann Dimiceli.

The Court, having considered said Motions, the memoranda, affidavits, and arguments of counsel, having reviewed the records and files, and having determined that good cause has been shown; therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Plaintiffs shall have and recover from Defendants Edgar D. Kerr, Jr., Kauai Services, Inc., Dennis S. Nimkie and Gretta L. Nimkie, jointly and severally, the principal amount of $295,877.20, plus interest of $113.49 per day and attorneys' fees of $28.37 per day from and after July 2, 1996, until the date judgment is entered on this Order. Post-judgment interest shall run on the judgment as provided by law.

2. Plaintiffs shall have and recover from Defendant Dimiceli, jointly and severally with the defendants named in paragraph 1 above, the amount of $30,096.64. Said sum shall be applied to the amount that the defendants named in paragraph 1 owe to the plaintiffs. $30,096.64 is equal to 14 and 9/30

monthly payments of $2,104.66. Defendant Dimiceli was ordered to deposit these monthly payments with the Court, commencing on July 28, 1994, pending further orders of this Court, pursuant to this Court's Order Denying Plaintiff's Motion to Strike, filed on August 26, 1994, as a substitute for the payments required of Defendant Dimiceli under that Satisfaction Deed by and between Edgar D. Kerr, Jr., as Grantor, and Dimiceli, as Grantee, and recorded November 12, 1992 at the Bureau of Conveyances for the State of Hawaii as Document No, 92-183386. The Nimkies occupied the subject property during the entire period of July 28, 1994 to December 7, 1995 and Dimiceli was entitled to collect rental proceeds of the subject property during that period. Two of these monthly payments were made on August 2 and September 12, 1994. Defendant Dimiceli was obligated to make these monthly payments until December 7, 1995, the date that the Order Granting Plaintiffs' Motion filed September 29, 1995, for Partial Summary and Default Judgment, Decree of Foreclosure and Order of Sale, etc. was filed in this Court.

3. In all other respects, the motions are DENIED.

4. There is no just reason for delay and the Court hereby directs the entry of this Order as a final judgment pursuant to Rule 54(b), Hawaii Rules of Civil Procedure.

3

5. The Fifth Claim for Relief in Plaintiffs' First Amended Complaint remains pending.

DATED: Lihue, Hawaii, ___JUNE 26_____, 1998.

_____
JUDGE OF THE ABOVE-ENTITLED COURT

4