Of Counsel:
DWYER IMANAKA SCHRAFF KUDO
  MEYER & FUJIMOTO
Attorneys at Law
A Law Corporation

PAUL A. SCHRAFF  2895-0
1800 Pioneer Plaza
900 Fort Street Mall
Honolulu, Hawaii  96813
Telephone:  (808) 524-8000

Attorney for Defendant
  ROSETTA ANN DIMICELI

5i..
STA..

'98  JUL 24  P1 :52

LORRI  M L  CHE G



IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAII

ALBERT R. MORGAN, JR. and
ALICE H. MORGAN, Trustees of
Morgan Family Revocable Living
Trust under Agreement dated
September 20, 1990, as amended,

        Plaintiffs,

    vs.

EDGAR D. KERR, JR., husband of
Gena Kerr; ROSETTA ANN DIMICELI,
unmarried, aka ROSETTA SCOTT,
ROSETTA COBLE and ROSETTA
EHRHARDT; KAUAI SERVICES, INC.,
a Hawaii corporation; DENNIS L. NIMKIE,
an individual; GRETA L. NIMKIE, an
individual; UNITED STATES OF
AMERICA; PRINCEVILLE AT HANALEI
COMMUNITY ASSOCIATION (Doe No. 1);
COUNTY OF KAUAI (Doe No. 2);
and DOES 3-50,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. 93-0199
(Foreclosure)

DEFENDANT ROSETTA ANN
DIMICELI'S NOTICE OF APPEAL;
EXHIBITS "A" THROUGH "G";
CERTIFICATE OF SERVICE

CIVIL NO. 00-00145BMK

PLAINTIFFS
DEFENDANTS          EXHIBIT  149

IN EVIDENCE – FOR IDENTIFICATION
REC'D_____20____

_____
                  CLERK

Trial:  February 12, 1996

0119876.01

## DEFENDANT ROSETTA ANN DIMICELI'S
## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Defendant ROSETTA ANN DIMICELI (hereinafter "Defendant Dimiceli"), by and through her attorneys, the law firm of Dwyer Imanaka Schraff Kudo Meyer & Fujimoto, pursuant to Section 641-1, Haw. Rev. Stat., and Rule 3 of the Haw. R. App. P., and Forgay v. Conrad, 47 U.S. (6 How.) 201 (1848), Hoge v. Kane, 4 Haw. App. 246, 663 P.2d 645 (1983), and International Savings & Loan Ass'n v. Woods, 69 Haw. 11, 731 P.2d 151 (1987), appeals to the Supreme Court and Intermediate Court of Appeals of the State of Hawaii from

1) the Order (1) Granting Plaintiffs' Motion filed September 29, 1995, for Partial Summary and Default Judgment, Decree of Foreclosure and Order of Sale, and (2) Denying Defendant Dimiceli's Non-Hearing Motion, filed October 16, 1995, to Modify August 26, 1994 Order, filed herein on December 7, 1995;

2) the Judgment, Decree of Foreclosure and Order of Sale, filed herein on December 7, 1995;

3) the Amended Judgment, Decree of Foreclosure and Order of Sale, filed herein on April 17, 1996;

4) the Order Granting Plaintiffs' Motion for Confirmation of Commissioner's Foreclosure Sale, Approval and Allowance of Commissioner's Fees and Expenses, and Authorization and Direction of Conveyance of Sold Property, filed herein on June 27, 1996;

5) the Judgment Confirming Commissioner's Foreclosure Sale, Approving and Allowing Commissioner's Fees and Expenses, and Authorizing and Directing Conveyance of Sold Property, filed herein on June 27, 1996;

6) the Order Granting in Part and Denying in Part: (1) Defendant Dimiceli's Motion to Alter or Amend Judgment and for Other Relief, filed April 25, 1996; (2) Defendant Dimiceli's Motion for Relief, filed November 27, 1996; and (3) Plaintiffs' Motion for Entry of Final Deficiency Judgment, filed December 5, 1996 , filed herein on June 26, 1998; and

2

7)  the **Deficiency Judgment**, filed herein on June 26, 1998,

true and correct copies of which are attached hereto as Exhibits "A" through "G."

DATED:  Honolulu, Hawaii, July 23, 1998.

PAUL A. SCHRAFF
Attorney for Defendant
ROSETTA ANN DIMICELI

3

TORKILDSON, KATZ, JOSSEM, FONSECA,
JAFFE, MOORE & HETHERINGTON,
Attorneys at Law

STEVEN B. JACOBSON,   4117-0
Amfac Building, 15th Floor
700 Bishop Street
Honolulu, HI  96813
Telephone:  (808) 521-1051

Attorneys for Plaintiffs

STATE ... ...
FILED

'95 DEC -7 A10 :39

LORNA M.L. CHING
CLERK

IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAII

ALBERT H. MORGAN, JR. and ALICE
H. MORGAN, Trustees of the
Morgan Family Revocable Living
Trust under agreement dated
September 20, 1990 as amended,

   Plaintiffs,

 v.

EDGAR D. KERR, JR., husband of
Gena Kerr, ROSETTA ANN DIMICELI,
unmarried, also known as ROSETTA
SCOTT, ROSETTA COBLE and ROSETTA
EHRHARDT; KAUAI SERVICES, INC.,
a Hawaii corporation; DENNIS S.
NIMKIE, an individual; GRETA L.
NIMKIE, an individual; UNITED
STATES OF AMERICA; PRINCEVILLE
AT HANALEI COMMUNITY ASSOCIATION
(DOE NO. 1); COUNTY OF KAUAI
(DOE NO. 2); and DOES 3-50,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. 93-0199
(Foreclosure)

ORDER (1) GRANTING
PLAINTIFFS' MOTION FILED
SEPTEMBER 29, 1995, FOR
PARTIAL SUMMARY AND DEFAULT
JUDGMENT, DECREE OF
FORECLOSURE AND ORDER OF
SALE, AND (2) DENYING
DEFENDANT DIMICELI'S NON-
HEARING MOTION, FILED
OCTOBER 16, 1995, TO MODIFY
AUGUST 26, 1994 ORDER;
EXHIBIT A

First Motion
Heard:  October 9, 1995
Time:   1:00 p.m.
Judge:  Hon. George M.
        Masuoka

NO TRIAL DATE SET

**EXHIBIT A**

10.15.95

I do hereby certify that this is a full,
true and correct copy of the original
on file in this office.

_Lau Whlehny_

Clerk, Circuit Court, Fifth Circuit

ORDER (1) GRANTING PLAINTIFFS' MOTION FILED
SEPTEMBER 29, 1995, FOR PARTIAL SUMMARY AND DEFAULT JUDGMENT,
DECREE OF FORECLOSURE AND ORDER OF SALE, AND (2) DENYING
DEFENDANT DIMICELI'S NON-HEARING MOTION, FILED
OCTOBER 16, 1995, TO MODIFY AUGUST 26, 1994 ORDER

Plaintiffs' Motion For Partial Summary and Default Judgment, Decree of Foreclosure and Order of Sale, filed in this action on September 29, 1995 ("First Motion"), came on for duly noticed hearing before the Honorable George M. Masuoka, Judge of the above-entitled Court, on October 9, 1995.

Steven B. Jacobson appeared for Plaintiffs Albert H. Morgan, Jr. and Alice H. Morgan, Trustees of the Morgan Family Revocable Living Trust under agreement dated September 20, 1990 as amended ("Plaintiffs"). Paul A. Schraff appeared for Defendant Rosetta Ann Dimiceli ("Dimiceli"). No other appearances were made.

Defendant Dimiceli's Motion To Modify August 26, 1994 Order, filed October 16, 1995 as a non-hearing motion ("Second Motion"), has also come on for consideration by the Honorable George M. Masuoka, Judge of the above-entitled Court.

Upon careful consideration of the moving, responding and supplemental papers, and the oral arguments of counsel as to the First Motion, there being no genuine issues of fact as to the relief sought in the First Motion and Plaintiffs being entitled to such relief as a matter of law, the Court hereby GRANTS the First Motion, DENIES the Second Motion as moot in light of the granting of the First Motion, and FINDS, CONCLUDES, ORDERS, EXPRESSLY DETERMINES and EXPRESSLY DIRECTS as follows:

-2-

## FINDINGS OF FACT

1.   Plaintiffs have and hold, as mortgagees, a first mortgage lien upon the real property commonly known as 5095 Napo'okala Circle, Princeville, Kauai, Hawaii, legally described in Exhibit A hereto ("Property"), under a mortgage recorded in the Bureau of Conveyances of the State of Hawaii ("Bureau of Conveyances") on January 10, 1992, as Document No. 92-003636 ("Mortgage").

2.   At the time the Mortgage was recorded, Defendant Edgar D. Kerr, Jr. ("Kerr") owned and held record title to the Property.  Defendant Kerr executed the Mortgage, as mortgagor, in favor of Plaintiffs.

3.   The Mortgage was recorded to secure the performance of Defendant Kerr's obligations to Plaintiffs under a promissory note from Kerr to Plaintiffs dated December 30, 1991, in the principal amount of $300,000 ("Note").

4.   $291,878.88 of the $300,000.00 loaned by Plaintiffs to Kerr was not paid to him, but rather used for the benefit of the Property.  That amount was used to satisfy previous mortgage loans secured by the Property ($267,770.98), or to pay unpaid real property taxes ($862.00), loan and escrow costs ($20,679.18), and prepaid interest ($2,566.74).  The mortgage loans repaid with Plaintiffs' loan largely replaced earlier loans to which Defendant Dimiceli had agreed and consented, and/or which Dimiceli had helped Kerr to obtain.

-3-

5.    On or about May 9, 1992, Defendants Kerr and Dimiceli entered into a written Agreement of Sale ("Agreement of Sale I") in which Kerr agreed to sell his interests in the Property to Dimiceli.  In Agreement of Sale I, Kerr and Dimiceli expressly recognized the existence and prior recording of Plaintiffs' Mortgage by describing the real property Kerr was agreeing to sell and Dimiceli was agreeing to buy as being "subject to" Plaintiffs' Mortgage, and by expressly agreeing that Dimiceli's rights under Agreement of Sale I were "subject to" Plaintiffs' Mortgage, among other provisions.  Agreement of Sale I was recorded in the Bureau of Conveyances on July 28, 1992 as Document No. 92-121191.  The terms of Agreement of Sale I modified and superseded any differing terms in any prior agreements between Kerr and Dimiceli.

6.    On or about November 2, 1992, Defendants Dimiceli and Kerr entered into a Satisfaction Deed agreement modifying Agreement of Sale I.  In the Satisfaction Deed agreement, Kerr agreed to transfer record title to the Property to Dimiceli, subject to Plaintiffs' Mortgage.  Kerr agreed to do so, even though Dimiceli had not yet paid the principal and other amounts she had agreed to pay to Kerr under Agreement of Sale I, in return for Dimiceli's promise to pay all such amounts to Plaintiffs instead, in partial satisfaction of the obligations to Plaintiffs secured by Plaintiffs' Mortgage.

7.    The Satisfaction Deed agreement was recorded in the Bureau of Conveyances on November 12, 1992 as Document No. 92-

182386.   It transferred record title to the Property to Dimiceli, subject to the Mortgage.   Dimiceli has owned and held record title to the Property since November 12, 1992, subject to the Mortgage.

8.   On or about February 1, 1993, Defendants Dimiceli, Kauai Services, Inc. ("Kauai Services"), Dennis S. Nimkie and Greta L. Nimkie (the latter two, collectively, "Nimkies") entered into an unrecorded Agreement of Sale ("Agreement of Sale II") in which Dimiceli agreed to sell an undivided two-thirds interest in the Property to Kauai Services, and granted Kauai Services an option to purchase the remaining one-third interest, in return for Kauai Services' promise to cause repayment of the $300,000 principal balance of Plaintiffs' Mortgage.   The provisions of Agreement of Sale II included a personal guaranty of Kauai Services' obligations thereunder by the Nimkies.   Nimkies have occupied the Property since February 1993.

9.   On March 15 and 16, 1993, the Administrator of the Small Business Administration ("SBA"), as mortgagee, recorded mortgages against the Property in the Bureau of Conveyances as Document Nos. 95-040787 and 93-041675 ("SBA Mortgages").   The SBA Mortgages had been executed by Dimiceli as mortgagor.

10.   On August 26, 1994, in this action, this Court ordered Dimiceli and the Nimkies to make monthly payments of $2,104.66 to the Clerk of the Court, from and after July 28, 1994, pending further Orders of the Court.   $2,104.66 is the amount of the monthly payments Dimiceli originally agreed to make to Kerr under

Agreement of Sale I, and thereafter agreed to make to Plaintiffs under the Satisfaction Deed agreement.

11.   On November 14, 1994, Defendant Princeville at Hanalei Community Association (Doe No. 1) ("Association") recorded notice of a $654.66 lien against the Property in the Bureau of Conveyances, as Document No. 94-191850, for allegedly unpaid community association dues.

12.   On March 15, 1995, Defendant County of Kauai (Doe No. 2) recorded a $3,883.17 lien against the Property in the Bureau of Conveyances, as Document No. 95-041019, for unpaid real property taxes due and owing for the 1993-1994 and 1994-1995 property tax periods.

13.   On May 24, 1995, Plaintiffs recorded a notice of the pendency of this action in the Bureau of Conveyances as Document No. 95-069240.  No liens or encumbrances, other than those listed in Exhibit A or in the foregoing paragraphs, had been recorded against the Property prior to the recording of the notice of pendency of action.

