# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (the "Agreement") is made and entered into this _____ day of _____, 1998 by and between ALBERT R. MORGAN, JR. and ALICE H. MORGAN, individually and as Trustees of the Morgan Family Revocable Living Trust under Agreement dated September 20, 1990, as amended, residents of Texas, ("Morgans"), and ROSETTA ANN DIMICELI, a resident of Oregon, ("Dimiceli").

WHEREAS, Morgans and Dimiceli both claimed interests in that certain parcel of land situate at Hanalei, Halelea, County of Kauai, State of Hawaii, described as Lot 22, area 15,458 square feet, more or less, as delineated on the Map entitled "Princeville at Hanalei", filed in the Bureau of Conveyances as File Plan No. 1557 (the "Property"); and

WHEREAS, Morgans and Dimiceli, and others, have asserted claims against the Property and each other in *Morgan, et al. v. Kerr, et al.*, Civil No. 93-0199, in the Circuit Court of the Fifth Circuit, State of Hawaii (the "Trial Court Action") in which action the trial court has entered various judgments and orders determining all parties rights with respect to the Property; and

WHEREAS, the Trial Court Action has also resulted in appeals being filed to the Supreme Court of the State of Hawaii, including the currently pending Supreme Court No. 21756 (all of the current and prior appeals from the Trial Court Action are collectively referred to as the "Appeal"); and

WHEREAS, Morgans and Dimiceli wish to compromise and settle any and all claims between them;

NOW, THEREFORE, upon and as consideration for the execution of this Agreement by the parties and the mutual covenants and agreements contained herein, and subject thereto, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. **No Payments by Either Party**. Neither Morgans nor Dimiceli will pay any amount to the other. Morgans and Dimiceli further agree that neither will seek to recover their costs or attorneys fees incurred in the Appeal or in the Trial Court Action, from the other, but they reserve their right to pursue those claims against anyone else.

CIVIL NO. 00-00145BMK
PLAINTIFFS / DEFENDANTS  EXHIBIT 219
IN EVIDENCE — FOR IDENTIFICATION
REC'D _____ 20 ___
_____
CLERK

U123825.01
10/08/98

M001747

Settlement Agreement by and between Morgans and Dimiceli

2.  **Dismissal of Litigation and Release of Liens**. Within five (5) business days following the date that this Agreement is signed by all parties, Morgans and Dimiceli shall do all things necessary or appropriate to dismiss with prejudice 1) the Appeal, and 2) any and all claims which they have asserted against each other in the Trial Court Action. Morgans and Dimiceli retain, and may continue to pursue, their claims against others in the Trial Court Action. Within thirty (30) days after this Agreement is signed by all parties, Morgans will sign, in recordable form, and deliver to Dimiceli's counsel, such documents as are necessary to release and discharge any and all judgment liens or other claims which they have recorded against Dimiceli and/or any property of Dimiceli. In furtherance thereof, Morgans shall promptly deliver to Dimiceli's counsel clear and legible copies of all such recorded judgment liens or claims, including all recording information.

3.  **No Third Party Beneficiaries**. Except as otherwise expressly set forth herein, this Agreement is specifically limited to the named parties, and it does not, and is not intended to apply to or to benefit anyone other than the named parties, to wit: Albert R. Morgan, Jr., Alice H. Morgan and Rosetta Ann Dimiceli and their respective heirs, personal representatives, executors, administrators, successors and assigns.

4.  **Mutual General Release**. Morgans and Dimiceli, and each of them, hereby release and forever discharge each other, including all of their respective heirs, personal representatives, executors, administrators, successors and assigns, from and against any and all disputes, demands, claims, liabilities, damages, actions and causes of action of any kind, which Morgans, on one hand, and Dimiceli on the other, had, now have, or may have, against each other at the date hereof, including, but not limited to, any and all claims which were or could have been asserted in the Trial Court Action, whether known or unknown, whether based on a theory of tort, contract, statute, or any other legal theory.

5.  **Ownership of Claims Released**. Morgans and Dimiceli, and each of them, represent and warrant to each other that they are the owners of all claims released or purported to be released herein and that such claims have not previously been assigned (including by subrogation) in whole or in part. Morgans and Dimiceli, and each of them, shall indemnify, defend and hold each other harmless from and against any and all loss, expense or liability from claims or actions made by the other or anyone claiming by, through or under such party arising out of, based upon or relating to the claims released or purported to be released hereunder.

