# DWYER IMANAKA SCHRAFF KUDO MEYER & FUJIMOTO

ATTORNEYS AT LAW • A LAW CORPORATION

1800 PIONEER PLAZA • 900 FORT STREET MALL • HONOLULU, HAWAII 96813 • POST OFFICE BOX 2727 • HONOLULU, HAWAII 96803
TELEPHONE: (808) 524-8000 • FACSIMILE: (808) 526-3491

JOHN R. DWYER, JR.
MITCHELL A. IMANAKA
PAUL A. SCHRAFF
BENJAMIN A. KUDO
WILLIAM G. MEYER, III
WESLEY M. FUJIMOTO
RONALD V. GRANT
JON M.H. PANG
BLAKE W. BUSHNELL
KENN N. KOJIMA
ADELBERT GREEN
RICHARD T. ASATO, JR.

SCOTT W. SETTLE
DARCIE S. TOSHIMASA
TRACY TIMOTHY WOO
LAWRENCE I. KAWASAKI
DOUGLAS H. INOUYE
CHRISTINE A. LOW

Of Counsel:
RANDALL Y. IWASE
R. BRIAN TSUJIMURA

THIS ORIGINAL COPY
IS A CONFIRMATION OF
THE FAXED COPY

October 10, 1994

VIA TELECOPIER

Richard B. Cuatto, Esq
4473 Pahe'e Street, Suite L
Lihue, Kauai, Hawaii 96766

Re: Settlement Offer; Morgan Trust v. Kerr,
Civil No. 93-0199 (Haw. 5th Cir. Ct.)

Dear Mr. Cuatto:

We are the attorneys for Rosetta Ann Dimiceli ("Dimiceli"). We understand that you are the attorney for Plaintiffs Albert R. Morgan, Jr. and Alice H. Morgan, Trustees of the Morgan Family Revocable Living Trust, under agreement dated September 20, 1990, as amended ("Morgan Trust").

Subject to mutual agreement as to the specific terms and conditions of a settlement agreement, we are authorized to offer the following settlement offer, which is made pursuant to Rule 408 of the Hawaii Rules of Evidence, to your clients, the Morgan Trust:

1. Upon receipt of loan proceeds, Dimiceli will pay the Morgan Trust all remaining principal and interest payments required under that certain Agreement of Sale dated May 9, 1992 by and between Edgar D. Kerr, Jr., as Seller, and Rosetta Ann Dimiceli, as Buyer, which was recorded at the Bureau of Conveyances of the State of Hawaii ("Bureau") on July 28, 1992 as Document No. 92-121191. The estimated payment is $221,000.00.

2. Morgan Trust shall execute and record with said Bureau a Satisfaction and Release of that certain Mortgage dated December 31, 1991 by and between Edgar D. Kerr, Jr., as Mortgagor, and Albert R. Morgan, Jr. and Alice H. Morgan, Trustees of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, As Amended.

EXHIBIT 1006

OCT 10 '94   02:25PM STEVEN R. LEE                                    P.5/22

Richard B. Cuatro, Esq.
October 10, 1994
Page 2

3. Morgan Trust, Dimiceli, and the S.B.A. shall dismiss with prejudice all claims against each other in the above-referenced action.

4. Morgan Trust and Dimiceli shall execute mutual releases of all claims relating to the subject property located at 5095 Napookala Circle, Princeville, County of Kauai, Hawaii 96722, Tax Map Key No. 4-5-4-19-22 ("subject property").

5. Morgan Trust to quitclaim any interest they have in the subject property to Dimiceli.

6. The parties shall retain all claims against, among others, Edgar D. Kerr, Jr. and Betty H. Measel.

7. The execution of the required documents and the payment described in item 1 above shall be escrowed through an escrow company licensed to do business in the State of Hawaii.

8. Closing to occur within two weeks after funds are deposited into the escrow by Dimiceli, but no later than February 28, 1995.

9. The Morgan Trust and Dimiceli shall bear their own attorneys fees and costs.

If this settlement offer is acceptable to your clients, please notify us by Noon on Thursday, October 13, 1994. If it is not accepted in a timely manner, this settlement offer shall automatically terminate thereafter and shall be void ab initio.

In the event that no agreement is reached, this document and any and all related correspondence shall be inadmissible in any judicial and/or administrative proceeding in accordance with the Hawaii Rules of Evidence 408.

