# TORKILDSON, KATZ, JOSSEM, FONSECA, JAFFE, MOORE & HETHERINGTON

ATTORNEYS AT LAW, A LAW CORPORATION
700 BISHOP STREET, 15TH FLOOR
HONOLULU, HAWAII 96813-4187
TELEPHONE (808) 523-6000 · FACSIMILE (808) 523-6001

March 5, 1996

<u>VIA HAND DELIVERY</u>

Paul A. Schraff, Esq.
900 Fort Street
Pioneer Plaza #1800
Honolulu, Hawaii 96813

Re:  <u>Morgan v. Dimiceli</u>

Dear Mr. Schraff:

This is in response to your letter of February 20, 1996, and constitutes a continuing part of our mutual attempt to compromise the above matter within the meaning of Rule 408 of the Hawaii Rules of Evidence.

The fundamental problem my clients have with Ms. Dimiceli's proposed counteroffer, and with her previous offer, is that they have no factual basis for evaluating Ms. Dimiceli's assertion that her financial means are very limited, and Ms. Dimiceli has been unwilling to provide any evidence of the same. For example, Ms. Dimiceli has been unwilling to provide a certified financial statement.

That assertion is contrary to the information my clients have, <u>i.e.</u>, Ms. Dimiceli's reputation for being well off, her reportedly having received a large sum from Princeville Corporation in return for surrendering her shopping center lease, and her having received a large insurance settlement following Hurricane Iniki for alleged damage to the Princeville house, only a small amount of which was used to pay for repairs.

Absent information supporting her assertion of limited means, the cash component of the settlement my clients propose remains at $50,000. That sum need not be paid up front and in its entirety, but its payment would need to be fully secured (with appropriate interest) if it were not.

**EXHIBIT 1021**

KAILUA-KONA OFFICE · HANAMA PLACE, SUITE 105 · 75-5706 KUAKINI HIGHWAY · KAILUA-KONA, HAWAII 96740-1717 · TELEPHONE (808) 329-8581 · FACSIMILE (808) 329-3837
HILO OFFICE · 100 PAUAHI STREET, SUITE 206 · HILO, HAWAII 96720 · TELEPHONE (808) 961-0406 · FACSIMILE (808) 935-6725
MAUI OFFICE · 2158 MAIN STREET, SUITE 105 · WAILUKU, MAUI, HAWAII 96793 · TELEPHONE (808) 242-9292 · FACSIMILE (808) 244-1616

Paul A. Schraff, Esq.
Page 2
March 5, 1996

    With respect to the proposed assignment of claims, my clients' concerns can be addressed without them necessarily receiving an assignment of the scope originally proposed. That should reduce the "very substantial cost to Ms. Dimiceli" which you view our original proposal as presenting.

    Ms. Dimiceli could retain her claims against the Nimkies[1] for breach of their contract to purchase, and all her claims against Mr. Kerr, provided that Ms. Dimiceli agrees that any judgments my clients receive on their own claims (including claims assigned to them) against the Nimkies and/or Mr. Kerr will have priority against the Nimkies' and Mr. Kerr's assets over any judgments Ms. Dimiceli receives on those claims, that her release of my clients will include an express joint tortfeasor release meeting the requirements of HRS § 663-15 so as to preclude claims for contribution against my clients, and that she will not oppose my clients' claims against the Nimkies or Mr. Kerr in any way. As to the necessary priority, please recall that the promise the Nimkies breached was to pay off my clients' mortgage.

    The rent claim against the Nimkies, which is largely for funds which were to be paid into the Court and applied for my clients' benefit, and the $5,000 loan claim, will need to be assigned. Ms. Dimiceli will need to provide us will all available information and documents concerning and supporting those claims, will need to certify and testify that she does not know of any defenses of any facts which will support or tend to support any defenses against them (including but not limited to waiver or release), and will need to certify and testify that she does not know of any claims or any facts which would support or tend to support any claims against her by the Nimkies (or any of them) or Mr. Kerr.

    My clients would consider, if Ms. Dimiceli wanted one, a provision that if my clients are able to recover the full amount of their unpaid principal, interest, loan costs, fees, costs and expenses, including those amounts for which they are unable to obtain judgment because of fee, cost or expense caps, with interest through the date of recovery, any remaining portion of the assigned claims (if any) could be reassigned to Ms. Dimiceli.

---

[1] As used in this letter, the term "the Nimkies" involves Kauai Services, Inc.

Paul A. Schraff, Esq.
Page 3
March 5, 1996

    Your request for an indemnification provision appears mooted by Ms. Dimiceli's retention of most of her claims against the Nimkies and Mr. Kerr. Because my clients have no first-hand knowledge of the relationships between Ms. Dimiceli, Mr. Kerr and the Nimkies, are not inspired by what they have been able to discover, and have no idea of what claims the Nimkies or Mr. Kerr might make against Ms. Dimiceli (or their size or merit), they prefer caution to valor on the indemnification question.

    There are a couple of other provisions which I overlooked in my previous letter, namely (1) that Ms. Dimiceli will agree to join in a request to the SBA that it waive its right to redeem the Princeville property and will not oppose such a request in any way, and (2) that Ms. Dimiceli will never again, in any context, state or testify that Mr. Morgan ever attended any fundraiser at the Princeville property, inasmuch as he did not. In that regard, please be aware that Mr. Vandeveer has now met Mr. Morgan and realizes that he is not who he thought he was.

    Please let me have your response at your earliest convenience. I will continue to hold off in filing the confirmation motion until I hear from you.

                              Sincerely yours,

                              TORKILDSON, KATZ, JOSSEM, FONSECA
                              JAFFE, MOORE & HETHERINGTON
                              Attorneys at Law, A Law Corporation

                              Steven B. Jacobson

SBJ/ge
cc: Mr. & Mrs. Morgan