# DWYER IMANAKA SCHRAFF KUDO MEYER & FUJIMOTO

ATTORNEYS AT LAW ❖ A LAW CORPORATION

1800 PIONEER PLAZA ❖ 900 FORT STREET MALL ❖ HONOLULU, HAWAII 96813 ❖ POST OFFICE BOX 2727 ❖ HONOLULU, HAWAII 96803
TELEPHONE: (808) 524-8000 ❖ FACSIMILE: (808) 526-1419

JOHN R. DWYER, JR.
MITCHELL A. IMANAKA
PAUL A. SCHRAFF
BENJAMIN A. KUDO
WILLIAM G. MEYER, III
WESLEY M. FUJIMOTO
RONALD V. GRANT
JON M.H. PANG
BLAKE W. BUSHNELL
ADELBERT GREEN
RICHARD T. ASATO, JR.
SCOTT W. SETTLE

DARCIE S. YOSHINAGA
LAWRENCE I. KAWASAKI
STACY E. UEHARA
KRIS N. NAKAGAWA
JEFFERY S. WERBELOW
LORI ANN K. KOSEKI
TROY T. FUKUHARA
KATY Y. CHEN
ROGER B. McKEAGUE
Of Counsel:
RANDALL Y. IWASE
R. BRIAN TSUJIMURA

March 22, 1996

VIA FACSIMILE

Steven B. Jacobson, Esq.
Torkildson Katz Jossem Fonseca
  Jaffe Moore & Hetherington
Amfac Building, 15th Floor
700 Bishop Street
Honolulu, Hawaii 96813-4187

Re:   *Morgan v. Kerr, et al.*

Dear Mr. Jacobson:

This letter and the enclosures are in response to your letter of March 18, 1996 and they constitute a continuing part of our mutual attempt to compromise the above-matter within the meaning of Rule 408 of the *Hawaii Rules of Evidence*. If you do not agree that this letter and the contents cannot be used in any other proceedings, please read no further and return the original and all copies of this letter and the enclosures to me.

You characterized as a "continuing problem" my client's "unwillingness" to supply certified financial statements. It is not a matter of being willing or unwilling: she does not have certified financial statements. However, in an effort to respond to the rumors of Ms. Dimiceli's supposed wealth, I am enclosing copies of statements of financial position for both of Ms. Dimiceli's businesses (the ones which she told you about in her deposition) and her personal statement of assets and liabilities. Apart from the downpayment she loaned to her manager, Ms. Dimiceli will represent that she has no other assets. I think that you can clearly see that the house on Kauai, in which Ms. Dimiceli had at least $200,000 in equity, was the bulk of her "wealth." Her net equity in both of the businesses consist virtually entirely of goodwill, not hard assets. Her personal net worth of $125,000 includes $75,000 of personal effects, which are obviously worth a fraction of that.

Concerning the damage to the house, I am sure that you will admit that insurance adjusters were not paying for non-existent damage after the hurricane. Ms. Dimiceli has the bids she got for repairs, one of which was over $225,000. Ms. Dimiceli, in fact, replaced both

EXHIBIT 1024

Steven B. Jacobson, Esq.
March 22, 1996
Page 2

the stove and the refrigerator. The roof was entirely replaced - using different shingles. The drywall in the house was torn down and replaced from the water damage. Ms. Dimiceli was paid for the damages based upon what the insurance adjuster determined, from his professional inspection, was the damage to the house. You also know that all of the damage was repaired because there is no damage to the house now. Ms. Dimiceli did much of the work, particularly finishing work, herself. That is why she did not have to pay more of the insurance settlement to others. I do not know who made whatever inspection you are referring to or when it was made, but we know that your inspector did not go into the house. I submit that the adjuster's determination, which lead to actual dollars being paid out by his employer, is objective, independent, qualified proof of the damage that was done. Your information is simply wrong.

Apart from demonstrating why Ms. Dimiceli cannot pay $50,000, the enclosed financial statements should also demonstrate why the house, and not a judgment against Ms. Dimiceli, is your client's best hope of being paid. You should also know that we are virtually certain that, if a settlement is not made between our clients, the SBA will exercise its rights to the house. It should be obvious that, no matter what size judgment you might obtain against Ms. Dimiceli, you will not recover from her anywhere near the difference between the value of the house and what your client bid for it.

I look forward to hearing from you.

Very truly yours,

DWYER IMANAKA SCHRAFF KUDO
MEYER & FUJIMOTO

Paul A. Schraff

PAS:bcf
Enclosure(s)
0078534.03

cc:  Ms. Rosetta Dimiceli

03/22/96                    Client Notes - Statements                        Page 1
Client 43              ROSELAND dba BLUE FOX, INC. COCKTAIL LOUNGE

Statement of Financial Position

December 31, 1995

Assets:

Current assets:

| | | |
|---|---:|---:|
| Cash | $ | 7,225 |
| Inventories | | 1,740 |
| | | 8,965 |

Property and Equipment, at market:

| | | |
|---|---:|---:|
| Machinery and Equipment | | 52,500 |
| 1995 Chevrolet van | | 27,200 |
| | | 79,700 |

Other assets:

| | | |
|---|---:|---:|
| Alaska liquor license, at market | | 150,000 |
| | $ | 238,665 |

Liabilities and Stockholders" Equity:
  Current Liabilities:

| | | |
|---|---:|---:|
| Accounts payable - trade | $ | 560 |
| Payroll taxes | | 385 |
| | | 945 |

Notes and Contracts payable:

| | | |
|---|---:|---:|
| Nat'l Bk. of Alaska-1995 Chevrolet | | 24,117 |
| Electrical Construction, Inc. | | 130,000 |
| | | 154,117 |

Stockholders equity:

| | | |
|---|---:|---:|
| Common Stock | | 1,000 |
| Retained earnings | | 82,603 |
| | | 83,603 |
| | $ | 238,665 |

Statement of Financial Possition

December 31, 1995

Assets:

Current assets:
  Cash $ 8,843
  Inventories 860

    9,703

Other assets:

  Beverage licenses, club equipment
  and goodwill - at market 165,000
  1975 chevrolet pickup - at market 10,000

    175,000

$ 184,703

Liabilities and Stockholders' Equity:

  Credit cards $ 8,200
  Bank of Newport(1995 Chevrolet)(note) 8,122
  Small Business Administration(note) 73,774

    90,096

Stockholders' equity:

  Common stock 1,000
  Retained earnings 93,607

    94,607

$ 184,703

Statement of Assets and Liabilities

December 31, 1995

Assets:

| | | |
|---|---:|---:|
| Cash | | |
| Life insurance - cash value | $ | 4,750 |
| Pension plan - investment | | 2,460 |
| Personal effects | | 11,270 |
| Personal residence - Oregon - at market | | 75,000 |
| | | 170,000 |
| | $ | 263,480 |

Liabilities:

| | | |
|---|---:|---:|
| Credit cards | | |
| Personal residence - mortgage | $ | 2,000 |
| | | 137,000 |
| Total liabilities | | 139,000 |
| Excess of assets over liabilities | | 124,480 |
| | | 263,480 |