IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALICE H. MORGAN, Trustee of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>　　　　　Defendant.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No. 00-00145 BMK<br><br>ORDER ON REMAND AWARDING PLAINTIFF DAMAGES AND PRE-JUDGMENT INTEREST |

ORDER ON REMAND AWARDING PLAINTIFF DAMAGES AND
PRE-JUDGMENT INTEREST

On remand, after careful consideration of the order of the Ninth Circuit Court of Appeals, the additional briefing submitted by the parties, and the record in this case, the Court hereby ORDERS that Plaintiff be awarded $30,096.64 in damages and $23,285.47 in pre-judgment interest.

PROCEDURAL HISTORY

The present dispute arises out of a foreclosure action brought by Plaintiff Alice H. Morgan ("Morgan") and her husband in state court over a decade ago. During this foreclosure action, certain claims were raised against the Morgans by Rosetta Dimiceli ("Dimiceli"), who claimed a partial interest in the property.

The Morgans obtained a state court judgment of $30,096.64 against Dimiceli, and successfully foreclosed on the property. When Dimiceli appealed, however, the Morgans surrendered this judgment in order to settle the litigation.

Morgan subsequently filed the present action against Defendant Chicago Title Insurance Company ("Chicago Title"), claiming that Chicago Title breached its title insurance contract with the Morgans by failing to defend them against Dimiceli's adverse claims. Chicago Title prevailed on summary judgment, but the Morgan appealed. In 2003, the Ninth Circuit Court of Appeals ruled that Chicago Title *did* have a duty to defend the Morgans, and remanded the case to this Court. A bench trial was held in May, 2005, and the Court granted Chicago Title's motion for judgment as a matter of law after Morgan failed to introduce evidence of damages in presenting her case. Morgan once again appealed.

In April, 2007, the Ninth Circuit affirmed the Court's decisions on the majority of the issues that Morgan appealed, but remanded three aspects of the case for the Court's consideration. First, the Ninth Circuit instructed the Court to "consider whether the Morgans established that [their surrender of the Dimiceli judgment in settlement] was reasonable and in good faith, such that it 'may then be utilized as presumptive evidence of the breaching insurer's liability.'" (Remand Order 2.) Second, it directed the Court to "determine whether under the law of

Hawaii and facts of this case, the Morgans are entitled to recover tax losses caused by Chicago Title's breach of contract." (Remand Order 4.) Finally, the Court was instructed to "consider Morgans' entitlement to attorneys' fees under Haw. Rev. Stat. § 607-14 (2006) and Haw. Rev. Stat. § 431:10-242 (2006)." (Remand Order 5.)

The parties have agreed that on remand, this case can be resolved on the current record, without need for any further hearings. The Court concurs, and finds this matter suitable for disposition without a hearing.

## DISCUSSION

I.  DAMAGES

On appeal, the Ninth Circuit ruled that the Morgans' surrender of the $30,096.64 Dimiceli judgment constituted "consideration recoverable as compensatory damages" as long as the settlement agreement was "reasonable and in good faith." (Mem. Op. 2.) Morgan argues that the settlement was indeed reasonable and in good faith because "the Morgans faced the further incurring of substantial attorneys' fees and costs, additional years of uncertainty while the Hawaii appellate courts pondered Dimicelli's appeal, and the always-possible threat of a reversal – which could have deprived them of the approximately $270,000 they had already received from the foreclosure sale." (Morgan Mem. 5.)

She points to evidence introduced at trial which demonstrate these points, including evidence that the Morgans had already obtained the sale proceeds from the property, but that Dimiceli continued to vigorously attack the underlying foreclosure judgment.  (Morgan Mem. 7.)

Defendants argue that the Morgans are unable to show that the settlement was reasonable and in good faith because there is no evidence of the true value of the judgment they surrendered.  This argument, while superficially appealing, is spurious.  As Morgan points out, the Ninth Circuit's ruling fixes the true value of the judgment at its face value of $30,096.64.  The only question that remains is whether it was reasonable and in good faith for the Morgans to give up $30,096.64 to settle the litigation with Dimiceli.  The Court finds that it was.  At trial, Morgan introduced evidence demonstrating that while the Morgans had been successful to date, the litigation had been highly contested and quite lengthy.  (See Trial Exhibits 96-97, 106, 124-125, 149-150, 212-214.)  The prospect of further lengthy and costly appeals after prevailing in the foreclosure action gave her sufficient reason to surrender the Dimiceli judgment in order to put an end to the litigation.  There is no evidence whatsoever that Morgan's decision to relinquish the Dimiceli judgment was made with ulterior motives, in bad faith, capriciously, or for any other reason than ending protracted litigation.

