IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALICE H. MORGAN, Trustee of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended,<br><br>Plaintiff,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | CIVIL NO. 00-00145 BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

### INTRODUCTION

On November 8, 2007, this Court entered its judgment in favor of Plaintiff and against Defendant Chicago Title Insurance Company ("CT"), in this action brought by Plaintiff and her late husband to recover (1) benefits CT owes under their CT insurance policy; (2) other damages the Morgans suffered because of CT's failure to pay and provide them with the policy benefits they contracted for as and when promised; and (3) actual and punitive damages for bad faith.

Plaintiff prevailed on the question of whether CT breached her and her late husband's insurance policy by contesting its liability to them thereunder, and CT

526283.V1

has now been ordered to pay her resultant damages in the form of benefits due thereunder. Plaintiff's award of benefits due currently totals $53,382.11, plus post-judgment interest thereon since November 8, 2007. Plaintiff will be seeking to increase that amount by post-judgment motion.

Plaintiff has not yet prevailed on the questions of additional and punitive damage liability.

Having prevailed, Plaintiff is now entitled to recover fees of $346,498.50 through November 21, 2005, together with additional fees incurred thereafter in an amount to be specified – a total of $500,000 or less. Exhibit A hereto details the $346,498.50 amount.

## COMPARISON OF PLAINTIFF'S FEES WITH THE FEES PREVIOUSLY SOUGHT BY CHICAGO TITLE

On August 1, 2005, thinking that it was the prevailing party, CT filed a motion seeking attorneys' fees of $260,915.32 incurred through June 30, 2005, in this action (not including the first appeal, which CT lost).

It is noteworthy that the fees sought by Plaintiff covering that same period ($255,677.89 through June 30, 2005) are slightly *lower* than the amount sought by CT for that period – even though Plaintiff ultimately prevailed.

In addition to fees incurred through June 30, 2005, the $346,498.50 amount set forth in Exhibit A includes additional fees incurred herein afterwards, from July

1, 2005 through November 21, 2005. (Exhibit A, at 29-32) Such fees, including Hawaii excise tax, total $18,554.75 (($1,500.00 + 312.50 + 62.50 + 15,937.50) x 1.04167).

The $346,498.50 also includes fees incurred in Plaintiff's first successful appeal to the Ninth Circuit, which were referred to this Court for its determination. Those fees, including Hawaii excise tax, total $72,265.86 ($69,375.00 x 1.04167). (Exhibit A, at 32-35)

## PLAINTIFF IS ENTITLED TO RECOVER FEES UNDER HRS SECTIONS 431:10-242 and 607-14

Plaintiff is entitled to recover all of her "reasonable attorney's fees and the costs of suit" under HRS Section 431:10-242, since she successfully brought an action to recover insurance benefits promised under a CT insurance policy after CT denied its liability for such benefits.

The benefit Plaintiff has recovered is the consideration she and her late husband surrendered to Dimiceli, in order to settle Dimiceli's claim against the validity and priority of their CT insured mortgage after Dimiceli challenged its validity.

Such consideration is a policy benefit. The benefits promised in Plaintiff's CT policy are in the alternative. One alternative benefit, available where (as here) a claim against the validity of the insured mortgage can be settled, is for CT to (1)

provide the consideration needed to settle the claim *and* (2) pay the Morgans' fees, costs and expenses prior to the settlement. (Trial Exhibit 1, Conditions and Stipulations, para. 6(b), copy attached as Exhibit 1)

Instead, CT disputed liability, failed to provide such consideration, and forced Plaintiff to sue in order to get it.

In addition and/or alternatively, Plaintiff is entitled to recover attorneys' fees under HRS Section 607-14, as the prevailing party on an assumpsit – breach of insurance contract – claim.

As of this writing, the amount of fees recoverable under Section 607-14 is $13,345.53 (25% of $53,382.11), given that section's 25% cap, which amount should increase upon the granting of Plaintiff's post-judgment motion.

## THE REQUESTED FEES ARE PROPERLY DOCUMENTED AND SHOULD BE AWARDED

Exhibit A shows the work performed by each attorney and paralegal who performed services on Plaintiffs' behalf, broken down by hour and task.

The rates charged are $250.00 per hour plus Hawaii excise tax for the services of attorney Steven B. Jacobson (except for paralegal-type services, for which he charged $75.00 per hour plus Hawaii excise tax), $100.00 per hour plus Hawaii excise tax for paralegal Marlena Palmero, and $75 per hour plus Hawaii excise tax for paralegal Shelley Oshiro-Pacheco.

As Mr. Jacobson's declaration attests, those were their customary fees (including the Hawaii excise tax) for like work, and the customary rates for like services performed in the Honolulu community.

Mr. Jacobson's declaration fully complies with LR 54.3(e), which provides:

> **(e) Affidavit of Counsel.** The affidavit of counsel shall include: (1) a brief description of the relevant qualifications, experience and case-related contributions of each attorney and paralegal for whom fees are claimed, as well as any other factors relevant to establishing the reasonableness of the requested rates; (2) a statement that the affiant has reviewed and approved the time and charges set forth in the itemization of work performed and that the time spent and expenses incurred were reasonable and necessary under the circumstances; and (3) a statement identifying all adjustments, if any, made in the course of exercising "billing judgment."

As the Hawaii Supreme Court recently re-established in <u>Stanford Carr Development v. Unity House</u>, 111 Haw. 286, 306, 141 P.3d 459, 479 (2006), a declaration by the supervising litigation attorney that s/he reviewed and approved fee charges sought, and that the time spent and costs incurred were reasonable and necessary under the circumstances, is sufficient to support a request for all such fees and costs.

In <u>Stanford Carr Development</u>, <u>supra</u>, the Hawaii Supreme Court revived its prior holding in <u>In re Thz Fo Farm</u>, 37 Haw. 447, 453 (1947):

> "This Court has stated that 'The Judge is an expert [her]self and knows as well as a legal expert what are reasonable attorneys' fees … the amount of attorneys fees is within the jurisdiction of the Court, and in fixing that amount the trial court may proceed on its own knowledge of the value of the solicitor's services.' In re Thz Fo

Farm, 37 Haw. 447, 453 (1947). Here the circuit court judge had personal knowledge of the complexity of the litigation and the nature and quality of the legal services rendered before it."

In addition, Mr. Hulbert's own Declaration, filed August 1, 2005 (para. 17), attests and admits that a rate of $250 per hour for an attorney of Mr. Jacobson's experience is "reasonable and consistent with the prevailing range of rates in Honolulu," and that Ms. Palmero's and Ms. Oshiro-Pacheco's rates are likewise "reasonable and consistent" for paralegals of their experience. Mr. Sutton similarly testified, during trial, that Mr. Jacobson's previous rate of $240 per hour for services performed several years earlier was consistent with prevailing litigation rates.

DATED: Honolulu, Hawaii, November 23, 2007.

STEVEN B. JACOBSON
Attorneys at Law
A Limited Liability Law Company

_____
STEVEN B. JACOBSON
Attorneys for Plaintiff

526283.V1

6