Of Counsel:
ALSTON HUNT FLOYD & ING
Attorney At Law
A Law Corporation

NEIL F. HULBERT        1143-0
JADE LYNNE CHING       5808-0
LAURA P. COUCH         7860-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawai'i  96813
Telephone:  (808) 524-1800

Attorneys for Defendant
CHICAGO TITLE INSURANCE
COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ALICE H. MORGAN, Trustees of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended,<br><br>          Plaintiff,<br><br>     vs.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>          Defendant. | CIVIL NO. CV00 00145 BMK<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND AND/OR ALTERNATIVELY FOR NEW TRIAL; DECLARATION OF LAURA P. COUCH; EXHIBIT "A"; CERTIFICATE OF SERVICE**<br><br>[Document No. 285]<br><br>Non-Hearing Motion |

663623/3968-37

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO
ALTER OR AMEND AND/OR ALTERNATIVELY FOR NEW TRIAL**

## I.  INTRODUCTION

After seven years of litigation, nearly three years after trial, after entry of a final judgment, eight months after an affirming decision from the Ninth Circuit Court of Appeals, and after denial of Plaintiff's petition for writ of certiorari to the United States Supreme Court,[1] Plaintiff is once again asking this Court to "change its mind" without offering anything new or that was not known prior to trial.

On April 6, 2007, the Ninth Circuit Court of Appeals determined, in relevant part:

- "[S]urrender of a judgment may constitute consideration recoverable as compensatory damages ...  Therefore, the district court erred in dismissing the Morgans' claim that they are entitled to reimbursement for the $30,096.64 judgment they surrendered to Dimiceli as part of their settlement of Dimiceli's claims."

- The district court **did not err** in dismissing the Morgans' claims for other damages, **including** the attorneys fees' sought and the value of their surrender of a claim previously dismissed by the state court.

Memorandum and Order, filed April 6, 2007 (the "Affirming Order").

Plaintiff's Motion to Alter and Amend and/or Alternatively for New Trial ("Motion to Amend") flies in the face of this Court's judgment **affirmed** by the Ninth Circuit, consideration of which has been denied by the Supreme Court.

---

[1]  *See* Exhibit A to the Declaration of Laura P. Couch.

The Ninth Circuit remanded for consideration of **only** the following issues:

1. Whether Plaintiff's dismissal of the $30,096.64 "Dimiceli judgment" was "reasonable and in good faith";

2. Whether "under the law of Hawai`i and the facts of this case" Plaintiff is entitled to recovery of alleged tax losses; and

3. Whether Plaintiff is entitled to attorney fees.

Plaintiff seems to think that because the Ninth Circuit remanded some claims, all claims (even those affirmed by the Ninth Circuit) are ripe for consideration by this Court.  Plaintiff is wrong.

On remand, this Court determined that:

- Plaintiff was entitled to recover the $30,096.64 "Dimiceli judgment" with interest from the date Plaintiff filed her action against Chicago Title, February 22, 2000.

- "The tax consequences resulting from [Plaintiff's] present judgment are no different than the tax consequences that would have resulted if Chicago Title had not breached its contract and the Morgans had not had to surrender the Dimiceli judgment," and therefore no "tax loss" was present justifying recovery under Hawai`i law.

Order on Remand Awarding Plaintiff Damages and Pre-Judgment Interest filed November 8, 2007 ("Order on Remand").

Plaintiff's Motion to Amend must be denied because:

- The Ninth Circuit Court of Appeal **agreed** with this Court's original determination[2] that the Morgans

---

[2] This Court's original determinations are set forth in its Order Granting in Part and Denying in Part Plaintiffs' Motion for (1) Entry of Amended and Additional Findings and Conclusions and
(continued...)

    failed to prove the value of their surrender of the $295,877.20 claim previously dismissed by the state court ("Kerr Deficiency"), and the time in which to seek relief under Rules 52, 59 and 60[3] has long passed,

- The Ninth Circuit Court of Appeal **agreed** with the Original Judgment that the Morgans' failed to prove the attorneys' fees ("Fees Claim")[4] sought were necessary and reasonably related to the defense of the covered claims, and the time in which to seek relief from such ruling under Rule 60 has also passed,

- Hawai`i law leaves the issue of prejudgment interest in this Court's broad discretion, and Plaintiff demonstrates no grounds for relief under Rules 52, 59 or 60,

- The Court's determination regarding tax liability is well-founded on the applicable facts and Hawai`i law, and Plaintiff demonstrates no grounds for relief under Rules 52, 59 or 60.