14.   The obligations owed to Plaintiffs under the Note and Mortgage have been defaulted upon.  Payments due thereunder have not been made, property insurance policies with loss payable clauses payable to Plaintiffs have not been procured, and the Property has become subject to liens because of non-payment of community association dues and property taxes.

15.   Defendant Kerr now owes Plaintiffs the following amounts under the Note and Mortgage, plus attorneys' fees and

-6-

other costs of suit, the amounts of all unpaid community
association dues and property taxes, and interest at a daily rate
of $115.09 ($300,000 x 14% x 1/365 days) from and after July 9,
1995:

| | |
|---|---:|
| Principal | $300,000.00 |
| Interest through July 9, 1993 | 3,835.62 |
| Late Fees | 24,586.85 |
| Interest From July 9, 1993 through July 8, 1995 | 64,390.68 |
| Preliminary Title Report | 553.50 |
| Insurance | 2,776.00 |
| Service Charges | 1,035.00 |
| TOTAL | $397,177.65 |

16.   The obligations Defendant Dimiceli owes Plaintiffs
under the Satisfaction Deed agreement have been defaulted upon,
and had been defaulted upon prior to the entry of this Court's
Order of August 26, 1994, and Dimiceli now owes Plaintiffs the
following amounts thereunder, plus attorneys' fees and costs of
suit, the amounts of all unpaid community association dues and
property taxes, and interest at a daily rate of $66.60 per day
($221,000 x 11% ÷ 365 days) from and after July 28, 1995:

| | |
|---|---:|
| Interest Due Prior to July 28, 1994 | $ 10,569.90 |
| Principal Balance Due July 28, 1994 | 221,000.00 |
| Interest Due July 28, 1994 through July 27, 1995 | 21,046.60 |
| Late Fees | 24,586.85 |
| TOTAL | $277,203.35 |

17.   The obligations of Defendants Dimiceli and Nimkies
under this Court's Order of August 26, 1994, have been defaulted
upon, in that Dimiceli and the Nimkies failed to make the
$2,104.66 monthly payment due September 28, 1994, and have failed
to make all monthly payments due after that date.

-7-

18.   Defendant Kerr's default in responding to Plaintiffs' Complaint was entered on September 30, 1993.  The defaults of Defendant Association and Kauai Services in responding to Plaintiffs' First Amended Complaint were entered on October 13, 1995.  The defaults of the Defendant Nimkies in responding to Plaintiffs' First Amended Complaint were entered on November 16, 1995.

19.   On April 3, 1995, this Court entered its Order Granting Defendant United States of America's Motion For Partial Summary Judgment in this action, establishing various matters.

## CONCLUSIONS OF LAW

1.   Plaintiffs' Mortgage constitutes a valid priority lien on the Property, binding upon and prior to the interests of all of the Defendants herein, save and except liens of Defendant County of Kauai for unpaid real property taxes, and subject only to certain prior reservations, declarations, restrictions, covenants, conditions and rights of entry described in Exhibit A.

2.   Plaintiffs are third-party creditor beneficiaries of Dimiceli's promise, in the Satisfaction Deed agreement, to pay them the amounts she had previously agreed to pay to Kerr in Agreement of Sale I, in order to partially satisfy Kerr's obligations to Plaintiffs, and in return for Kerr's immediate transfer of record title to her.

3.   If Agreement of Sale II is still in effect, Plaintiffs are third-party creditor beneficiaries of Kauai Services' and

-8-

Nimkies' promises, in Agreement of Sale II, to cause the payment of the $300,000 principal amount of the Mortgage.

4.  To the extent the $300,000.00 they loaned to Kerr was used for the benefit of the Property, Plaintiffs are entitled to the imposition of an equitable mortgage or lien upon the Property, effective as of January 10, 1992, securing its repayment and the payment of interest thereon and fees and costs incurred in collection.

5.  The lien of Plaintiffs' Mortgage (or equitable mortgage or lien) secures the performance of all obligations owed to Plaintiffs under the Note and Mortgage (or equitable mortgage or lien), including, but not limited to, those obligations which Defendant Dimiceli promised and agreed to partially satisfy, in the Satisfaction Deed agreement, in return for an immediate transfer of record title to the Property to her.

6.  Given the terms to which Defendant Dimiceli agreed in Agreement of Sale I, the Satisfaction Deed agreement and Agreement of Sale II, Dimiceli cannot prevail on her defense that she and Kerr allegedly entered into an unrecorded DROA Agreement in March 1989, that the terms of the alleged unrecorded agreement prohibited Kerr from further mortgaging the Property without Dimiceli's consent, that Plaintiffs were subject to that provision because they allegedly were aware of Dimiceli's claim to equitable ownership of the Property under the unrecorded DROA Agreement, that Dimiceli did not consent in advance to the

-9-

Mortgage, and that she can avoid the Mortgage for lack of such advance consent.

7.   In any event, Plaintiffs were not on notice of any claim of Dimiceli to equitable ownership of the Property, under an unrecorded 1989 DROA Agreement or otherwise.

8.   The obligations owed to Plaintiffs and secured by the Mortgage (or equitable mortgage or lien) have been defaulted upon.  As a result, Plaintiffs are entitled to foreclose the Mortgage, to have the property sold in the manner provided by law subject only to the prior liens and encumbrances described above in paragraph 1 of these Conclusions, and to obtain monetary judgments against Defendants Kerr and Dimiceli, and perhaps Defendants Kauai Services and Nimkies (if Agreement of Sale II is still in effect), for any deficiencies remaining after the closing of the sale.

9.   Defendant Kerr now owes Plaintiffs the following amounts under the Note and Mortgage, plus attorneys' fees and other costs of suit, the amounts of all unpaid community association dues and property taxes, and interest at a daily rate of $115.09 ($300,000 x 14% x 1/365 days) from and after July 9, 1995:

| | |
|---|---:|
| Principal | $300,000.00 |
| Interest through July 9, 1993 | 3,835.62 |
| Late Fees | 24,586.85 |
| Interest From July 9, 1993 through July 8, 1995 | 64,390.68 |
| Preliminary Title Report | 553.50 |
| Insurance | 2,776.00 |
| Service Charges | 1,035.00 |
| TOTAL | $397,177.65 |

10.   Defendant Dimiceli now owes Plaintiffs the following amounts under the Satisfaction Deed agreement, plus attorneys' fees and costs of suit, the amounts of all unpaid community association dues and property taxes, and interest at a daily rate of $66.60 per day ($221,000 x 11% ÷ 365 days) from and after July 28, 1995:

| | |
|---|---|
| Interest Due Prior to July 28, 1994 | $ 10,569.90 |
| Principal Balance Due July 28, 1994 | 221,000.00 |
| Interest Due July 28, 1994 through July 27, 1995 | 21,046.60 |
| Late Fees | 24,586.85 |
| TOTAL | $277,202.00 |

11.   The amounts deposited by Dimiceli and/or Nimkies with the Clerk of the Court, and now held by the Clerk of the Court, should be paid to the County of Kauai as soon as possible, to be credited against the outstanding real property taxes owed on the Property.

## EXPRESS DETERMINATIONS AND EXPRESS DIRECTIONS

1.   There is no just reason for delay in the entry of a final judgment, including a final decree of foreclosure and a final order of sale, as to all matters resolved (a) in this Order and (b) in this Court's Order filed April 3, 1995, granting Defendant United States of America's Motion For Partial Summary Judgment.

-11-

2.    Final judgment shall therefore be entered as to all such matters pursuant to H.R.C.P. Rule 54(b).

DATED:    Honolulu, Hawaii, _____ DEC - 7 _____, 1995.

(SEAL) _Ilingis M. Kenada_

JUDGE OF THE ABOVE-ENTITLED COURT

APPROVED AS TO FORM:

PAUL A. SCHRAFF
Attorneys for Defendant
Rosetta Ann Dimiceli


JAYSON C. S. PANG
Attorney for Defendant
United States of America


JAY MUROBAYASHI
Attorney for Defendant
County of Kauai


MORGAN v. KERR; CIVIL NO. 93-0199; ORDER (1) GRANTING PLAINTIFFS'
MOTION FILED SEPTEMBER 29, 1995, FOR PARTIAL SUMMARY AND DEFAULT
JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE, AND (2)
DENYING DEFENDANT DIMICELI'S NON-HEARING MOTION, FILED OCTOBER
16, 1995, TO MODIFY AUGUST 26, 1994 ORDER

0140023.WP                          -12-

EXHIBIT "A"
(MORTGAGED PROPERTY)

All of that certain parcel of land situate at Hanalei, Halelea, County of Kauai, State of Hawaii, described as follows:

Lot 22, area 15,458 square feet, more or less, as delineated on the map entitled "PRINCEVILLE AT HANALEI", which said map was filed in the Bureau of Conveyances of the State of Hawaii as File Plan No. 1557.

TOGETHER WITH nonexclusive appurtenant easement for road purposes, over, across, along and upon the roadway lots shown on File Plan Nos. 1179, 1181 and 1557; provided, however, that in the event said lots or any portion thereof is conveyed to the State of Hawaii, County of Kauai or to any other governmental authority, said easement as to the lot or lots so conveyed shall immediately terminate.

TOGETHER ALSO WITH nonexclusive appurtenant easement to use for recreational purposes Lot 27, area 42,221 square feet, as shown on said File Plan No. 1557, subject to and with the benefit of the Declaration of Restrictions, Covenants and Conditions dated May 25, 1978, and recorded in the Bureau of Conveyances of the State of Hawaii in Liber 12921 Page 620 and all rules and regulations now or hereafter made by the Sunset Drive Community Association.

EXHIBIT A

SUBJECT, HOWEVER, to the following:

1.   DECLARATION OF RESTRICTIONS, COVENANTS AND CONDITIONS

     Dated:         March 1, 1971
     Recorded:      March 12, 1971
     Book:          7444
     Page:          93
                    to which reference is hereby made.
                    (as amended)

     DECLARATION OF DECLARANT

     Dated:         May 10, 1985
     Recorded:      May 21, 1985
     Book:          18662
     Page:          485
                    to which reference is hereby made.

     Notice of Transfer and Assignment dated May 1, 1990, recorded
     on August 7, 1990 in the Bureau of Conveyances of the State of
     Hawaii as Document No. 90-120777.

2.   DECLARATION OF RESTRICTIONS, COVENANTS AND CONDITIONS OF
     SUNSET DRIVE SUBDIVISION

     Dated:         May 25, 1978
     Recorded:      May 30, 1978
     Book:          12921
     Page:          620
                    to which reference is hereby made.

3.   RIGHT-OF-ENTRY

     In Favor Of:   CITIZENS UTILITIES COMPANY
     Dated:         July 6, 1979
     Recorded:      August 28, 1979
     Book:          13944
     Page:          390
     Purposes:      Granting a right-of-entry for utilities
                    purposes

4.   Waiver and Release dated March 18, 1990, recorded on May 9,
     1990 in the Bureau of Conveyances of the State of Hawaii in
     Book 23160 Page 690.

TORKILDSON, KATZ, JOSSEM, FONSECA,
JAFFE, MOORE & HETHERINGTON,
Attorneys at Law

STEVEN B. JACOBSON,   4117-0
Amfac Building, 15th Floor
700 Bishop Street
Honolulu, HI  96813
Telephone:  (808) 521-1051

Attorneys for Plaintiffs

S.
STA.     FILE

'95  DEC -7  A10 :41

LORNA H.L. CHING

IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ALBERT H. MORGAN, JR. and ALICE H. MORGAN, Trustees of the Morgan Family Revocable Living Trust under agreement dated September 20, 1990 as amended, <br><br> Plaintiffs, <br><br> v. <br><br> EDGAR D. KERR, JR., husband of Gena Kerr, ROSETTA ANN DIMICELI, unmarried, also known as ROSETTA SCOTT, ROSETTA COBLE and ROSETTA EHRHARDT; KAUAI SERVICES, INC., a Hawaii corporation; DENNIS S. NIMKIE, an individual; GRETA L. NIMKIE, an individual; UNITED STATES OF AMERICA; PRINCEVILLE AT HANALEI COMMUNITY ASSOCIATION (DOE NO. 1); COUNTY OF KAUAI (DOE NO. 2); and DOES 3-50, <br><br> Defendants. | CIVIL NO. 93-0199 (Foreclosure) <br><br> JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE; EXHIBIT A <br><br> Heard:  October 9, 1995 <br> Time:   1:00 p.m. <br> Judge:  Hon. George M. Masuoka <br><br> NO TRIAL DATE SET |

JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE

Pursuant to H.R.C.P. Rules 54(b) and 58, the Order filed in this action on April 3, 1995, and the Order filed concurrently herewith granting Plaintiffs' Motion, Filed September 29, 1995,

## EXHIBIT B

I do hereby certify that this is a full, true and correct copy of the original on file in this office.

Clerk, Circuit Court, Fifth Circuit

For Partial Summary and Default Judgment, Decree of Foreclosure and Order of Sale, IT IS HEREBY DECLARED, DECREED, ORDERED and FINALLY ADJUDGED as follows:

1.    Judgment, a Decree of Foreclosure and an Order of Sale are entered in favor of Plaintiffs and against the other parties, and in favor of Defendant United States of America and against he other parties, to the extent set forth in this Judgment.