6. **Morgans and Dimiceli Claims Against Others.** Morgans and Dimiceli have asserted claims against others in the Trial Court Action and each may have other claims against others which were not asserted in the Trial Court Action. This Agreement shall not be construed as a release of Morgans or Dimiceli claims against others, including, but not limited to, any claims either may have against Edgar D. Kerr, Jr. or any attorney or agent of Morgans or Dimiceli. The foregoing not withstanding, Dimiceli waives and releases any claims against any attorney of the offices of Paul J. Sulla, Jr. and Morgans waive and release any claims against any attorney of the law firm of Dwyer Imanaka Schraff Kudo Meyer & Fujimoto, but no other attorney or law firm.

7. **Existing Order and Judgments.** The rights of the parties with respect to the Property have been determined by the following orders in the Trial Court Action and the Appeal (collectively, the "Property Orders"):

   a. the Order (1) Granting Plaintiffs' Motion filed September 29, 1995, for Partial Summary and Default Judgment, Decree of Foreclosure and Order of Sale, and (2) Denying Defendant Dimiceli's Non-Hearing Motion, filed October 16, 1995, to Modify August 26, 1994 Order, filed on December 7, 1995;

   b. the Judgment, Decree of Foreclosure and Order of Sale, filed on December 7, 1995;

   c. the Amended Judgment, Decree of Foreclosure and Order of Sale, filed on April 17, 1996;

   d. the Order Granting Plaintiffs' Motion for Confirmation of Commissioner's Foreclosure Sale, Approval and Allowance of Commissioner's Fees and Expenses, and Authorization and Direction of Conveyance of Sold Property, filed on June 27, 1996;

   e. the Judgment Confirming Commissioner's Foreclosure Sale, Approving and Allowing Commissioner's Fees and Expenses, and Authorizing and Directing Conveyance of Sold Property, filed on June 27, 1996;

   f. the Order Granting in Part and Denying in Part: (1) Defendant Dimiceli's Motion to Alter or Amend Judgment and for Other Relief, filed April 25, 1996; (2) Defendant Dimiceli's Motion for Relief, filed November 27, 1996; and (3) Plaintiffs'

**M001749**

Motion for Entry of Final Deficiency Judgment, filed December 5, 1996, filed on June 26, 1998;

  g. the Deficiency Judgment, filed on June 26, 1998;

  h. the Order Granting Defendant Dimiceli's Motion to Strike Plaintiff's Motion to Alter and Amend Order and Deficiency Judgment filed June 26, 1996 (filed July 6, 1998) for Lack of Jurisdiction and Denying Plaintiff's Motion to Alter and Amend Order and Deficiency Judgment filed June 26, 1998, filed on September 24, 1998; and

  i. the Order Amending October 10, 1996 Order of Dismissal, filed in S.C. No. 20023 on September 24, 1998.

By this Agreement and dismissal of the Appeal, Morgans and Dimiceli agree that they will not further contest the Property Orders, nor any further order or judgment to the extent that it restates Morgans and Dimiceli's rights to the Property as stated in the Property Orders.

  8. <u>Joint Tortfeasor Release and Claims Reduction</u>. Each of the releases given by Morgans and Dimiceli are given before the accrual of certain rights of other persons who may be adjudged a joint tortfeasor to secure a money judgment for contribution. The releases are given and taken pursuant to the provisions of the Uniform Contribution Among Joint Tortfeasors Act, *Hawaii Revised Statutes* §§ 663-11 through 663-17, and shall operate to release any and all liability to make contribution to any person found to be a joint tortfeasor with one or more of the parties. The releases and the provisions of said Uniform Contribution Among Joint Tortfeasors Act shall be applicable to all claims released by this Agreement, whether asserted under federal statutes, Hawaii statutes or ordinances or common law, including claims to which said Hawaii Act may not otherwise (in the absence of this release) apply, as if the applicable law provided that said Hawaii Act controlled contribution among persons jointly liable for such claims.