Very truly yours,

DWYER IMANAKA SCHRAFF KUDO
MEYER & FUJIMOTO

Kenn N. Kojima

KNK:cdr
cc:   Rosetta Dimiceli
0054073.01

# DWYER IMANAKA SCHRAFF KUDO MEYER & FUJIMOTO
ATTORNEYS AT LAW • A LAW CORPORATION

800 PIONEER PLAZA • 900 FORT STREET MALL • HONOLULU, HAWAII 96813 • POST OFFICE BOX 3777 • HONOLULU, HAWAII 96812
TELEPHONE (808) 524-8000 • FACSIMILE (808) 526-1419

JOHN R. DWYER, JR.
MITCHELL A. IMANAKA
PAUL A. SCHRAFF
BENJAMIN A. KUDO
WILLIAM C. MEYER, III
WESLEY M. FUJIMOTO
RONALD Y. GRANT
JON M. H. PANG
BLAKE W. BUSHNELL
KENN N. KOJIMA
ADELBERT GREEN
RICHARD T. ASATO, JR.

THIS ORIGINAL DOCUMENT
IS A CONFIRMATION OF
THE FAXED COPY

SCOTT W. SETTLE
DARCIE S. YOSHINAGA
TRACY TIMOTHY WOO
LAWRENCE I. KAWASAKI
DOUGLAS H. INOUYE
CHRISTINE A. LOW

Of Counsel:
RANDALL Y. IWASE
R. BRIAN TSUJIMURA

October 10, 1994

**VIA TELECOPIER**

Richard B. Cuatto, Esq.
4473 Pahe'e Street, Suite L
Lihue, Kauai, Hawaii 96766

Re: Morgan Trust v. Kerr, Civil No. 93-0199 (Haw. 5th Cir. Ct.)

Dear Mr. Cuatto:

By separate cover of even date, we have transmitted Rosetta Ann Dimiceli's settlement offer to your clients, the Morgan Trust. We recognize that under the offer your clients will not be paid in full the outstanding amounts owed to them by Defendant Edgar D. Kerr under the Morgan Mortgage, however, it represents an opportunity for your clients to immediately recover a substantial portion of the loan without the anticipated cost, time and effort required for discovery, litigation and trial of the above-referenced matter. It also preserves their rights to pursue the balance owed to them from Edgar Kerr and it releases Dimiceli from being burdened with the Morgan Mortgage, which she never knew about until after it was recorded. Under the circumstances of the case, it is a fair result for our respective clients.

We do not believe that your clients will be able to obtain any better result at trial. Plaintiffs' arguments, so far, are not supported by the facts or by law.

For example, we do not agree with Plaintiffs' argument that Kerr and Dimiceli conspired against Plaintiffs in hiding the Kerr/Dimiceli sale and the Agreement of Sale. This is not only far from the truth, it is illogical. Dimiceli would never have invested her hundreds of thousands of dollars in buying and constructing a home on the property if she knew it was to be encumbered by a loan that she did not benefit from.

We also do not agree with Plaintiffs' argument that they never knew Dimiceli nor knew that the subject property was sold to, built by and possessed by her. We have already obtained several affidavits and have spoken to several credible persons who know your client, Dick

OCT 18 '94  05:23PM STEVEN R. LEE                                          P.3/22

Richard B. Cuatto, Esq.
October 10, 1994
Page 2

Morgan, and who either saw him at Dennis Nimike's fundraiser or know Morgan knew or should have known that Dimiceli owned the house. Although we understand that the date of the fundraiser was not July 23, 1990, but was on an earlier date which we are now verifying, it will not dilute the testimony that Mr. Morgan was seen and heard at the fundraiser. On the other hand, your client's credibility and that of Jack Grunewald will be seriously questioned by the Court when it learns of their fraudulent affidavits and their present attempts to influence the testimony of potential witnesses.

The Hawaii case law that we cited in our memoranda opposing Plaintiff's motions for summary judgment supports our position that the Morgan Trust was on notice of Dimiceli's possessory interests and therefore had a duty to inquire with her as to her interest in the subject property. Their failure to do so requires that they bear the burden of their negligence, even if it means the lost of their security interest in the property. In such event, they will still have an unsecured claim against Defendant Edgar Kerr.

Our belief is that the Morgan Trust will have a difficult time sidestepping the fact that the Morgans knew Rosetta Dimiceli owned the subject property when the Morgan Mortgage was executed. When so found by the Court, the Morgan Trust will be left without a security interest in the property and will be no better off than with the settlement now being offered.

Your clients can avoid the cost of time, money and litigation and concentrate their efforts on Edgar Kerr by settling immediately. If the settlement offer is not accepted, we will be recommending that an offer of judgment under Rule 68 of the Hawaii Rules of Civil Procedure be made for the same settlement amount and, if this too is refused, that discovery be aggressively pursued in preparation for trial.

Very truly yours,

DWYER IMANAKA SCHRAFF KUDO
MEYER & FUJIMOTO

Kenn N. Kojima

KNK:edr

cc: Rosetta Dimiceli