## II. TAX OFFSETTING

The Ninth Circuit has also charged this Court with determining "whether under the law of Hawaii and the facts of this case, the Morgans are entitled to recover tax losses caused by Chicago Title's breach of contract." (Remand Order 4-5.)  As both the Ninth Circuit and Morgan note, Hawaii courts allow plaintiffs to recover any loss that can be shown with reasonable certainty. See Chung v. Kaonohi Ctr. Co., 618 P.2d 283, 290-291 (Haw. 1980), abrogated on other grounds by Francis v. Lee Enters., 971 P.2d 707 (Haw. 1999).  Moreover, some courts have found additional tax liability to be a compensable loss in contract actions.  See Home Savings of America, FSB v. United States, 399 F.3d 1341, 1355-56 (Fed. Cir. 2005).

The facts of this case, however, do not warrant any additional recovery to offset the taxes that Morgan may have to pay on the $30,096.64 she will receive from Chicago Title.  Morgan is entirely correct in her argument that "if Chicago Title had fulfilled its duties to the Morgans in the Kauai action by itself defending the Morgans and providing Dimiceli with consideration valued at $30,096.64 (plus accruing interest) in order to settle her claim against the Morgans' insured mortgage, the Morgans would not have owed federal income tax on Chicago Title's payment to Dimiceli." (Morgan Mem. 8.)  This is entirely

irrelevant, however.  If Chicago Title had fulfilled its contractual duties to Morgan, and if Chicago Title had paid Dimiceli to settle the litigation, Morgan would not have surrendered the Dimiceli judgment.  This is, in fact, her precise harm.  Therefore, when this judgment was paid to her by Dimiceli, she would have owed federal income tax on the amount of that judgment.   Accordingly, Morgan's net after-tax recovery, even if Chicago Title had not breached its contractual obligations to her, would have been less than $30,096.64, and so she is not now harmed by having to pay taxes now on the $30,096.64 she will recover from Chicago Title.  The tax consequences resulting from her present judgment are no different than the tax consequences that would have resulted if Chicago Title had not breached its contract and the Morgans had not had to surrender the Dimiceli judgment.

III.  INTEREST

      Morgan also requests post-judgment interest on the Dimiceli judgment under Haw. Rev. Stat. § 478-3.  Specifically, Morgan argues she is entitled to the "the legal interest which would have accrued on that judgment . . . ." (Morgan Mem. 2.)  While the Court agrees that Morgan may be entitled to interest, the interest to which she is entitled would not be post-judgment interest on the Dimiceli judgment, but pre-judgment interest on this Court's award of $30,096.64.

The Morgans relinquished the Dimiceli judgment, and neither the decision of the Ninth Circuit nor the order of this Court revive that judgment in any way; it cannot, therefore be the basis for an award of post-judgment interest.

The Court does, however, find it appropriate to award Morgan pre-judgment interest on *this* judgment from the date she filed her action against Chicago Title, on February 22, 2000. Pre-judgment interest is awarded "to correct injustice when a judgment is delayed for a long period of time for any reason, including litigation delays." Schmidt v. Bd. of Dirs. of Ass'n of Apartment Owners of Marco Polo Apartments, 73 Haw. 526, 534 (1992); see also Eckard Brandes, Inc. v. Riley, 338 F.3d 1082, 1088 (9th Cir. 2003) (granting pre-judgment interest after over four years of proceedings). Here, it has been over seven years since this action was first filed, and the delays cannot be attributed to Morgan, who twice prevailed on appeal. Interest will be awarded at Hawaii's statutory rate of 10%, from February 22, 2000 through November 8, 2007, yielding $23,285.47 in pre-judgment interest.[1]

IV.  ATTORNEY'S FEES

The Ninth Circuit has also instructed the Court to "consider Morgans' entitlement to attorneys' fees under Haw. Rev. Stat. § 607-14 (2006) and Haw.

---

[1] $30,096.64 x 7.7369 years x 10% interest = $23, 285.47

Rev. Stat. § 431:10-242 (2006)." (Remand Order 5.)  After judgment, Morgan may file a motion for attorneys' fees in accordance with Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 54.3.  Any such motion will then be considered in the normal course.

## CONCLUSION

For the foregoing reasons, Morgan is hereby awarded $30,096.64 in damages, and $23,285.47 in pre-judgment interest, for a total award of $53,382.11.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: November 8, 2007

Morgan v. Chicago Title Ins. Co.; Civ. No. 00-00145 BMK; ORDER ON REMAND AWARDING PLAINTIFF DAMAGES AND PRE-JUDGMENT INTEREST