Since the Fees Claim and the Kerr Deficiency claim were resolved in the Original Judgment in 2005 and affirmed by the Ninth Circuit in 2007, Plaintiff can seek relief for those claims under only Rule 60. Plaintiff is time barred for relief under Rule 60(b)(1) and has failed to demonstrate any grounds for relief under Rule 60(b)(5) and (6), which relief must also be

---

[2] (...continued) Altered and Amended Judgment and/or (2) New Trial, Order Amending Findings of Fact and Conclusions of Law filed on July 15, 2005, and Order Denying Defendant's Motion for Attorneys' Fees and costs, filed October 28, 2005 and the Judgment filed herein on October 31, 2005, collectively referred to herein as the "Original Judgment."

[3] All references to "Rules" are to the Federal Rules of Civil Procedure.

[4] The term "Fees Claim" shall refer to Plaintiff's claim against Chicago Title for the fees and costs incurred by Plaintiff in the state foreclosure action.

sought within a reasonable time. Seeking relief after two appellate courts have rejected Plaintiff's claims is not reasonable.

Regarding her interest and tax loss claims, Plaintiff does not - - because she cannot - - cite to any "intervening change in law" or "newly discovered evidence" to justify amending the Original Judgment or the Order on Remand or ordering a new trial. There was no "error of law" or "manifest injustice". Plaintiff is not entitled to **yet another** rehearing.

Accordingly, Plaintiff's Motion to Amend must be denied and the Original Judgment and Order on Remand left undisturbed.

**II. THIS COURT'S RULINGS WERE <u>AFFIRMED</u>: THERE IS NO JUSTIFICATION FOR AMENDING THE ORIGINAL JUDGMENT NOR GROUNDS FOR A NEW TRIAL UNDER RULES 52, 59 OR 60.**

The Original Judgment was entered on October 31, 2005. This Court determined that Plaintiff failed to prove the value of the Kerr Deficiency or entitlement to the Fees Claim.

On April 6, 2007, the Ninth Circuit affirmed the Original Judgment as to the Kerr Deficiency and the Fees Claim.

Plaintiff also seeks relief pursuant to Rule 60(b)(1), (5) and (6), which provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> . . .

>   (5) the judgment has been satisfied, released or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Motions under Rule 60(b) must be brought within the following time frame:

> Timing.  A motion under Rule 60(b) must be made within a **reasonable time** - - and **for reasons (1), (2), and (3), no more than a year after entry of the judgment** or order or the date of the proceeding.

**A.   Plaintiff's Rule 60 Motion is Untimely**

While Plaintiff's Motion claims it is made pursuant to Rule 60(b)(1),(5) and (6), her Memorandum regarding the Kerr Deficiency claim and the Fees Claim cites to only Rule 59(e) and 60(b)(1).  Plaintiff fails to mention Rule 60(b)(5) and (6), and cites to no Rule 60 authority.  Plaintiff hangs on the horns of a dilemma.  Factually and legally, she is not entitled to relief under Rule 60 (nor under Rules 52 and 59) and she is fatally tardy under Rules 52, 59, and 60(b)(1).[5]  Her only alternative is to disingenuously claim relief under Rule 60 60(b)(5) and (6) (to avoid the ten day-time bar of Rules 52 and 59 and the one-year time bar under 60(b)(1)), but argue the substance under Rule 59.

Plaintiff tries to justify her motion by suggesting the Court's Original Judgment was the result of a "mistake."  (Motion

---

[5] The Original Judgment was entered October 31, 2005 (affirmed April 6, 2007 by the Affirming Order) and the ten-day time limitation under Rules 52(b) or 59(b) and the one year time limitation under Rule 60(b)(1) has long since passed.

to Amend, p. 5 and 12.) Specifically, Plaintiff contends this Court "may have overlooked, and may never even have considered" certain arguments and evidence presented. Setting aside the merits of such an improper assertion,[6] motions under Rule 60(b)(1) must be brought "no more than a year after entry of the judgment." The Original Judgment was entered on October 31, 2005, and was left undisturbed by the Ninth Circuit as to the Kerr Deficiency claim and the Fees Claim. The Order on Remand does not address the Kerr Deficiency claim or the Fees Claim because those claims were not remanded. Since the relief sought under Rule 60(b)(1) is nearly 2 years late, Plaintiff's Motion to Amend must be denied.