2.    Plaintiffs Albert H. Morgan, Jr. and Alice H. Morgan, Trustees of the Morgan Family Revocable Living Trust under agreement dated September 20, 1990 as amended ("Plaintiffs"), have and hold, as mortgagees, a first mortgage lien upon the real property commonly known as 5095 Napo'okala Circle, Princeville, Kauai, Hawaii, legally described in Exhibit A hereto ("Property"), under a mortgage recorded in the Bureau of Conveyances of the State of Hawaii ("Bureau of Conveyances") on January 10, 1992, as Document No. 92-003636 ("Mortgage").

3.    At the time the Mortgage was recorded, Defendant Edgar D. Kerr, Jr. ("Kerr") owned and held record title to the Property.  Defendant Kerr executed the Mortgage, as mortgagor, in favor of Plaintiffs.

4.    The Mortgage was recorded to secure the performance of Defendant Kerr's obligations to Plaintiffs under a promissory note from Kerr to Plaintiffs dated December 30, 1991, in the principal amount of $300,000 ("Note").

5.    $291,878.88 of the $300,000.00 loaned by Plaintiffs to Kerr was not paid to him, but rather used for the benefit of the

-2-

Property.  That amount was used to satisfy previous mortgage loans secured by the Property ($267,770.98), or to pay unpaid real property taxes ($862.00), loan and escrow costs ($20,679.18), and prepaid interest ($2,566.74).  The mortgage loans repaid with Plaintiffs' loan largely replaced earlier loans to which Defendant Rosetta Ann Dimiceli, also known as Rosetta Scott, Rosetta Coble and Rosetta Ehrhardt ("Dimiceli"), had agreed and consented, and/or which Dimiceli had helped Kerr to obtain.

6.    On or about May 9, 1992, Defendants Kerr and Dimiceli entered into a written Agreement of Sale ("Agreement of Sale I") in which Kerr agreed to sell his interests in the Property to Dimiceli.  In Agreement of Sale I, Kerr and Dimiceli expressly recognized the existence and prior recording of Plaintiffs' Mortgage by describing the real property Kerr was agreeing to sell and Dimiceli was agreeing to buy as being "subject to" Plaintiffs' Mortgage, and by expressly agreeing that Dimiceli's rights under Agreement of Sale I were "subject to" Plaintiffs' Mortgage, among other provisions.  Agreement of Sale I was recorded in the Bureau of Conveyances on July 28, 1992 as Document No. 92-121191.  The terms of Agreement of Sale I modified and superseded any differing terms in any prior agreements between Kerr and Dimiceli.

7.    On or about November 2, 1992, Defendants Dimiceli and Kerr entered into a Satisfaction Deed agreement modifying Agreement of Sale I.  In the Satisfaction Deed agreement, Kerr

agreed to transfer record title to the Property to Dimiceli, subject to Plaintiffs' Mortgage. Kerr agreed to do so, even though Dimiceli had not yet paid the principal and other amounts she had agreed to pay to Kerr under Agreement of Sale I, in return for Dimiceli's promise to pay all such amounts to Plaintiffs instead, in partial satisfaction of the obligations to Plaintiffs secured by Plaintiffs' Mortgage.

8.    The Satisfaction Deed agreement was recorded in the Bureau of Conveyances on November 12, 1992 as Document No. 92-182386. It transferred record title to the Property to Dimiceli, subject to the Mortgage. Dimiceli has owned and held record title to the Property since November 12, 1992, subject to the Mortgage.

9.    On or about February 1, 1993, Defendants Dimiceli, Kauai Services, Inc. ("Kauai Services"), Dennis S. Nimkie and Greta L. Nimkie (the latter two, collectively, "Nimkies") entered into an unrecorded Agreement of Sale ("Agreement of Sale II") in which Dimiceli agreed to sell an undivided two-thirds interest in the Property to Kauai Services, and granted Kauai Services an option to purchase the remaining one-third interest, in return for Kauai Services' promise to cause repayment of the $300,000 principal balance of Plaintiffs' Mortgage. The provisions of Agreement of Sale II included a personal guaranty of Kauai Services' obligations thereunder by the Nimkies. Nimkies have occupied the Property since February 1993.

10.  On March 15 and 16, 1993, the Administrator of the Small Business Administration ("SBA"), as mortgagee, recorded mortgages against the Property in the Bureau of Conveyances as Document Nos. 95-040787 and 93-041675 ("SBA Mortgages").  The SBA Mortgages had been executed by Dimiceli as mortgagor.

11.  On August 26, 1994, in this action, this Court ordered Dimiceli and the Nimkies to make monthly payments of $2,104.66 to the Clerk of the Court, from and after July 28, 1994, pending further Orders of the Court.  $2,104.66 is the amount of the monthly payments Dimiceli originally agreed to make to Kerr in Agreement of Sale I, and thereafter agreed to make to Plaintiffs in the Satisfaction Deed agreement.

12.  On November 14, 1994, Defendant Princeville at Hanalei Community Association (Doe No. 1) ("Association") recorded notice of a $654.66 lien against the Property in the Bureau of Conveyances, as Document No. 94-191850, for allegedly unpaid community association dues.

13.  On March 15, 1995, Defendant County of Kauai (Doe No. 2) recorded a $3,883.17 lien against the Property in the Bureau of Conveyances, as Document No. 95-041019, for unpaid real property taxes due and owing for the 1993-1994 and 1994-1995 property tax periods.

14.  On May 24, 1995, Plaintiffs recorded a notice of the pendency of this action in the Bureau of Conveyances as Document No. 95-069240.  No liens or encumbrances, other than those listed in Exhibit A or in the foregoing paragraphs, had been recorded

-5-

against the Property prior to the recording of the notice of pendency of action.

15.   Plaintiffs' Mortgage constitutes a valid priority lien on the Property, binding upon and prior to the interests of all of the Defendants herein, save and except liens of Defendant County of Kauai for unpaid real property taxes, and subject only to certain prior reservations, declarations, restrictions, covenants, conditions and rights of entry described in Exhibit A.

16.   To the extent the $300,000.00 they loaned to Kerr was used for the benefit of the Property, Plaintiffs are entitled to the imposition of an equitable mortgage or lien upon the Property, effective as of January 10, 1992, securing its repayment and the payment of interest thereon and fees and costs incurred in collection.

17.   SBA's Mortgages are valid and constitute enforceable liens in accordance with their terms, senior in priority to the interests of all of the parties to this action except the Plaintiffs, and those interests senior to those of the Plaintiffs.

18.   Plaintiffs are third-party creditor beneficiaries of Dimiceli's promise, in the Satisfaction Deed agreement, to pay them the amounts she had previously agreed to pay to Kerr in Agreement of Sale I, in order to partially satisfy Kerr's obligations to Plaintiffs, and in return for Kerr's immediate transfer of record title to her.

19.  If Agreement of Sale II is still in effect, Plaintiffs are third-party creditor beneficiaries of Kauai Services' and Nimkies' promises, in Agreement of Sale II, to cause the payment of the $300,000 principal amount of the Mortgage.

20.  The lien of Plaintiffs' Mortgage (or equitable mortgage or lien) secures the performance of all obligations owed to Plaintiffs under the Note and Mortgage (or equitable mortgage or lien), including, but not limited to, those obligations which Defendant Dimiceli promised and agreed to partially satisfy, in the Satisfaction Deed agreement, in return for an immediate transfer of record title to the Property to her, and, if Agreement of Sale II is still in effect, those obligations Defendants Kauai Services and Nimkies agreed to satisfy in Agreement of Sale II.

21.  Given the terms to which Defendant Dimiceli agreed in Agreement of Sale I, the Satisfaction Deed agreement and Agreement of Sale II, Dimiceli cannot prevail on her defense that she and Kerr allegedly entered into an unrecorded DROA Agreement in March 1989, that the terms of the alleged unrecorded agreement prohibited Kerr from further mortgaging the Property without Dimiceli's consent, that Plaintiffs were subject to that provision because they allegedly were aware of Dimiceli's claim to equitable ownership of the Property under the unrecorded DROA Agreement, that Dimiceli did not consent in advance to the Mortgage, and that she can avoid the Mortgage for lack of such advance consent.

-7-

22.   In any event, Plaintiffs were not on notice of any claim of Dimiceli to equitable ownership of the Property, under an unrecorded 1989 DROA Agreement or otherwise.

23.   The obligations owed to Plaintiffs under the Note and Mortgage have been defaulted upon.   Payments due thereunder have not been made, property insurance policies with loss payable clauses payable to Plaintiffs have not been procured, and the Property has become subject to liens because of non-payment of community association dues and property taxes.

24.   Defendant Kerr now owes Plaintiffs the following amounts under the Note and Mortgage, plus attorneys' fees and other costs of suit, the amounts of all unpaid community association dues and property taxes, and interest at a daily rate of $115.09 ($300,000 x 14% x 1/365 days) from and after July 9, 1995:

| | |
|---|---|
| Principal | $300,000.00 |
| Interest through July 9, 1993 | 3,835.62 |
| Late Fees | 24,586.85 |
| Interest From July 9, 1993 through July 8, 1995 | 64,390.68 |
| Preliminary Title Report | 553.50 |
| Insurance | 2,776.00 |
| Service Charges | 1,035.00 |
| TOTAL | $397,177.65 |

25.   The obligations Defendant Dimiceli owes Plaintiffs under the Satisfaction Deed agreement have been defaulted upon, and had been defaulted upon prior to the entry of this Court's Order of August 26, 1994, and Dimiceli now owes Plaintiffs the following amounts thereunder, plus attorneys' fees and costs of suit, the amounts of all unpaid community association dues and

-8-

property taxes, and interest at a daily rate of $66.60 per day

($221,000 x 11% ÷ 365 days) from and after July 28, 1995:

| | |
|---|---|
| Interest Due Prior to July 28, 1994 | $ 10,569.90 |
| Principal Balance Due July 28, 1994 | 221,000.00 |
| Interest Due July 28, 1994 through July 27, 1995 | 21,046.60 |
| Late Fees | 24,586.85 |
| TOTAL | $277,203.35 |

26. The obligations of Defendants Dimiceli and Nimkies under this Court's Order of August 26, 1994, have been defaulted upon, in that Dimiceli and the Nimkies failed to make the $2,104.66 monthly payment due September 28, 1994, and have failed to make all monthly payments due after that date.

27. As a result of the above-described defaults, and each of them, Plaintiffs are entitled to foreclose the Mortgage and the Mortgage shall be and hereby is foreclosed. The Property shall be sold at public auction or by private sale, subject only to the subsequent approval of and confirmation by the Court, liens for unpaid real property taxes, the prior reservations, declarations, restrictions, covenants, conditions and rights of entry described in Exhibit A, and SBA's right of redemption under 28 U.S.C. §2410(c).

28. The amounts deposited by Dimiceli and/or Nimkies with the Clerk of the Court, and now held by the Clerk of the Court, shall be paid by the Clerk of the Court to the County of Kauai as soon as possible, to be credited against the outstanding taxes owed on the Property, and the Clerk of the Court is hereby directed to make such payment.

29. _Joseph Kobayashi_, whose address is _P.O. Box 589, Kapaa, HI 96746_ and whose telephone number is _822-9000_, is hereby appointed as Commissioner and as Commissioner shall henceforth hold all equitable and legal title to the Property. The Commissioner is hereby authorized and directed to take possession of the Property, to remove all persons presently occupying the Property, to insure the Property as appropriate, to rent it pending sale if appropriate, and to sell it at a private sale or to the highest bidder at a public sale by auction, without an upset price, subject to any remaining liens for unpaid real property taxes, the prior reservations, declarations, restrictions, covenants, conditions and rights of entry described in Exhibit A, and SBA's right of redemption under 28 U.S.C. §2410(c).

30. Notice of any public sale shall first be given by the Commissioner by publication in a newspaper of general circulation printed and published in the State of Hawaii. Notice of any public sale shall be published once each week for three (3) consecutive weeks, with the sale to take place no sooner than fourteen (14) days after the third date of publication. Such notice shall give the date, time and place of the public sale, shall given an intelligible description of the Property, and shall disclose all of the terms of sale herein mentioned. The Commissioner shall have the authority to continue the public sale from time to time in the Commissioner's discretion. No bond shall be required of the Commissioner. The Commissioner shall be

-10-

awarded reasonable fees and costs as Commissioner to be subsequently determined by the Court. In the event the Commissioner refuses or becomes unable to act as Commissioner, the Court shall appoint another without further notice or hearing.

31. Ten percent (10%) of the successful bid or purchase price for the Property shall be paid at the close of any public auction or upon execution of any contract for a private sale, in cash, certified check or cashier's check, and the balance shall be paid at the time of the closing of the sale. At the Court's discretion, the 10% down payment may be forfeited in full or in part if a purchaser fails to pay the balance of any purchase price at closing. In no event shall a purchaser be liable for damages greater than forfeiture of the 10% down payment. A purchaser shall pay all costs of conveyancing (including any escrow fees), recordation and conveyance taxes. Plaintiffs and/or a nominee of Plaintiffs may bid and/or purchase at any sale, and the ten percent (10%) down payment requirement shall be waived as to Plaintiffs and/or a nominee of Plaintiffs, up to the amount of their secured indebtedness. SBA may bid and/or purchase at any sale without making any down payment. If Plaintiffs and/or a nominee of Plaintiffs is the purchaser, the remaining balance of the purchase price, except the amount necessary to cover the Commissioner's costs and fees, may be paid by way of offset up to the secured amounts owed to Plaintiffs. If SBA is the purchaser, the purchase price, except the amount

necessary to cover the Commissioner's costs and fees and the secured amounts owed to Plaintiffs, may be paid by way of offset up to the secured amounts owed to SBA.