  9. <u>Understandings and Agreements</u>. The parties acknowledge, agree and understand that:

  a. <u>No Representation</u>. The parties to this Agreement have each made an independent investigation of the facts, circumstances and law relative to the other party's claims and liabilities, as well as their own claims and liabilities that are the subject matter of this Agreement. Except as set forth herein, none of the parties to this Agreement, nor anyone acting

on behalf of any party, has made a representation of fact, opinion or promise to any other party to induce this compromise, and none of the parties are relying on any statements, representations, opinions or promises made by any person or party released or their agents, employees, representatives or attorneys.

        b.    <u>Knowledge of the Parties</u>.  Inasmuch as all of the injuries, damages and losses (collectively the "Damages") may not be fully known and hence may be more numerous or more serious than is now understood or expected, the parties hereto agree that the releases apply to all Damages resulting in any manner from the claims released herein, even though now unanticipated, unexpected or unknown, as well as all Damages that have already developed and are now known and anticipated. The parties make this compromise with full knowledge of the facts and possibilities of any other litigation, commenced or that could be commenced, and execute and deliver this Agreement being fully informed as to its terms, content and effect.

        c.    <u>Future Discoveries</u>.  The parties hereto represent and agree: (1) that they may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of these releases; and (2) that the waivers, limitations and releases given in this Agreement shall be and remain fully and completely in effect notwithstanding the subsequent discovery or existence of any such additional or different facts. All parties expressly waive the provisions of any and all statutes or common law principles and doctrines that a general release may not extend to claims which a party does not know or suspect to exist in its favor at the time of executing the release, which if known might have materially affected its settlement with the other parties, with respect to the claims released herein.

        d.    <u>Complete Bar</u>.  Except as otherwise provided herein, the execution of this Agreement is a complete and final bar to any and all claims, actions, causes of action, claims for relief, liabilities, costs, expenses, fees, demands and other losses, and damages of whatever name or nature between Morgans, on one hand, and Dimiceli, on the other, in any manner arising, growing out of, connected with or in any manner involving, concerning or relating to the claims released by this Agreement. This Agreement forever and finally compromises, settles and terminates any and all disputes and claims, including claims for loss, damage, costs, expenses and fees of whatever nature, known or unknown, in any manner

arising, growing out of, connected with or in any manner involving, concerning or relating to the claims released by this Agreement.

   e. <u>Legal Representation</u>. Each party to this Agreement represents that he, she or it is represented by counsel or, if not represented by counsel, has had ample opportunity to consult with counsel if so desired and has also been encouraged by the other parties hereto to seek and obtain the advice of counsel in this matter. Further, each party to this Agreement represents that he, she or it fully understands the effects and consequences of this Agreement and has freely and voluntarily entered into this Agreement upon due consideration for his, her or its own position and has not entered into this Agreement on the basis or advice of any other party or the counsel for any other party to this Agreement.

  10. <u>No Admission of Fault</u>. The execution and/or performance of this Agreement is not an admission by any of the parties hereto of any liability or fault of any kind for injuries or damages sustained by any of the parties hereto. This Agreement is being entered into solely to avoid the cost and uncertainty of further litigation.

  11. <u>Attorneys Fees and Costs</u>. In the event of litigation concerning this Agreement, the losing party shall pay the reasonable attorneys' fees and costs of the prevailing party. Further, the parties agree that the courts of the State of Hawaii shall have exclusive jurisdiction and all matters at issue and all questions concerning the interpretation of this Agreement shall be decided and construed in accordance with Hawaii law, without giving effect to the conflict of laws and principles thereof.

  12. <u>Binding Effect</u>. This Agreement is and shall be binding upon the parties, their respective heirs, legal representatives, successors and assigns, and shall inure to the benefit of their respective heirs, legal representatives, successors and assigns, except as expressly limited herein.

  13. <u>Entire Agreement</u>. It is understood and agreed that no promises, representations, understandings or warranties have been made by the parties hereto other than those which are expressly contained herein. This Agreement constitutes the entire agreement among the parties regarding the subject matter hereof and supersedes all prior or contemporaneous negotiations, correspondence, understandings and agreements, oral or written, between the parties.

14. <u>Amendments</u>. This Agreement shall not be altered, amended, modified or otherwise changed in any respect or particular whatsoever, except in writing duly executed by all of the parties to this Agreement. Each of the parties hereby acknowledges and agrees that they will make no claim at any time that this Agreement has been orally altered or modified in any respect whatsoever.

15. <u>Captions or Headings</u>. In this Agreement, the captions or headings and subparagraphs are inserted for convenience, reference and identification purposes only, and shall neither control, define, limit nor affect any provision of this Agreement.