**B.  The Original Judgment was Affirmed as to the Kerr Deficiency and the Fees Claim; This Court is Controlled by Law of the Case and Rule 60(b)(5) and (6) Do Not Apply**

The "law of case doctrine" precludes a district court from reconsidering on remand any issues decided by the Court of Appeals and not remanded. *Liberty Mutual Insurance Company v. EEOC,* 691 F.2d 438, 441 (9th Cir. 1982). The doctrine furthers

---

[6] Plaintiff ignores the presumption that all evidence presented is considered unless a court says otherwise. *Ramirez-Alejandre v. Ashcroft,* 276 F.3d 517, 520 (9th Cir. 2002) (citing presumption that all evidence presented is presumed considered unless the tribunal expressly states otherwise). The burden is on Plaintiff to present an analysis of evidence sufficient to demonstrate the Court's findings were deficient, and the Ninth Circuit has affirmed Plaintiff did not do so. *Associated Engineers & Contractors, Inc. v. State,* 58 Haw. 187, 215, 567 P.2d 397, 415 (1977) (trial court's factual findings are presumptively correct; burden is on the party seeking to overthrow findings for sufficient evidence to demonstrate deficiencies).

"the sound policy that when an issue is once litigated and decided, that should be the end of the matter." *Fogel v. Chestnutt,* 668 F.2d 100, 109 (2nd Cir. 1981, citing *United States v. United States Smelting Refining and Mining Co.,* 339 U.S. 186, 198 (1950). Unless there is substantially new evidence at a subsequent trial, new controlling authority, or the prior decision was clearly erroneous and would result in injustice, prior legal decisions must be followed. *Handi Investment Co. v. Mobil Oil Corp.,* 653 F.2d 391, 392 (9th Cir. 1981) (holding district court bound by appellate ruling reversing summary judgment and ordering remand).

Plaintiff's basis for Rule 60(b)(5) and (6) relief from the Original Judgment for the Kerr Deficiency claim and the Fees Claim is that the Court made a mistake, *i.e.,* it failed to consider certain evidence. Plaintiff nowhere argues that the Original Judgment has been satisfied, released, or discharged or that its prospective application is inequitable. None of those reasons exist. Indeed, nothing was "reversed or vacated" by the Ninth Circuit's Affirming Order, and thus, these portions of the Original Judgment cannot form the basis for relief under Rule 60(b)(5). As set forth plainly in the Affirming Order, issues relating to the Kerr Deficiency and Fees Claim were not "satisfied, released, or discharged," they were **affirmed** and thus may not be challenged *vis à vis* Rule 60(b)(5).

Further, as to Plaintiff's claim under Rule 60(b)(6), no justifiable grounds exist for relief on these issues. Relief from judgment under Rule 60(b)(6) should be granted "only in case of extraordinary circumstances." *Aho v. Clark,* 608 F.2d 365 (9th Cir. 1979), citing *Ackermann v. United States,* 340 U.S. 193 (1950). No "extraordinary circumstances" are present here; only Plaintiff's repeated attempts to recover from poor tactical decisions at trial. "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Ackerman v. United States,* 340 U.S. at 211-212.

Finally, Plaintiff's request for relief is based solely on a claim of "mistake" by this Court. Since mistake is a basis for relief under Rule 60(b)(1) it is not a ground for relief under Rule 60(b)(6). *Van Leeuen v. Farm Credit Administration,* 600 F.Supp. 1161, 1164 (D. Oregon 1984) (relief under subsection (6) of Rule 60 can be obtained only for reasons other than the five listed in subsections (1)-(5) of the rule), citing *Corex Corp. V. United States,* 638 F.2d 119, 121 (9th Cir. 1981). Rule 60(b)(6) refers to "any other reason", meaning any reason other than those stated in Rule 60(b)(1)-(5). Plaintiff cannot avoid the one-year limitation under Rule 60(b)(1) by claiming relief from mistake under Rule 60(b)(6).

**III. THERE IS NO JUSTIFICATION FOR AMENDING THE ORDER ON REMAND NOR GROUNDS FOR A NEW TRIAL UNDER RULES 52 OR 59.**

"Motions under Fed. R. Civ. P. Rule 52(b) are closely related to those under Fed. R. Civ. P. Rule 59." *Davis v.*

*Matthews,* 450 F.Supp. 308, 318 (E.D. Cal. 1978). Rule 52 provides that a party may make a motion for the court to amend its findings, or make additional findings, and may also move the court to amend its judgment accordingly. Rule 52(b). Rule 59(a) provides that a new trial may be granted following a bench trial "...for any of the reasons for which rehearings have heretofore been granted in suits in equity of the United States."