32. The Commissioner shall hold all proceeds of sale to the credit of this case, subject to the direction of the Court. Upon payment according to such direction, the Commissioner shall file a report of the sale and of all of the Commissioner's receipts and expenses. The proceeds of sale shall first be applied to the Commissioner's fees and expenses, which shall be deemed to have had a priority lien on the Property senior to the Mortgage, then to the amounts owed to Plaintiffs, and then (if any remain) to the amounts owed to SBA, with any remaining surplus distributed as the Court may subsequently direct.

33. A further hearing or hearings shall be held herein to consider confirmation of the sale, the amounts to be awarded to the Commissioner, the amounts of fees and costs owed to Plaintiffs, the amounts owed to SBA, and the disposition of sale proceeds.

34. Should the proceeds of sale fail to cover the amounts owed by Kerr and/or Dimiceli to Plaintiffs, Plaintiffs shall be entitled to the entry of a monetary judgment in their favor, and against Kerr and/or Dimiceli, for the deficiency(ies).

35. If Agreement of Sale II is still in effect, and should the proceeds of sale fail to cover the amounts owed by Kauai Services and Nimkies thereunder to Plaintiffs, Plaintiffs shall

-12-

be entitled to the entry of a monetary judgment in their favor, and against Kauai Services and Nimkies, for the deficiency.

36. The Court reserves jurisdiction to determine the amounts of any deficiencies owed, to award any deficiency or other appropriate judgments, to resolve any pending claims not resolved by this Judgment, and to resolve any other questions which may arise in this action.

37. Kerr, Dimiceli, Kauai Services, Nimkies, SBA, and all persons claiming by, through or under them or any of them, except the County of Kauai to the extent of its priority liens and encumbrances, and the holders of the prior reservations, declarations, restrictions, covenants, conditions and rights of entry described in Exhibit A to the extent thereof, are hereby forever barred of and from any and all right, title and interest in the Property or any part thereof, except that SBA retains its rights of redemption under 24 U.S.C. § 2410(c).

38. Any and all other and/or further lienors, encumbrancers or purchasers of the Property, or any part or interest thereof or therein, whose interests arose or arise from recordings after the recording of the Notice of Pendency of Action for this action on

May 24, 1995, are hereby forever barred of and from any and all right, title and interest in the Property or any part thereof.

DATED:    Honolulu, Hawaii, _____ DEC - 7¹ _____, 1995.

(SEAL) _____
JUDGE OF THE ABOVE-ENTITLED COURT

APPROVED AS TO FORM:

_____
PAUL A. SCHRAFF
Attorneys for Defendant
Rosetta Ann Dimiceli


_____
JAYSON C. S. PANG
Attorney for Defendant
United States of America


_____
JAY MUROBAYASHI
Attorney for Defendant
County of Kauai

_____
MORGAN v. KERR; CIVIL NO. 93-0199; JUDGMENT, DECREE OF
FORECLOSURE AND ORDER OF SALE; EXHIBIT A

0140168.WP                     -14-

EXHIBIT "A"
(MORTGAGED PROPERTY)

All of that certain parcel of land situate at Hanalei, Halelea, County of Kauai, State of Hawaii, described as follows:

Lot 22, area 15,458 square feet, more or less, as delineated on the map entitled "PRINCEVILLE AT HANALEI", which said map was filed in the Bureau of Conveyances of the State of Hawaii as File Plan No. 1557.

TOGETHER WITH nonexclusive appurtenant easement for road purposes, over, across, along and upon the roadway lots shown on File Plan Nos. 1179, 1181 and 1557; provided, however, that in the event said lots or any portion thereof is conveyed to the State of Hawaii, County of Kauai or to any other governmental authority, said easement as to the lot or lots so conveyed shall immediately terminate.

TOGETHER ALSO WITH nonexclusive appurtenant easement to use for recreational purposes Lot 27, area 42,221 square feet, as shown on said File Plan No. 1557, subject to and with the benefit of the Declaration of Restrictions, Covenants and Conditions dated May 25, 1978, and recorded in the Bureau of Conveyances of the State of Hawaii in Liber 12921 Page 620 and all rules and regulations now or hereafter made by the Sunset Drive Community Association.

EXHIBIT A

SUBJECT, HOWEVER, to the following:

1.    DECLARATION OF RESTRICTIONS, COVENANTS AND CONDITIONS

      Dated:          March 1, 1971
      Recorded:       March 12, 1971
      Book:           7444
      Page:           93
                      to which reference is hereby made.
                      (as amended)

      DECLARATION OF DECLARANT

      Dated:          May 10, 1985
      Recorded:       May 21, 1985
      Book:           18662
      Page:           485
                      to which reference is hereby made.

      Notice of Transfer and Assignment dated May 1, 1990, recorded
      on August 7, 1990 in the Bureau of Conveyances of the State of
      Hawaii as Document No. 90-120777.

2.    DECLARATION OF RESTRICTIONS, COVENANTS AND CONDITIONS OF
      SUNSET DRIVE SUBDIVISION

      Dated:          May 25, 1978
      Recorded:       May 30, 1978
      Book:           12921
      Page:           620
                      to which reference is hereby made.

3.    RIGHT-OF-ENTRY

      In Favor Of:    CITIZENS UTILITIES COMPANY
      Dated:          July 6, 1979
      Recorded:       August 28, 1979
      Book:           13944
      Page:           390
      Purposes:       Granting a right-of-entry for utilities
                      purposes

4.    Waiver and Release dated March 18, 1990, recorded on May 9,
      1990 in the Bureau of Conveyances of the State of Hawaii in
      Book 23160 Page 690.

5
STATE FILED

'96 APR 17 A8:43

LORY JILL CHING

TORKILDSON, KATZ, JOSSEM, FONSECA,
JAFFE, MOORE & HETHERINGTON,
Attorneys at Law

STEVEN B. JACOBSON,  4117-0
Amfac Building, 15th Floor
700 Bishop Street
Honolulu, HI  96813
Telephone:  (808) 521-1051

Attorneys for Plaintiffs


IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAII

ALBERT H. MORGAN, JR. and ALICE    ) CIVIL NO. 93-0199
H. MORGAN, Trustees of the          ) (Foreclosure)
Morgan Family Revocable Living      )
Trust under agreement dated         ) AMENDED JUDGMENT, DECREE OF
September 20, 1990 as amended,      ) FORECLOSURE AND ORDER OF
                                    ) SALE; EXHIBIT A
          Plaintiffs,               )
                                    ) Heard:  October 9, 1995
     v.                             ) Time:   1:00 p.m.
                                    ) Judge:  Hon. George M.
EDGAR D. KERR, JR., husband of      )         Masuoka
Gena Kerr, ROSETTA ANN DIMICELI,    )
unmarried, also known as ROSETTA    ) NO TRIAL DATE SET
SCOTT, ROSETTA COBLE and ROSETTA    )
EHRHARDT; KAUAI SERVICES, INC.,     )
a Hawaii corporation; DENNIS S.     )
NIMKIE, an individual; GRETA L.     )
NIMKIE, an individual; UNITED       )
STATES OF AMERICA; PRINCEVILLE      )
AT HANALEI COMMUNITY ASSOCIATION    )
(DOE NO. 1); COUNTY OF KAUAI        )
(DOE NO. 2); and DOES 3-50,         )
                                    )
          Defendants.               )
                                    )
                                    )
                                    )

_____

AMENDED JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE

     Pursuant to H.R.C.P. Rules 54(a) and 58 and the Orders filed

in this action on April 3 and December 7, 1995, there being no

just reason for delay in the entry of a final judgment as to all

I do hereby certify that this is a full
true and correct copy of the original
on file in this office.

EXHIBIT C

RECEIVED
4.19.96


Clerk, Circuit Court, Fifth Circuit

matters resolved in said Orders and the Court having so found and having directed the entry of a final judgment in its Order of December 7, 1995 (at 11-12), as well as so finding in this Amended Judgment, Decree of Foreclosure and Order of Sale, IT IS HEREBY DECLARED, DECREED, ORDERED and FINALLY ADJUDGED as follows:

1.    Judgment, a Decree of Foreclosure and an Order of Sale are entered in favor of Plaintiffs and against the other parties, and in favor of Defendant United States of America and against he other parties, to the extent set forth in this Judgment.

2.    Plaintiffs Albert H. Morgan, Jr. and Alice H. Morgan, Trustees of the Morgan Family Revocable Living Trust under agreement dated September 20, 1990 as amended ("Plaintiffs"), have and hold, as mortgagees, a first mortgage lien upon the real property commonly known as 5095 Napo'okala Circle, Princeville, Kauai, Hawaii, legally described in Exhibit A hereto ("Property"), under a mortgage recorded in the Bureau of Conveyances of the State of Hawaii ("Bureau of Conveyances") on January 10, 1992, as Document No. 92-003636 ("Mortgage").

3.    At the time the Mortgage was recorded, Defendant Edgar D. Kerr, Jr. also known as Edgar Kerr ("Kerr") owned and held record title to the Property.  Defendant Kerr executed the Mortgage, as mortgagor, in favor of Plaintiffs.

4.    The Mortgage was recorded to secure the performance of Defendant Kerr's obligations to Plaintiffs under a promissory

note from Kerr to Plaintiffs dated December 30, 1991, in the
principal amount of $300,000 ("Note").

5.   $291,878.88 of the $300,000.00 loaned by Plaintiffs to
Kerr was not paid to him, but rather used for the benefit of the
Property.  That amount was used to satisfy previous mortgage
loans secured by the Property ($267,770.98), or to pay unpaid
real property taxes ($862.00), loan and escrow costs
($20,679.18), and prepaid interest ($2,566.74).  The mortgage
loans repaid with Plaintiffs' loan largely replaced earlier loans
to which Defendant Rosetta Ann Dimiceli, also known as Rosetta
Scott, Rosetta Coble and Rosetta Ehrhardt ("Dimiceli"), had
agreed and consented, and/or which Dimiceli had helped Kerr to
obtain.

6.   On or about May 9, 1992, Defendants Kerr and Dimiceli
entered into a written Agreement of Sale ("Agreement of Sale I")
in which Kerr agreed to sell his interests in the Property to
Dimiceli.  In Agreement of Sale I, Kerr and Dimiceli expressly
recognized the existence and prior recording of Plaintiffs'
Mortgage by describing the real property Kerr was agreeing to
sell and Dimiceli was agreeing to buy as being "subject to"
Plaintiffs' Mortgage, and by expressly agreeing that Dimiceli's
rights under Agreement of Sale I were "subject to" Plaintiffs'
Mortgage, among other provisions.  Agreement of Sale I was
recorded in the Bureau of Conveyances on July 28, 1992 as
Document No. 92-121191.  The terms of Agreement of Sale I

modified and superseded any differing terms in any prior agreements between Kerr and Dimiceli.

7.   On or about November 2, 1992, Defendants Dimiceli and Kerr entered into a Satisfaction Deed agreement modifying Agreement of Sale I.  In the Satisfaction Deed agreement, Kerr agreed to transfer record title to the Property to Dimiceli, subject to Plaintiffs' Mortgage.  Kerr agreed to do so, even though Dimiceli had not yet paid the principal and other amounts she had agreed to pay to Kerr under Agreement of Sale I, in return for Dimiceli's promise to pay all such amounts to Plaintiffs instead, in partial satisfaction of the obligations to Plaintiffs secured by Plaintiffs' Mortgage.

8.   The Satisfaction Deed agreement was recorded in the Bureau of Conveyances on November 12, 1992 as Document No. 92-182386.  It transferred record title to the Property to Dimiceli, subject to the Mortgage.  Dimiceli has owned and held record title to the Property since November 12, 1992, subject to the Mortgage.

9.   On or about February 1, 1993, Defendants Dimiceli, Kauai Services, Inc. ("Kauai Services"), Dennis S. Nimkie and Greta L. Nimkie (the latter two, collectively, "Nimkies") entered into an unrecorded Agreement of Sale ("Agreement of Sale II") in which Dimiceli agreed to sell an undivided two-thirds interest in the Property to Kauai Services, and granted Kauai Services an option to purchase the remaining one-third interest, in return for Kauai Services' promise to cause repayment of the $300,000

principal balance of Plaintiffs' Mortgage. The provisions of Agreement of Sale II included a personal guaranty of Kauai Services' obligations thereunder by the Nimkies. Nimkies have occupied the Property since February 1993.

10. On March 15 and 16, 1993, the Administrator of the Small Business Administration ("SBA"), as mortgagee, recorded mortgages against the Property in the Bureau of Conveyances as Document Nos. 95-040787 and 93-041675 ("SBA Mortgages"). The SBA Mortgages had been executed by Dimiceli as mortgagor.

11. On August 26, 1994, in this action, this Court ordered Dimiceli and the Nimkies to make monthly payments of $2,104.66 to the Clerk of the Court, from and after July 28, 1994, pending further Orders of the Court. $2,104.66 is the amount of the monthly payments Dimiceli originally agreed to make to Kerr in Agreement of Sale I, and thereafter agreed to make to Plaintiffs in the Satisfaction Deed agreement.

12. On November 14, 1994, Defendant Princeville at Hanalei Community Association (Doe No. 1) ("Association") recorded notice of a $654.66 lien against the Property in the Bureau of Conveyances, as Document No. 94-191850, for allegedly unpaid community association dues.

13. On March 15, 1995, Defendant County of Kauai (Doe No. 2) recorded a $3,883.17 lien against the Property in the Bureau of Conveyances, as Document No. 95-041019, for unpaid real property taxes due and owing for the 1993-1994 and 1994-1995 property tax periods.