16. <u>Severability</u>. Where the application of any provision of this Agreement to any person or circumstance shall be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be thereby affected.

17. <u>Interpretation</u>. All singular references herein shall include the plural and vice versa. Use of any gender shall include all genders. Use of a singular possessive noun, article, verb, adverb, adjective or other word shall include the plural noun, possessive noun, article, verb, adverb, adjective or other word, and vice versa. Whenever the words and symbol "and/or" are used in this Agreement, it is intended that this Agreement be interpreted and the sentence, phrase, clause or other part be considered in both their conjunctive and disjunctive sense, and as having been written twice, once with the word "and" inserted and once with the word "or" inserted in the place of said words and symbol "and/or."

18. <u>Counterparts and Facsimile Signatures</u>. This Agreement may be executed in any number counterparts, each of which shall, for all purposes, be deemed to be an original and all of which shall constitute but one and the same Agreement. Further, the parties agree that when this Agreement is executed by any party, a facsimile copy of that signature shall be deemed to be an original signature for any and all purposes.

19. <u>Warranty of Authority</u>. Each person signing this Agreement warrants and represents that he or she has full authority to sign on behalf of himself or herself or of the entity that he or she represents and that this Agreement has been validly authorized and constitutes a legally binding and enforceable obligation of each such entity.

20. <u>Failure or Indulgence Not Waiver</u>. No failure or delay on the part of any party in the exercise of any power, right or privilege under this Agreement or to insist on strict

compliance or performance of the terms, conditions and provisions of this Agreement or any related document hereunder will operate as a waiver thereof, nor will any single or partial exercise of any such power, right or privilege preclude other or further exercise thereof or of any other right, power or privilege. All rights and remedies existing under this Agreement are cumulative to, and not exclusive of, any rights or remedies otherwise available to the party except as expressly limited by this Agreement.

21. <u>Interpretation</u>. The terms of this Agreement have been negotiated at arm's length among sophisticated parties represented by experienced counsel. As a result, the rule of interpretation against the draftsman" shall not apply in any dispute over interpretation of the terms of this Agreement.

22. <u>Cooperation and Further Documents</u>. Morgans and Dimiceli agree that, without further consideration, each will promptly execute and deliver any further instruments or documents and take all such further action as may be necessary or appropriate to effectuate the terms of this Agreement.

IN WITNESS WHEREOF, the parties hereto have signed this Agreement as of the date first written above.

_/s/ Albert R. Morgan_
ALBERT R. MORGAN, JR.,
Individually and as Trustee of Morgan
Family Revocable Living Trust Under
Agreement dated September 20, 1990,
as Amended

_____
ROSETTA ANN DIMICELI

_/s/ Alice H. Morgan_
ALICE H. MORGAN, Individually and
as Trustee of Morgan Family Revocable
Living Trust Under Agreement dated
September 20, 1990, as Amended

01123825.01
10/08/98

8

M001754
Settlement Agreement by and
between Morgans and Dimiceli

compliance or performance of the terms, conditions and provisions of this Agreement or any related document hereunder will operate as a waiver thereof, nor will any single or partial exercise of any such power, right or privilege preclude other or further exercise thereof or of any other right, power or privilege. All rights and remedies existing under this Agreement are cumulative to, and not exclusive of, any rights or remedies otherwise available to the party except as expressly limited by this Agreement.

21. **Interpretation**. The terms of this Agreement have been negotiated at arm's length among sophisticated parties represented by experienced counsel. As a result, the rule of interpretation against the draftsman" shall not apply in any dispute over interpretation of the terms of this Agreement.

22. **Cooperation and Further Documents**. Morgans and Dimiceli agree that, without further consideration, each will promptly execute and deliver any further instruments or documents and take all such further action as may be necessary or appropriate to effectuate the terms of this Agreement.

IN WITNESS WHEREOF, the parties hereto have signed this Agreement as of the date first written above.

_____
ALBERT R. MORGAN, JR.,
Individually and as Trustee of Morgan
Family Revocable Living Trust Under
Agreement dated September 20, 1990,
as Amended

*/s/ Rosetta Ann Dimiceli*
ROSETTA ANN DIMICELI

_____
ALICE H. MORGAN, Individually and
as Trustee of Morgan Family Revocable
Living Trust Under Agreement dated
September 20, 1990, as Amended

8

M001755