The circumstances under which a court may alter a judgment or order a new trial under these rules are limited and treated as an extraordinary remedy. Amendment of a judgment or a new trial will be granted only where:

(1) there is an intervening change in the law;

(2) new evidence has emerged not previously available; or

(3) there is a need to correct a clear error of law or prevent a manifest injustice.

*Carroll v. Nakatani,* 342 F.3d 934 (9th Cir. 2003) (in affirming summary judgment followed by a motion under Rule 59(e), court cited principle that amendment of a prior judgment should not be granted absent highly unusual circumstances where the district court is presented with newly discovered evidence, committed clear error, or is presented with an intervening change in controlling law); *Gutierrez v. Ashcroft,* 289 F.Supp.2d 555, 561 (D. N.J. 2003) (in *habeas* proceedings, court cited principles that motions under Rule 52 and 59 usually follow findings of fact and/or a judgment, and that purpose of the rule allowing for

amendment is to allow a court to correct manifest errors of law or fact, or in limited circumstances, to present newly discovered evidence, but not to relitigate old issues, to advance new theories, or to secure a rehearing on the merits).  Plaintiff cannot meet these standards and the Motion to Amend must be denied.

A motion for amendment "is not intended to serve as a vehicle for a rehearing."  *Davis v. Matthews,* 450 F.Supp. at 318 (on consideration of petitioner's motion to amend administrative order, court cited to principle that motion to amend findings under Rules 52 and 59 is designed primarily to correct findings central to the ultimate decision, it is not intended to serve as a vehicle for a rehearing).  Because reconsideration of a judgment after its entry is an extraordinary remedy, requests under Rule 52 for an amendment of the judgment are to be granted sparingly, and **only** when dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.  *Gutierrez v. Ashcroft, supra,* 289 F.Supp.2d at 561.  As set forth below, Plaintiff offers nothing in the way of an "intervening change" in the law, newly discovered evidence, "clear error" or manifest injustice.  The Motion to Amend must be denied.

A. **There is No Intervening Change in the Law**

All case law cited by Plaintiff predates the Order on Remand and the Affirming Order.  In fact, most of the case law

cited by Plaintiff predates the April 2005 trial. Plainly, there has been no "change" in the law since the Order on Remand which would justify the amendments or a new trial as contemplated by Rules 52 and 59. Nor does Plaintiff claim any. Plaintiff simply claims the Court was wrong in deciding the interest and tax loss issues.

### B. There is No New Evidence Previously Unavailable for this Court's Consideration

Motions to amend a judgment are not for advancing new legal theories and not for securing a rehearing on the merits. "Blessed with acuity of hindsight, [Plaintiff] may now realize that [she] did not make [her] initial case as compelling as [she] might have, but [she] cannot charge the district court with responsibility for that failure through this Rule 52(b) motion." *Lyons v. Jefferson Bank & Trust,* 793 F.Supp. 989, 991 (D. Colo. 1992). Motions to amend judgment cannot be used to raise arguments which could have been raised prior to issuance of judgment. *Diocese of Winona v. Interstate Fire & Cas. Co.,* 89 F.3d 1386, 1397 (8th Cir. 1996) (court held motion to amend judgment in insured's declaratory relief action was not the proper means for the insured to seek coverage for attorneys' fees in the underlying action where it had the opportunity to produce evidence on the issue before determination was made).

Plaintiff's Motion to Amend does exactly what the case law tells us motions under Rules 52 and 59 cannot: it asks for the same relief this court has considered, and rejected.

Plaintiff now seeks to amend the Order on Remand because the Court rejected Plaintiff's interpretation of the law. The request must be refused. *American Home Assur. Co. v. Glenn Estess & Associates, Inc.,* 763 F.2d 1237, 1238-1239 (11th Cir. 1985) (district court did not abuse its discretion in refusing to amend judgment where it was only after insured failed to prevail on its interpretation of law that an alternative theory was advanced).