14. On May 24, 1995, Plaintiffs recorded a notice of the pendency of this action in the Bureau of Conveyances as Document No. 95-069240. No liens or encumbrances, other than those listed in Exhibit A or in the foregoing paragraphs, had been recorded against the Property prior to the recording of the notice of pendency of action.

15. Plaintiffs' Mortgage constitutes a valid priority lien on the Property, binding upon and prior to the interests of all of the Defendants herein, save and except liens of Defendant County of Kauai for unpaid real property taxes, and subject only to certain prior reservations, declarations, restrictions, covenants, conditions and rights of entry described in Exhibit A.

16. To the extent the $300,000.00 they loaned to Kerr was used for the benefit of the Property, Plaintiffs are entitled to the imposition of an equitable mortgage or lien upon the Property, effective as of January 10, 1992, securing its repayment and the payment of interest thereon and fees and costs incurred in collection.

17. SBA's Mortgages are valid and constitute enforceable liens in accordance with their terms, senior in priority to the interests of all of the parties to this action except the Plaintiffs, and those interests senior to those of the Plaintiffs.

18. Plaintiffs are third-party creditor beneficiaries of Dimiceli's promise, in the Satisfaction Deed agreement, to pay them the amounts she had previously agreed to pay to Kerr in

Agreement of Sale I, in order to partially satisfy Kerr's obligations to Plaintiffs, and in return for Kerr's immediate transfer of record title to her.

19.   If Agreement of Sale II is still in effect, Plaintiffs are third-party creditor beneficiaries of Kauai Services' and Nimkies' promises, in Agreement of Sale II, to cause the payment of the $300,000 principal amount of the Mortgage.

20.   The lien of Plaintiffs' Mortgage (or equitable mortgage or lien) secures the performance of all obligations owed to Plaintiffs under the Note and Mortgage (or equitable mortgage or lien), including, but not limited to, those obligations which Defendant Dimiceli promised and agreed to partially satisfy, in the Satisfaction Deed agreement, in return for an immediate transfer of record title to the Property to her, and, if Agreement of Sale II is still in effect, those obligations Defendants Kauai Services and Nimkies agreed to satisfy in Agreement of Sale II.

21.   Given the terms to which Defendant Dimiceli agreed in Agreement of Sale I, the Satisfaction Deed agreement and Agreement of Sale II, Dimiceli cannot prevail on her defense that she and Kerr allegedly entered into an unrecorded DROA Agreement in March 1989, that the terms of the alleged unrecorded agreement prohibited Kerr from further mortgaging the Property without Dimiceli's consent, that Plaintiffs were subject to that provision because they allegedly were aware of Dimiceli's claim to equitable ownership of the Property under the unrecorded DROA

Agreement, that Dimiceli did not consent in advance to the
Mortgage, and that she can avoid the Mortgage for lack of such
advance consent.

22.   In any event, Plaintiffs were not on notice of any
claim of Dimiceli to equitable ownership of the Property, under
an unrecorded 1989 DROA Agreement or otherwise.

23.   The obligations owed to Plaintiffs under the Note and
Mortgage have been defaulted upon.  Payments due thereunder have
not been made, property insurance policies with loss payable
clauses payable to Plaintiffs have not been procured, and the
Property has become subject to liens because of non-payment of
community association dues and property taxes.

24.   Defendant Kerr now owes Plaintiffs, and Plaintiffs
shall have and recover from Kerr, the following amounts due under
the Note and Mortgage plus attorneys' fees and other costs of
suit, the amounts of all unpaid community association dues and
property taxes, and interest at a daily rate of $115.09 ($300,000
x 14% x 1/365 days) from and after July 9, 1995:

| | |
|---|---|
| Principal | $300,000.00 |
| Interest through July 9, 1993 | 3,835.62 |
| Late Fees | 24,586.85 |
| Interest From July 9, 1993 through July 8, 1995 | 64,390.68 |
| Preliminary Title Report | 553.50 |
| Insurance | 2,776.00 |
| Service Charges | 1,035.00 |
| TOTAL | $397,177.65 |

25.   The obligations Defendant Dimiceli owes Plaintiffs
under the Satisfaction Deed agreement have been defaulted upon
and had been defaulted upon prior to the entry of this Court's

-8-

Order of August 26, 1994, and Dimiceli now owes Plaintiffs, and Plaintiffs shall have and recover from Dimiceli, the following amounts thereunder plus attorneys' fees and costs of suit, the amounts of all unpaid community association dues and property taxes, and interest at a daily rate of $66.60 per day ($221,000 x 11% ÷ 365 days) from and after July 28, 1995:

| | |
|---|---|
| Interest Due Prior to July 28, 1994 | $ 10,569.90 |
| Principal Balance Due July 28, 1994 | 221,000.00 |
| Interest Due July 28, 1994 through July 27, 1995 | 21,046.60 |
| Late Fees | 24,586.85 |
| TOTAL | $277,203.35 |

26. The obligations of Defendants Dimiceli and Nimkies under this Court's Order of August 26, 1994, have been defaulted upon, in that Dimiceli and the Nimkies failed to make the $2,104.66 monthly payment due September 28, 1994, and have failed to make all monthly payments due after that date.

27. As a result of the above-described defaults, and each of them, Plaintiffs are entitled to foreclose the Mortgage and the Mortgage shall be and hereby is foreclosed. The Property shall be sold at public auction or by private sale, subject only to the subsequent approval of and confirmation by the Court, liens for unpaid real property taxes, the prior reservations, declarations, restrictions, covenants, conditions and rights of entry described in Exhibit A, and SBA's right of redemption under 28 U.S.C. §2410(c).

28. The amounts deposited by Dimiceli and/or Nimkies with the Clerk of the Court, and now held by the Clerk of the Court,

shall be paid by the Clerk of the Court to the County of Kauai as soon as possible, to be credited against the outstanding taxes owed on the Property, and the Clerk of the Court is hereby directed to make such payment.

29.  Joseph Kobayashi, whose address is P.O. Box 589, Kapaa, Hawaii 96746 and whose telephone number is 822-9000 is hereby appointed as Commissioner and as Commissioner shall henceforth hold all equitable and legal title to the Property.  The Commissioner is hereby authorized and directed to take possession of the Property, to remove all persons presently occupying the Property, to insure the Property as appropriate, to rent it pending sale if appropriate, and to sell it at a private sale or to the highest bidder at a public sale by auction, without an upset price, subject to any remaining liens for unpaid real property taxes, the prior reservations, declarations, restrictions, covenants, conditions and rights of entry described in Exhibit A, and SBA's right of redemption under 28 U.S.C. §2410(c).

30.  Notice of any public sale shall first be given by the Commissioner by publication in a newspaper of general circulation printed and published in the State of Hawaii.  Notice of any public sale shall be published once each week for three (3) consecutive weeks, with the sale to take place no sooner than fourteen (14) days after the third date of publication.  Such notice shall give the date, time and place of the public sale, shall given an intelligible description of the Property, and

shall disclose all of the terms of sale herein mentioned.  The
Commissioner shall have the authority to continue the public sale
from time to time in the Commissioner's discretion.  No bond
shall be required of the Commissioner.  The Commissioner shall be
awarded reasonable fees and costs as Commissioner to be
subsequently determined by the Court.  In the event the
Commissioner refuses or becomes unable to act as Commissioner,
the Court shall appoint another without further notice or
hearing.

    31.  Ten percent (10%) of the successful bid or purchase
price for the Property shall be paid at the close of any public
auction or upon execution of any contract for a private sale, in
cash, certified check or cashier's check, and the balance shall
be paid at the time of the closing of the sale.  At the Court's
discretion, the 10% down payment may be forfeited in full or in
part if a purchaser fails to pay the balance of any purchase
price at closing.  In no event shall a purchaser be liable for
damages greater than forfeiture of the 10% down payment.  A
purchaser shall pay all costs of conveyancing (including any
escrow fees), recordation and conveyance taxes.  Plaintiffs
and/or a nominee of Plaintiffs may bid and/or purchase at any
sale, and the ten percent (10%) down payment requirement shall be
waived as to Plaintiffs and/or a nominee of Plaintiffs, up to the
amount of their secured indebtedness.  SBA may bid and/or
purchase at any sale without making any down payment.  If
Plaintiffs and/or a nominee of Plaintiffs is the purchaser, the

-11-

remaining balance of the purchase price, except the amount necessary to cover the Commissioner's costs and fees, may be paid by way of offset up to the secured amounts owed to Plaintiffs. If SBA is the purchaser, the purchase price, except the amount necessary to cover the Commissioner's costs and fees and the secured amounts owed to Plaintiffs, may be paid by way of offset up to the secured amounts owed to SBA.

32.  The Commissioner shall hold all proceeds of sale to the credit of this case, subject to the direction of the Court.  Upon payment according to such direction, the Commissioner shall file a report of the sale and of all of the Commissioner's receipts and expenses.  The proceeds of sale shall first be applied to the Commissioner's fees and expenses, which shall be deemed to have had a priority lien on the Property senior to the Mortgage, then to the amounts owed to Plaintiffs, and then (if any remain) to the amounts owed to SBA, with any remaining surplus distributed as the Court may subsequently direct.

33.  A further hearing or hearings shall be held herein to consider confirmation of the sale, the amounts to be awarded to the Commissioner, the amounts of fees and costs owed to Plaintiffs, the amounts owed to SBA, and the disposition of sale proceeds.

34.  Should the proceeds of sale fail to cover the amounts owed by Kerr and/or Dimiceli to Plaintiffs, and should Plaintiffs not have otherwise recovered said amounts, Plaintiffs shall be

entitled to the entry of a monetary judgment in their favor, and against Kerr and/or Dimiceli, for the deficiency(ies).

35.  If Agreement of Sale II is still in effect, and should the proceeds of sale fail to cover the amounts owed by Kauai Services and Nimkies thereunder to Plaintiffs, and should Plaintiffs not have otherwise recovered said amounts, Plaintiffs shall be entitled to the entry of a monetary judgment in their favor, and against Kauai Services and Nimkies, for the deficiency.

36.  The Court reserves jurisdiction to determine the amounts of any deficiencies owed, to award any deficiency or other appropriate judgments, to resolve any pending claims not resolved by this Judgment, and to resolve any other questions which may arise in this action.

37.  Kerr, Dimiceli, Kauai Services, Nimkies, SBA, and all persons claiming by, through or under them or any of them, except the County of Kauai to the extent of its priority liens and encumbrances, and the holders of the prior reservations, declarations, restrictions, covenants, conditions and rights of entry described in Exhibit A to the extent thereof, are hereby forever barred of and from any and all right, title and interest in the Property or any part thereof, except that SBA retains its rights of redemption under 24 U.S.C. § 2410(c).

38.  Any and all other and/or further lienors, encumbrancers or purchasers of the Property, or any part or interest thereof or therein, whose interests arose or arise from recordings after the

recording of the Notice of Pendency of Action for this action on May 24, 1995, are hereby forever barred of and from any and all right, title and interest in the Property or any part thereof.

39. No provision of this Judgment prohibits Plaintiffs, or shall be deemed as prohibiting Plaintiffs, from executing upon other assets of any of the Defendants against whom or which judgment is hereby entered, in addition to the Property, to collect the judgments hereby entered against them or any of them.

DATED:   Lihue, Hawaii, _____ APR 1 7 1996 _____, ~~1995.~~

(SEAL) _Jorge A. Kerrda_

JUDGE OF THE ABOVE-ENTITLED COURT

APPROVED AS TO FORM:

_____
PAUL A. SCHRAFF
Attorneys for Defendant
Rosetta Ann Dimiceli

_____
JAYSON C. S. PANG
Attorney for Defendant
United States of America

_____
JAY MUROBAYASHI
Attorney for Defendant
County of Kauai

_____
MORGAN v. KERR; CIVIL NO. 93-0199; JUDGMENT, DECREE OF
FORECLOSURE AND ORDER OF SALE; EXHIBIT A

EXHIBIT "A"
(MORTGAGED PROPERTY)

All of that certain parcel of land situate at Hanalei, Halelea, County of Kauai, State of Hawaii, described as follows:

Lot 23, area 15,458 square feet, more or less, as delineated on the map entitled "PRINCEVILLE AT HANALEI", which said map was filed in the Bureau of Conveyances of the State of Hawaii as File Plan No. 1557.

TOGETHER WITH nonexclusive appurtenant easement for road purposes, over, across, along and upon the roadway lots shown on File Plan Nos. 1179, 1181 and 1557; provided, however, that in the event said lots or any portion thereof is conveyed to the State of Hawaii, County of Kauai or to any other governmental authority, said easement as to the lot or lots so conveyed shall immediately terminate.

TOGETHER ALSO WITH nonexclusive appurtenant easement to use for recreational purposes Lot 27, area 42,221 square feet, as shown on said File Plan No. 1557, subject to and with the benefit of the Declaration of Restrictions, Covenants and Conditions dated May 25, 1978, and recorded in the Bureau of Conveyances of the State of Hawaii in Liber 12921 Page 620 and all rules and regulations now or hereafter made by the Sunset Drive Community Association.

EXHIBIT A

SUBJECT, HOWEVER, to the following:

1.  DECLARATION OF RESTRICTIONS, COVENANTS AND CONDITIONS

    Dated:          March 1, 1971
    Recorded:       March 12, 1971
    Book:           7444
    Page:           93
                    to which reference is hereby made.
                    (as amended)

    DECLARATION OF DECLARANT

    Dated:          May 10, 1985
    Recorded:       May 21, 1985
    Book:           18662
    Page:           485
                    to which reference is hereby made.

    Notice of Transfer and Assignment dated May 1, 1990, recorded
    on August 7, 1990 in the Bureau of Conveyances of the State of
    Hawaii as Document No. 90-120777.

2.  DECLARATION OF RESTRICTIONS, COVENANTS AND CONDITIONS OF
    SUNSET DRIVE SUBDIVISION

    Dated:          May 25, 1978
    Recorded:       May 30, 1978
    Book:           12921
    Page:           620
                    to which reference is hereby made.

3.  RIGHT-OF-ENTRY

    In Favor Of:    CITIZENS UTILITIES COMPANY
    Dated:          July 6, 1979
    Recorded:       August 28, 1979
    Book:           13944
    Page:           390
    Purpose:        Granting a right-of-entry for utilities
                    purposes

4.  Waiver and Release dated March 18, 1990, recorded on May 9,
    1990 in the Bureau of Conveyances of the State of Hawaii in
    Book 23160 Page 690.

TORKILDSON, KATZ, FONSECA,
JAFFE, MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

STEVEN B. JACOBSON,    4117-0
Amfac Building, 15th Floor
700 Bishop Street
Honolulu, HI  96813
Telephone:  (808) 523-6000

Attorneys for Plaintiffs

5TH ~~
STATE OF HAWAII
FILED

'96  JUN 27  P1 :08

LORNA M.L. CHING
CLERK

IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ALBERT R. MORGAN, JR. and ALICE H. MORGAN, Trustees of the Morgan Family Revocable Living Trust under agreement dated September 20, 1990 as amended, <br><br> Plaintiffs, <br><br> v. <br><br> EDGAR D. KERR, JR., husband of Gena Kerr; ROSETTA ANN DIMICELI, unmarried, also known as ROSETTA SCOTT, ROSETTA COBLE and ROSETTA EHRHARDT; KAUAI SERVICES, INC., a Hawaii corporation; DENNIS S. NIMKIE, an individual; GRETA L. NIMKIE, an individual; UNITED STATES OF AMERICA; PRINCEVILLE AT HANALEI COMMUNITY ASSOCIATION (DOE NO. 1); COUNTY OF KAUAI (DOE NO. 2); and DOES 3-50, <br><br> Defendants. | CIVIL NO. 93-0199 (Foreclosure) <br><br> ORDER GRANTING PLAINTIFFS' MOTION FOR CONFIRMATION OF COMMISSIONER'S FORECLOSURE SALE, APPROVAL AND ALLOWANCE OF COMMISSIONER'S FEES AND EXPENSES, AND AUTHORIZATION AND DIRECTION OF CONVEYANCE OF SOLD PROPERTY; EXHIBIT A <br><br> Heard:  May 2, 1996 <br> Time:   1:00 p.m. <br> Judge:  Hon. George M. Masuoka <br><br> NO TRIAL DATE SET |

I do hereby certify that this is a full true and correct copy of the original on file in this office

Clerk, Circuit Court, Fifth Circuit

EXHIBIT D

ORDER GRANTING PLAINTIFFS' MOTION FOR CONFIRMATION
OF COMMISSIONER'S FORECLOSURE SALE, APPROVAL AND ALLOWANCE
OF COMMISSIONER'S FEES AND EXPENSES, AND AUTHORIZATION
AND DIRECTION OF CONVEYANCE OF SOLD PROPERTY

Plaintiffs' Motion For Confirmation of Commissioner's
Foreclosure Sale, Approval and Allowance of Commissioner's Fees
and Expenses and Authorization and Direction of Conveyance of
Sold Property, as well as for other relief, filed April 25, 1996,
came on for duly noticed hearing before the Honorable George M.
Masuoka, Judge of the above-entitled Court, on May 2, 1996.

Commissioner Joseph Kobayashi appeared on his own behalf.
Steven B. Jacobson appeared for Plaintiffs. Paul A. Schraff
appeared for Defendant Rosetta Ann Dimiceli. No other
appearances were made.

The Court having carefully considered the Commissioner's
Report, the moving and opposing papers and the oral statements
and/or arguments of the Commissioner and counsel, no other
persons having made bids at the public auction or at the hearing,
and the Court having found the ultimate sale price as increased
at the hearing to be fair and reasonable,

IT IS HEREBY ORDERED as follows:

1.   Plaintiffs' motion filed April 25, 1996, is granted.

2.   The Commissioner's sale of the real property legally
described in Exhibit A hereto, commonly known as 5095 Napo'okala
Circle, Princeville, Hawaii ("Property"), to Plaintiffs Albert R.
Morgan, Jr. and Alice H. Morgan, Trustees of the Morgan Family
Revocable Living Trust under agreement dated September 20, 1990,

-2-

as amended ("Plaintiffs"), for a purchase price of Two Hundred Seventy-Five Thousand Dollars ($275,000.00), is approved and confirmed.

3.    Commissioner Kobayashi's request for fees of $4,800.00 and costs of $2,001.03 is allowed and approved.

4.    Plaintiffs shall pay the purchase price for the Property in the form of a credit against the secured amounts owed to Plaintiffs, as determined in the Court's Judgment filed in this action on December 7, 1995 and the Court's Amended Judgment filed in this action on April 17, 1996, except that the amounts necessary to cover the Commissioner's fees and expenses shall be paid in cash (including any amounts needed to cover unpaid real property taxes and homeowners' association dues prorated through the date the sale closes, or to cover any additional expenses incurred by the Commissioner subsequent to the filing of the Commissioner's Report, less any additional rents received by the Commissioner prorated through the date the sale closes). Plaintiffs shall receive a credit against the purchase price for all amounts they advance or reimburse or have advanced or reimbursed to the Commissioner to cover his expenses, including, but not limited to, the $370.00 expense reimbursement described in the Commissioner's Report filed February 12, 1996.

5.    The Commissioner is authorized and directed to execute and deliver a Commissioner's Deed conveying the Property to Plaintiffs, free and clear of all liens and encumbrances except those described in Exhibit A and the SBA's right of redemption

under 28 U.S.C. § 2410(c), upon the filing of this Order and the Judgment filed concurrently herewith and receipt of the amounts to be paid to the Commissioner in cash.

6.    There is no just reason for delay in the entry of a final judgment as to all of the foregoing matters, and entry of a final judgment thereon is hereby directed.

7.    The Court reserves jurisdiction to determine the amounts of the deficiencies which will be owed by Defendants Kerr, Dimiceli, Kauai Services, Inc., Dennis S. Nimkie and Greta L. Nimkie after the sale has closed and the amount of the above-described credit has been established, to modify the Amended Judgment or enter deficiency judgments in light thereof, to award any other appropriate deficiency or other judgments, and to resolve any other claims or issues which are pending or which may subsequently arise.

DATED:  Lihue, Hawaii, _____JUN 27_____, 1996.

(SEAL)  _Surge A. Kurota_

_____
JUDGE OF THE ABOVE-ENTITLED COURT

MORGAN v. KERR; CIVIL NO. 93-0199; ORDER GRANTING PLAINTIFFS' MOTION FOR CONFIRMATION OF COMMISSIONER'S FORECLOSURE SALE, APPROVAL AND ALLOWANCE OF COMMISSIONER'S FEES AND EXPENSES, AND AUTHORIZATION AND DIRECTION OF CONVEYANCE OF SOLD PROPERTY; EXHIBIT A

APPROVED AS TO FORM:

JOSEPH KOBAYASHI
Commissioner

PAUL A. SCHRAFF
Attorney for Defendant
Rosetta Ann Dimiceli

MORGAN v. KERR; CIVIL NO. 93-0199; ORDER GRANTING PLAINTIFFS'
MOTION FOR CONFIRMATION OF COMMISSIONER'S FORECLOSURE SALE,
APPROVAL AND ALLOWANCE OF COMMISSIONER'S FEES AND EXPENSES, AND
AUTHORIZATION AND DIRECTION OF CONVEYANCE OF SOLD PROPERTY;
EXHIBIT A

EXHIBIT "A"
(MORTGAGED PROPERTY)


All of that certain parcel of land situate at Hanalei,
Halelea, County of Kauai, State of Hawaii, described as follows:

Lot 23, area 15,458 square feet, more or less, as delineated
on the map entitled "PRINCEVILLE AT HANALEI", which said map was filed
in the Bureau of Conveyances of the State of Hawaii as File Plan No.
1557.


TOGETHER WITH nonexclusive appurtenant easement for road
purposes, over, across, along and upon the roadway lots shown on File
Plan Nos. 1179, 1181 and 1557; provided, however, that in the event
said lots or any portion thereof is conveyed to the State of Hawaii,
County of Kauai or to any other governmental authority, said easement
as to the lot or lots so conveyed shall immediately terminate.

TOGETHER ALSO WITH nonexclusive appurtenant easement to use
for recreational purposes Lot 27, area 43,221 square feet, as shown on
said File Plan No. 1557, subject to and with the benefit of the
Declaration of Restrictions, Covenants and Conditions dated May 25,
1978, and recorded in the Bureau of Conveyances of the State of Hawaii
in Liber 12981 Page 620 and all rules and regulations now or hereafter
made by the Sunset Drive Community Association.

SUBJECT, HOWEVER, to the following:

1.    DECLARATION OF RESTRICTIONS, COVENANTS AND CONDITIONS

Dated:          March 1, 1971
Recorded:       March 12, 1971
Book:           7444
Page:           93
                to which reference is hereby made.
                (as amended)

DECLARATION OF DECLARANT

Dated:          May 10, 1985
Recorded:       May 21, 1985
Book:           18662
Page:           485
                to which reference is hereby made.

Notice of Transfer and Assignment dated May 1, 1990, recorded on August 7, 1990 in the Bureau of Conveyances of the State of Hawaii as Document No. 90-120777.

2.    DECLARATION OF RESTRICTIONS, COVENANTS AND CONDITIONS OF SUNSET DRIVE SUBDIVISION

Dated:          May 25, 1978
Recorded:       May 30, 1978
Book:           12921
Page:           620
                to which reference is hereby made.

3.    RIGHT-OF-ENTRY

In Favor Of:    CITIZENS UTILITIES COMPANY
Dated:          July 6, 1979
Recorded:       August 28, 1979
Book:           13944
Page:           390
Purposes:       Granting a right-of-entry for utilities
                purposes

4.    Waiver and Release dated March 18, 1990, recorded on May 9, 1990 in the Bureau of Conveyances of the State of Hawaii in Book 23160 Page 690.

**EXHIBIT E**

TORKILDSON, KATZ, FONSECA,
JAFFE, MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

STEVEN B. JACOBSON,   4117-0
Amfac Building, 15th Floor
700 Bishop Street
Honolulu, HI  96813
Telephone:  (808) 523-6000

Attorneys for Plaintiffs

5TH ...
STATE OF HAWAII
FILED

'96  JUN 27  P 1:10

LORNA M.L. CHING
CLERK

IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ALBERT R. MORGAN, JR. and ALICE H. MORGAN, Trustees of the Morgan Family Revocable Living Trust under agreement dated September 20, 1990 as amended,<br><br>        Plaintiffs,<br><br>    v.<br><br>EDGAR D. KERR, JR., husband of Gena Kerr; ROSETTA ANN DIMICELI, unmarried, also known as ROSETTA SCOTT, ROSETTA COBLE and ROSETTA EHRHARDT; KAUAI SERVICES, INC., a Hawaii corporation; DENNIS S. NIMKIE, an individual; GRETA L. NIMKIE, an individual; UNITED STATES OF AMERICA; PRINCEVILLE AT HANALEI COMMUNITY ASSOCIATION (DOE NO. 1); COUNTY OF KAUAI (DOE NO. 2); and DOES 3-50,<br><br>        Defendants. | CIVIL NO. 93-0199<br>(Foreclosure)<br><br>JUDGMENT CONFIRMING COMMISSIONER'S FORECLOSURE SALE, APPROVING AND ALLOWING COMMISSIONER'S FEES AND EXPENSES, AND AUTHORIZING AND DIRECTING CONVEYANCE OF SOLD PROPERTY; EXHIBIT A<br><br>Heard:  May 2, 1996<br>Time:   1:00 p.m.<br>Judge:  Hon. George M. Masuoka<br><br>NO TRIAL DATE SET |

EXHIBIT E

I do hereby certify that this is a full, true and correct copy of the original on file in this office

Clerk Circuit Court, Fifth Circuit

JUDGMENT CONFIRMING COMMISSIONER'S FORECLOSURE SALE,
APPROVING AND ALLOWING COMMISSIONER'S FEES AND EXPENSES,
AND AUTHORIZING AND DIRECTING CONVEYANCE OF SOLD PROPERTY

Pursuant to the Court's Order Granting Plaintiffs' Motion For Confirmation of Commissioner's Foreclosure Sale, Approval and Allowance of Commissioner's Fees and Expenses, and Authorization and Direction of Conveyance of Sold Property,

IT IS HEREBY DETERMINED, ORDERED, ADJUDGED AND DECREED as follows:

1.    The sale by Commissioner Joseph Kobayashi of the real property legally described in Exhibit A hereto, commonly known as 5095 Napo'okala Circle, Princeville, Hawaii ("Property"), to Plaintiffs Albert R. Morgan, Jr. and Alice H. Morgan, Trustees of the Morgan Family Revocable Living Trust under agreement dated September 20, 1990, as amended ("Plaintiffs"), for a purchase price of Two Hundred Seventy-Five Thousand Dollars ($275,000.00), is approved and confirmed.

2.    Commissioner Kobayashi's request for fees of $4,800.00 and costs of $2,001.03 is allowed and approved.

3.    Plaintiffs shall pay the purchase price for the Property in the form of a credit against the secured amounts owed to Plaintiffs, as determined in the Court's Judgment filed in this action on December 7, 1995 and the Court's Amended Judgment filed in this action on April 17, 1996, except that the amounts necessary to cover the Commissioner's fees and expenses shall be paid in cash (including any amounts needed to cover unpaid real property taxes and homeowners' association dues prorated through

-2-

the date the sale closes, or to cover any additional expenses incurred by the Commissioner subsequent to the filing of the Commissioner's Report, less any additional rents received by the Commissioner prorated through the date the sale closes). Plaintiffs shall receive a credit against the purchase price for all amounts they advance or reimburse or have advanced or reimbursed to the Commissioner to cover his expenses, including, but not limited to, the $370.00 expense reimbursement described in the Commissioner's Report filed February 12, 1996.

4.   The Commissioner is authorized and directed to execute and deliver a Commissioner's Deed conveying the Property to Plaintiffs, free and clear of all liens and encumbrances except those described in Exhibit A and the SBA's right of redemption under 28 U.S.C. § 2410(c), upon the filing of this Judgment and the Order filed concurrently herewith and receipt of the amounts to be paid to the Commissioner in cash.

5.    There is no just reason for delay in the entry of a final judgment as to all of the foregoing matters, and entry of a final judgment thereon is hereby directed.

DATED:  Lihue, Hawaii, _____ JUN 27 _____, 1996.

(SEAL) *[signature]*

JUDGE OF THE ABOVE-ENTITLED COURT

APPROVED AS TO FORM:

*[signature]*

JOSEPH KOBAYASHI
Commissioner

*[signature]*

PAUL A. SCHRAFF
Attorney for Defendant
Rosetta Ann Dimiceli

MORGAN v. KERR; CIVIL NO. 93-0199; JUDGMENT CONFIRMING
COMMISSIONER'S FORECLOSURE SALE, APPROVING AND ALLOWING
COMMISSIONER'S FEES AND EXPENSES, AND AUTHORIZING AND DIRECTING
CONVEYANCE OF SOLD PROPERTY; EXHIBIT A

EXHIBIT "A"
(MORTGAGED PROPERTY)

All of that certain parcel of land situate at Hanalei,
Halelea, County of Kauai, State of Hawaii, described as follows:

Lot 33, area 15,458 square feet, more or less, as delineated
on the map entitled "PRINCEVILLE AT HANALEI", which said map was filed
in the Bureau of Conveyances of the State of Hawaii as File Plan No.
1557.

TOGETHER WITH nonexclusive appurtenant easement for road
purposes, over, across, along and upon the roadway lots shown on File
Plan Nos. 1179, 1181 and 1557; provided, however, that in the event
said lots or any portion thereof is conveyed to the State of Hawaii,
County of Kauai or to any other governmental authority, said easement
as to the lot or lots so conveyed shall immediately terminate.

TOGETHER ALSO WITH nonexclusive appurtenant easement to use
for recreational purposes Lot 17, area 42,221 square feet, as shown on
said File Plan No. 1557, subject to and with the benefit of the
Declaration of Restrictions, Covenants and Conditions dated May 25,
1978, and recorded in the Bureau of Conveyances of the State of Hawaii
in Liber 12921 Page 620 and all rules and regulations now or hereafter
made by the Sunset Drive Community Association.

SUBJECT, HOWEVER, to the following:

1.  DECLARATION OF RESTRICTIONS, COVENANTS AND CONDITIONS

    Dated:          March 1, 1971
    Recorded:       March 12, 1971
    Book:           7444
    Page:           93
                    to which reference is hereby made.
                    (as amended)

    DECLARATION OF DECLARANT

    Dated:          May 10, 1985
    Recorded:       May 21, 1985
    Book:           18662
    Page:           485
                    to which reference is hereby made.

    Notice of Transfer and Assignment dated May 1, 1990, recorded
    on August 7, 1990 in the Bureau of Conveyances of the State of
    Hawaii as Document No. 90-120777.

2.  DECLARATION OF RESTRICTIONS, COVENANTS AND CONDITIONS OF
    SUNSET DRIVE SUBDIVISION

    Dated:          May 25, 1978
    Recorded:       May 30, 1978
    Book:           12921
    Page:           620
                    to which reference is hereby made.

3.  RIGHT-OF-ENTRY

    In Favor Of:    CITIZENS UTILITIES COMPANY
    Dated:          July 6, 1979
    Recorded:       August 28, 1979
    Book:           13944
    Page:           390
    Purpose:        Granting a right-of-entry for utilities
                    purposes

4.  Waiver and Release dated March 18, 1990, recorded on May 9,
    1990 in the Bureau of Conveyances of the State of Hawaii in
    Book 23160 Page 690.

IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ALBERT R. MORGAN, JR. and ALICE H. MORGAN, Trustees of Morgan Family Revocable Living Trust under Agreement dated September 20, 1990, as amended, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) ) |
| vs. | ) ) ) |
| EDGAR D. KERR, JR., husband of Gena Kerr; ROSETTA ANN DIMICELI, unmarried, aka ROSETTA SCOTT, ROSETTA COBLE and ROSETTA EHRHARDT; KAUAI SERVICES, INC., a Hawaii corporation; DENNIS L. NIMKIE, an individual; GRETA L. NIMKIE, an individual; UNITED STATES OF AMERICA; PRINCEVILLE AT HANALEI COMMUNITY ASSOCIATION (Doe No. 1); COUNTY OF KAUAI (Doe No. 2); and DOES 3-50, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) ) |

CIVIL NO. 93-0199
(Foreclosure)

CERTIFICATE OF SERVICE

0084737.01

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of **Defendant Rosetta Ann Dimiceli's Notice of Appeal; Exhibits "A" through "E"; Certificate of Service** was duly served by depositing same in the United States Mail, postage paid, upon the following on July 25, 1996:

STEVEN B. JACOBSON, ESQ.
Torkildson Katz Fonseca
 Jaffe Moore & Hetherington
Amfac Building, 15th Floor
700 Bishop Street
Honolulu, Hawaii 96813-4187
**Attorney for Plaintiffs**

JAYSON C.S. PANG, ESQ.
Attorney Advisor
Room 2314, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
         Attorney for Defendant
              UNITED STATES OF AMERICA

KAUAI SERVICES, INC.
DENNIS S. NIMKIE
GRETA L. NIMKIE
5095 Napookala Circle
P.O. Box 3250
Princeville, Kauai, Hawaii 96722
         Defendants

PRINCEVILLE AT HANALEI COMMUNITY ASSOCIATION
Ruth Mueller, General Manager
P.O. Box 3277
Princeville, Kauai, Hawaii 96722
         Defendant

JAY MUROBAYASHI, ESQ.
Office of the County Attorney
4396 Rice Street, Suite 202
Lihue, Kauai, Hawaii 96766
         Attorney for Defendant
              COUNTY OF KAUAI

JOSEPH N. KOBAYASHI, ESQ.
Attorney at Law
P.O. Box 589
Kapaa, Kauai, Hawaii 96746
         Commissioner

DATED:  Honolulu, Hawaii, July 25, 1996.


                              PAULA. SCHRAFF
                              TROY T. FUKUHARA
                              Attorneys for Defendant
                              ROSETTA ANN DIMICELI

0084737.01

TORKILDSON, KATZ, FONSECA,
JAFFE, MOORE & HETHERINGTON,
Attorneys at Law, A Law Corporation

STEVEN B. JACOBSON,   4117-0
Amfac Building, 15th Floor
700 Bishop Street
Honolulu, HI   96813
Telephone:   (808) 523-6000

Attorneys for Plaintiffs

5TH ... ....
STATE OF HAWAII
FILED

'96  JUN 27  P1:10

LORNA M.L. CHING
CLERK

IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAII

ALBERT R. MORGAN, JR. and ALICE
H. MORGAN, Trustees of the
Morgan Family Revocable Living
Trust under agreement dated
September 20, 1990 as amended,

          Plaintiffs,

          v.

EDGAR D. KERR, JR., husband of
Gena Kerr; ROSETTA ANN DIMICELI,
unmarried, also known as ROSETTA
SCOTT, ROSETTA COBLE and ROSETTA
EHRHARDT; KAUAI SERVICES, INC.,
a Hawaii corporation; DENNIS S.
NIMKIE, an individual; GRETA L.
NIMKIE, an individual; UNITED
STATES OF AMERICA; PRINCEVILLE
AT HANALEI COMMUNITY ASSOCIATION
(DOE NO. 1); COUNTY OF KAUAI
(DOE NO. 2); and DOES 3-50,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. 93-0199
(Foreclosure)

JUDGMENT CONFIRMING
COMMISSIONER'S FORECLOSURE
SALE, APPROVING AND
ALLOWING COMMISSIONER'S
FEES AND EXPENSES, AND
AUTHORIZING AND DIRECTING
CONVEYANCE OF SOLD
PROPERTY; EXHIBIT A

Heard:  May 2, 1996
Time:   1:00 p.m.
Judge:  Hon. George M.
        Masuoka

NO TRIAL DATE SET

I do hereby certify that this is a full,
true and correct copy of the original
on file in this office

Clerk, Circuit Court, Fifth Circuit

EXHIBIT E

JUDGMENT CONFIRMING COMMISSIONER'S FORECLOSURE SALE,
APPROVING AND ALLOWING COMMISSIONER'S FEES AND EXPENSES,
AND AUTHORIZING AND DIRECTING CONVEYANCE OF SOLD PROPERTY

Pursuant to the Court's Order Granting Plaintiffs' Motion For Confirmation of Commissioner's Foreclosure Sale, Approval and Allowance of Commissioner's Fees and Expenses, and Authorization and Direction of Conveyance of Sold Property,

IT IS HEREBY DETERMINED, ORDERED, ADJUDGED AND DECREED as follows:

1.    The sale by Commissioner Joseph Kobayashi of the real property legally described in Exhibit A hereto, commonly known as 5095 Napo'okala Circle, Princeville, Hawaii ("Property"), to Plaintiffs Albert R. Morgan, Jr. and Alice H. Morgan, Trustees of the Morgan Family Revocable Living Trust under agreement dated September 20, 1990, as amended ("Plaintiffs"), for a purchase price of Two Hundred Seventy-Five Thousand Dollars ($275,000.00), is approved and confirmed.

2.    Commissioner Kobayashi's request for fees of $4,800.00 and costs of $2,001.03 is allowed and approved.

3.    Plaintiffs shall pay the purchase price for the Property in the form of a credit against the secured amounts owed to Plaintiffs, as determined in the Court's Judgment filed in this action on December 7, 1995 and the Court's Amended Judgment filed in this action on April 17, 1996, except that the amounts necessary to cover the Commissioner's fees and expenses shall be paid in cash (including any amounts needed to cover unpaid real property taxes and homeowners' association dues prorated through

-2-

the date the sale closes, or to cover any additional expenses incurred by the Commissioner subsequent to the filing of the Commissioner's Report, less any additional rents received by the Commissioner prorated through the date the sale closes). Plaintiffs shall receive a credit against the purchase price for all amounts they advance or reimburse or have advanced or reimbursed to the Commissioner to cover his expenses, including, but not limited to, the $370.00 expense reimbursement described in the Commissioner's Report filed February 12, 1996.

4.    The Commissioner is authorized and directed to execute and deliver a Commissioner's Deed conveying the Property to Plaintiffs, free and clear of all liens and encumbrances except those described in Exhibit A and the SBA's right of redemption under 28 U.S.C. § 2410(c), upon the filing of this Judgment and the Order filed concurrently herewith and receipt of the amounts to be paid to the Commissioner in cash.

5.    There is no just reason for delay in the entry of a final judgment as to all of the foregoing matters, and entry of a final judgment thereon is hereby directed.

DATED:  Lihue, Hawaii, _____JUN 27_____, 1996.

(SEAL) _~signature~_
_____
JUDGE OF THE ABOVE-ENTITLED COURT

APPROVED AS TO FORM:

_~signature~_
_____
JOSEPH KOBAYASHI
Commissioner

_~signature~_
_____
PAUL A. SCHRAFF
Attorney for Defendant
Rosetta Ann Dimiceli

MORGAN v. KERR; CIVIL NO. 93-0199; JUDGMENT CONFIRMING
COMMISSIONER'S FORECLOSURE SALE, APPROVING AND ALLOWING
COMMISSIONER'S FEES AND EXPENSES, AND AUTHORIZING AND DIRECTING
CONVEYANCE OF SOLD PROPERTY; EXHIBIT A

0154491.WP                          -4-

EXHIBIT "A"
(MORTGAGED PROPERTY)

All of that certain parcel of land situate at Hanalei, Halelea, County of Kauai, State of Hawaii, described as follows:

Lot 33, area 15,458 square feet, more or less, as delineated on the map entitled "PRINCEVILLE AT HANALEI", which said map was filed in the Bureau of Conveyances of the State of Hawaii as File Plan No. 1557.

TOGETHER WITH nonexclusive appurtenant easement for road purposes, over, across, along and upon the roadway lots shown on File Plan Nos. 1179, 1181 and 1557; provided, however, that in the event said lots or any portion thereof is conveyed to the State of Hawaii, County of Kauai or to any other governmental authority, said easement as to the lot or lots so conveyed shall immediately terminate.

TOGETHER ALSO WITH nonexclusive appurtenant easement to use for recreational purposes Lot 27, area 42,321 square feet, as shown on said File Plan No. 1557, subject to and with the benefit of the Declaration of Restrictions, Covenants and Conditions dated May 25, 1978, and recorded in the Bureau of Conveyances of the State of Hawaii in Liber 12921 Page 620 and all rules and regulations now or hereafter made by the Sunset Drive Community Association.

SUBJECT, HOWEVER, to the following:

1.    DECLARATION OF RESTRICTIONS, COVENANTS AND CONDITIONS

       Dated:         March 1, 1971
       Recorded:    March 13, 1971
       Book:         7444
       Page:         93
                     to which reference is hereby made.
                     (as amended)

     DECLARATION OF DECLARANT

       Dated:         May 10, 1985
       Recorded:    May 21, 1985
       Book:         18662
       Page:         485
                     to which reference is hereby made.

    Notice of Transfer and Assignment dated May 1, 1990, recorded
    on August 7, 1990 in the Bureau of Conveyances of the State of
    Hawaii as Document No. 90-120777.

2.    DECLARATION OF RESTRICTIONS, COVENANTS AND CONDITIONS OF
    SUNSET DRIVE SUBDIVISION

       Dated:         May 25, 1978
       Recorded:    May 30, 1978
       Book:         12921
       Page:         620
                     to which reference is hereby made.

3.    RIGHT-OF-ENTRY

       In Favor Of:   CITIZENS UTILITIES COMPANY
       Dated:         July 6, 1979
       Recorded:    August 28, 1979
       Book:         13944
       Page:         390
       Purpose:      Granting a right-of-entry for utilities
                     purposes

4.    Waiver and Release dated March 18, 1990, recorded on May 9,
    1990 in the Bureau of Conveyances of the State of Hawaii in
    Book 23160 Page 690.

5:.
SI.      :Al!

'9ε  JUN 26  P2:34

*Lorna D. L. Ching*
LORNA M.L. CHING

IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAII

ALBERT R. MORGAN, JR. and        )    CIVIL NO. 93-0199
ALICE H. MORGAN, Trustees of     )    (Foreclosure)
Morgan Family Revocable Living   )
Trust under Agreement dated      )    ORDER GRANTING IN PART
September 20, 1990, as amended,  )    AND DENYING IN PART:
                                 )    (1) DEFENDANT DIMICELI'S
        Plaintiffs,              )    MOTION TO ALTER OR AMEND
                                 )    JUDGMENT AND FOR OTHER
    vs.                          )    RELIEF, FILED APRIL 25,
                                 )    1996; (2) DEFENDANT
EDGAR D. KERR, JR., husband of   )    DIMICELI'S MOTION FOR
Gena Kerr; ROSETTA ANN DIMICELI, )    RELIEF, FILED NOVEMBER
unmarried, aka ROSETTA SCOTT,    )    27, 1996; AND (3)
ROSETTA COBLE and ROSETTA EHRHARDT )  PLAINTIFFS' MOTION FOR
KAUAI SERVICES, INC., a Hawaii   )    ENTRY OF FINAL DEFICIENCY
corporation; DENNIS L. NIMKIE, an )   JUDGMENT, FILED DECEMBER
individual; GRETA L. NIMKIE, an  )    5, 1996
individual; UNITED STATES OF     )
AMERICA; PRINCEVILLE AT HANALEI  )
COMMUNITY ASSOCIATION (Doe No. 1); )
COUNTY OF KAUAI (Doe No. 2); and )
DOES 3-50,                       )
                                 )
        Defendants.              )    Trial:  Week of 2/12/96
                                 )    Hon. George M. Masuoka
_____)

ORDER GRANTING IN PART AND DENYING IN PART (1) DEFENDANT
DIMICELI'S MOTION TO ALTER OR AMEND JUDGMENT AND FOR OTHER
RELIEF, FILED APRIL 25, 1996; (2) DEFENDANT DIMICELI'S MOTION FOR
RELIEF, FILED NOVEMBER 27, 1996; AND (3) PLAINTIFFS' MOTION FOR
ENTRY OF FINAL DEFICIENCY JUDGMENT, FILED DECEMBER 5, 1996

Defendant Dimiceli's Motion to Alter or Amend Judgment and

for Other Relief, filed April 25, 1996, came on for hearing

before the Honorable George M. Masuoka, Judge of the above-

## EXHIBIT F

I do hereby certify that this is a full,
true and correct copy of the original
on file in this office

*L. na seley*
Clerk Circuit Court Fifth Circuit

entitled Court, on May 21, 1996.  Steven B. Jacobson appeared for the Plaintiffs, Paul A. Schraff appeared for Defendant Dimiceli, and Joseph Kobayashi appeared as Commissioner.

Defendant Rosetta Ann Dimiceli's Motion for Relief, etc., filed November 27, 1996, and Plaintiffs' Motion for Entry of a Final Deficiency Judgment, etc., filed December 5, 1996, came on for hearing before the Honorable George M. Masuoka, Judge of the above-entitled Court, on January 7, 1997.  Steven B. Jacobson appeared for the Plaintiffs and Paul A. Schraff appeared for Defendant Rosetta Ann Dimiceli.

The Court, having considered said Motions, the memoranda, affidavits, and arguments of counsel, having reviewed the records and files, and having determined that good cause has been shown; therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  Plaintiffs shall have and recover from Defendants Edgar D. Kerr, Jr., Kauai Services, Inc., Dennis S. Nimkie and Gretta L. Nimkie, jointly and severally, the principal amount of $295,877.20, plus interest of $113.49 per day and attorneys' fees of $28.37 per day from and after July 2, 1996, until the date judgment is entered on this Order.  Post-judgment interest shall run on the judgment as provided by law.

2.  Plaintiffs shall have and recover from Defendant Dimiceli, jointly and severally with the defendants named in paragraph 1 above, the amount of $30,096.64.  Said sum shall be applied to the amount that the defendants named in paragraph 1 owe to the plaintiffs.  $30,096.64 is equal to 14 and 9/30

2

monthly payments of $2,104.66.  Defendant Dimiceli was ordered to deposit these monthly payments with the Court, commencing on July 28, 1994, pending further orders of this Court, pursuant to this Court's Order Denying Plaintiff's Motion to Strike, filed on August 26, 1994, as a substitute for the payments required of Defendant Dimiceli under that Satisfaction Deed by and between Edgar D. Kerr, Jr., as Grantor, and Dimiceli, as Grantee, and recorded November 12, 1992 at the Bureau of Conveyances for the State of Hawaii as Document No, 92-183386.  The Nimkies occupied the subject property during the entire period of July 28, 1994 to December 7, 1995 and Dimiceli was entitled to collect rental proceeds of the subject property during that period.  Two of these monthly payments were made on August 2 and September 12, 1994.  Defendant Dimiceli was obligated to make these monthly payments until December 7, 1995, the date that the Order Granting Plaintiffs' Motion filed September 29, 1995, for Partial Summary and Default Judgment, Decree of Foreclosure and Order of Sale, etc. was filed in this Court.

3.  In all other respects, the motions are DENIED.

4.  There is no just reason for delay and the Court hereby directs the entry of this Order as a final judgment pursuant to Rule 54(b), Hawaii Rules of Civil Procedure.

3

5. The Fifth Claim for Relief in Plaintiffs' First Amended Complaint remains pending.

DATED: Lihue, Hawaii, _____ JUNE 26 _____, 1998.

(SEAL) _George M. Kanade_

JUDGE OF THE ABOVE-ENTITLED COURT

4

5.
ST.

'98 JUN 26 P2:35

*Lorna M. L. Ching*
LORNA M. L. CHING

## IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

### STATE OF HAWAII

| | |
|---|---|
| ALBERT R. MORGAN, JR. and ALICE H. MORGAN, Trustees of Morgan Family Revocable Living Trust under Agreement dated September 20, 1990, as amended, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| EDGAR D. KERR, JR., husband of Gena Kerr; ROSETTA ANN DIMICELI, unmarried, aka ROSETTA SCOTT, ROSETTA COBLE and ROSETTA EHRHARDT KAUAI SERVICES, INC., a Hawaii corporation; DENNIS L. NIMKIE, an individual; GRETA L. NIMKIE, an individual; UNITED STATES OF AMERICA; PRINCEVILLE AT HANALEI COMMUNITY ASSOCIATION (Doe No. 1); COUNTY OF KAUAI (Doe No. 2); and DOES 3-50, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

CIVIL NO. 93-0199
(Foreclosure)

DEFICIENCY JUDGMENT

Trial:  Week of 2/12/96
Hon. George M. Masuoka

### DEFICIENCY JUDGMENT

Pursuant to the Order Granting in Part and Denying in Part
(1) Defendant Dimiceli's Motion to Alter or Amend Judgment and
for other Relief, filed April 25, 1996; (2) Defendant Dimiceli's
Motion for Relief, filed November 27, 1996; and (3) Plaintiffs'
Motion for Entry of Final Deficiency Judgment, filed December 5,
1996, filed concurrently herewith, IT IS HEREBY ORDERED, ADJUDGED

I do hereby certify that this is a full, true and correct copy of the original on file in this office

*Lani Seeley*
Clerk Circuit Court Fifth Circuit

# EXHIBIT G

AND DECREED as follows:

1.   Plaintiffs shall have and recover from Defendants Edgar J. Kerr ("Kerr"), Kauai Services, Inc., Dennis S. Nimkie and Greta L. Nimkie, jointly and severally, the principal amount of $295,877.20, plus interest of $113.49 per day and attorneys' fees of $28.37 per day from and after July 2, 1996 until the date this judgment is entered.

2.   This Deficiency Judgment amends the prior Amended Judgment, Decree of Foreclosure and Order of Sale, against Defendant Kerr, filed in this action on April 17, 1996, and the prior Judgment against Defendants Kauai Services, Inc., Dennis S. Nimkie and Greta L. Nimkie, filed in this action on May 22, 1996, to reflect the reduction on the amounts owed by said Defendants resulting from the foreclosure sale in this action.

3.   Plaintiffs shall have and recover from Defendant Dimiceli, jointly and severally with the defendants named above in paragraph 1, the amount of $30,096.64.  Said amount shall be included in the total amount that the defendants named in paragraph 1 above are liable to plaintiffs.

4.   Post-judgment interest shall run on this judgment as provided by law.

5.   This Deficiency Judgment amends the prior Amended Judgment, Decree of Foreclosure and Order of Sale, filed in this action on April 17, 1996.

6.   There is no just reason for delay in the entry of this Deficiency Judgment.  It is therefore expressly directed that

2

this Deficiency Judgment be entered as a final judgment pursuant to HRCP Rule 56(b).

7.    The Fifth Claim for Relief in Plaintiffs' First Amended Complaint remains pending.


DATED:   Lihue, Hawaii,   ___JUNE 26_____, 1998.

(SEAL)  *George M. Masuda*

_____
JUDGE OF THE ABOVE-ENTITLED COURT

3

IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ALBERT R. MORGAN, JR. and ALICE H. MORGAN, Trustees of Morgan Family Revocable Living Trust under Agreement dated September 20, 1990, as amended, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| EDGAR D. KERR, JR., husband of Gena Kerr; ROSETTA ANN DIMICELI, unmarried, aka ROSETTA SCOTT, ROSETTA COBLE and ROSETTA EHRHARDT; KAUAI SERVICES, INC., a Hawaii corporation; DENNIS L. NIMKIE, an individual; GRETA L. NIMKIE, an individual; UNITED STATES OF AMERICA; PRINCEVILLE AT HANALEI COMMUNITY ASSOCIATION (Doe No. 1); COUNTY OF KAUAI (Doe No. 2); and DOES 3-50, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

CIVIL NO. 93-0199
(Foreclosure)

CERTIFICATE OF SERVICE

0119876.01

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of **Defendant Rosetta Ann Dimiceli's Notice of Appeal; Exhibits "A" through "G"; Certificate of Service** was duly served by depositing same in the United States Mail, postage paid, upon the following on July 23, 1998:

> STEVEN B. JACOBSON, ESQ.
> Torkildson Katz Fonseca
>   Jaffe Moore & Hetherington
> Amfac Building, 15th Floor
> 700 Bishop Street
> Honolulu, Hawaii 96813-4187
>     Attorney for Plaintiffs

JAYSON C.S. PANG, ESQ.
Attorney Advisor
Room 2314, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
      Attorney for Defendant
        UNITED STATES OF AMERICA

KAUAI SERVICES, INC.
DENNIS S. NIMKIE
GRETA L. NIMKIE
5095 Napookala Circle
P.O. Box 3250
Princeville, Kauai, Hawaii 96722
      Defendants

PRINCEVILLE AT HANALEI COMMUNITY ASSOCIATION
Ruth Mueller, General Manager
P.O. Box 3277
Princeville, Kauai, Hawaii 96722
      Defendant

JAY MUROBAYASHI, ESQ.
Office of the County Attorney
4396 Rice Street, Suite 202
Lihue, Kauai, Hawaii 96766
      Attorney for Defendant
        COUNTY OF KAUAI

JOSEPH N. KOBAYASHI, ESQ.
Attorney at Law
P.O. Box 589
Kapaa, Kauai, Hawaii 96746
      Commissioner

DATED: Honolulu, Hawaii, July 23, 1998.


PAUL A. SCHRAFF
Attorney for Defendant
ROSETTA ANN DIMICELI