### C. There is No "Error of Law" to Correct or "Manifest Injustice" to Remedy: the Trial Court's Determinations in the Remand Judgment Were Well-Founded and Supported by Applicable Law

#### 1. *Hawai`i Law Supports this Court's Discretion in Awarding Prejudgment Interest*

In support of her argument that prejudgment interest on the $30,096.64 judgment should be calculated from June 26, 1998, Plaintiff ignores Hawai`i statutory law on point. Specifically:

> **Awarding interest**. In awarding interest in civil cases, **the judge is authorized to designate the commencement date to conform with the circum-stances of each case**, provided that the earliest commencement date in cases arising in tort, may be the date when the injury first occurred and in cases arising by breach of contract, it may be the date when the breach first occurred. (Emphasis added.)

Hawai`i Revised Statutes § 636-16. Plainly, H.R.S. § 636-16 leaves the issue of prejudgment interest to the court's discretion. *McKeague v. Talbert,* 3 Haw. App. 646, 658 P.2d 898 (1983) (citing rule that in Hawai`i, prejudgment interest awards are within the **discretion** of all courts in civil cases, except

eminent domain).  As this Court articulated in its Order on Remand, "[t]he Morgans relinquished the Dimiceli judgment, and neither the decision of the Ninth Circuit nor the order of this Court revive that judgment in any way; it cannot, therefore, be the basis for an award of post-judgment interest."  Order on Remand, page 7.

Plaintiff's case law citations likewise provide no basis for this Court to "change its mind" and award interest from June 26, 1998.  *Roxas v. Marcos,* 89 Hawai`i 91, 969 P.2d 1209 (1998) does not support the conclusion that interest should be awarded at the "time of conversion," it simply discusses the measure of damages generally for conversion, a tort.  *Id.,* 89 Hawai`i t 149-150, 1267-1268.  Here, the measure of damages concerns a breach of contract, and H.R.S. § 636-16 specifically leaves the determination of interest as squarely within the trial court's discretion.  *Fukuda v. Hon/Hawaii Service and Repair,* 97 Hawai`i 3, 45, 33 P.3d 204, 211 (2001) is equally unsupportive.  *Fukuda* was a replevin action where the court considered "loss of use" damages in the context of a wrongful detention of a vehicle by a repair shop.  Indeed, the only case Plaintiff can cite in support of its prejudgment claim is *American General Corporation v. Continental Airlines,* 622 A.2d 1 (Del. Chanc. 1992), a state court decision from Delaware.  No where does Plaintiff address the discretion in awarding prejudgment interest given to this Court by statutory mandate.  Because Plaintiff demonstrates no

cause for reversing that discretion, Plaintiff's request must be denied.

### 2.  *Hawai`i Law Supports this Court's Determination Regarding "Tax Liability"*

Again, Plaintiff seeks to salvage her tax loss claim by setting forth an untenable position.  Plaintiff cites to no case law supporting her claim for "tax offsets" because none exists.  As set forth by this Court in its Order on Remand, "[t]he tax consequences resulting from [Plaintiff's] present judgment are no different than the tax consequences that would have resulted if Chicago Title had not breached its contract and the Morgans had not had to surrender the Dimiceli judgment."

Plaintiff cites generally to 26 U.S.C. § 61(a) to support her claim that tax consequences would have been different if Chicago Title had not breached its contract, but Plaintiff is wrong.  26 U.S.C. § 61(a) provides, in relevant part:

> **General definition.**  Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:
>
> . . .
>
> (3)  Gains derived from dealings in property;
>
> . . .
>
> (4)  Rents

It is disingenuous for Plaintiff to suggest the Dimiceli judgment, a judgment based on "lost rent," would not have constituted the receipt of gross income by the Morgans for federal income tax

purposes. Clearly, there is no need to correct an "error of law" or "manifest injustice" as to any alleged tax damages, and the Order on Remand should remain unchanged.

IV. CONCLUSION

Plaintiff's Motion to Amend is nothing more than yet another attempt to brief this Court on issues briefed and determined on multiple occasions. To suggest this Court reverse itself as to matters already affirmed by the Ninth Circuit is frivolous and warrants sanctions.[7] Based on the foregoing, Chicago Title respectfully request that this Court's Original Judgment, as affirmed, and Order on Remand remain unchanged and Plaintiff's Motion be denied.

DATED: Honolulu, Hawai`i, December 14, 2007.

/s/ Neil F. Hulbert
NEIL F. HULBERT
JADE LYNNE CHING
LAURA P. COUCH
Attorneys for Defendant
CHICAGO TITLE INSURANCE COMPANY

---

[7] See 28 U.S.C. § 1927 ("Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct").