IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALICE H. MORGAN, Trustees of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended,<br><br>Plaintiff,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | CIVIL NO. 00-00145 BMK<br><br>DECLARATION OF STEVEN B. JACOBSON |

### DECLARATION OF STEVEN B. JACOBSON

STEVEN B. JACOBSON declares as follows:

1.     I am a member of the Bar of this Court, and Plaintiffs' counsel of record. I have personal knowledge of the facts in this Declaration, and could and would competently testify to them if called as a witness.

2.     I was admitted to the District of Columbia Bar in December 1973, following my June 1973 graduation from Harvard Law School, and have been a practicing litigation attorney since December 1973. I captained the first place team in Harvard's Ames Moot Court Competition, judged by Mr. Justice Stewart and Circuit Judges Hays and Leventhal, during my second and third years of law

1

school. I was admitted in Hawaii in 1986.

3. In addition to trial-court level litigation, I have had primary responsibility for the litigation of more than 100 appeals, beginning with an oral argument before the United States Court of Appeals for the District of Columbia Circuit just eight days after my admission to the Bar. See Munsey v. Morton, 507 F.2d 1202 (D.C. Cir. 1974).

4. My reported cases include:

Munsey v. Morton, 507 F.2d 1202 (D.C. Cir. 1974)(argued)
North American Coal Co. v. UMWA, 512 F.2d 238 (6th Cir. 1975)(argued)
Consolidation Coal Co. v UMWA Local No. 1784, 514 F.2d 763 (6th Cir. 1975)(argued)
CF&I Steel Co. v. Morton, 516 F.2d 763 (3d Cir. 1975)(argued)
Rushton Mining Co. v. Morton, 520 F.2d 716 (3d Cir. 1975)(argued)
UMWA v. Kleppe, 532 F.2d 1403 (D.C. Cir. 1976)(argued)
Zeigler Coal Co. v. Kleppe, 536 F.2d 398 (D.C. Cir. 1976)(argued)
Peabody Coal Co. v. Local Union No. 1734, UMWA, 543 F.2d 10 (6th Cir. 1976)(argued)
Bituminous Coal Operators Ass'n v. Secretary of Interior, 547 F.2d 240 (4th Cir. 1977)(argued)
Kanawha Coal Co. v. Andrus, 553 F.2d 361 (4th Cir. 1977)(argued)
Ass'n of Bituminous Contractors v. Andrus, 581 F.2d 853 (D.C. Cir. 1978)(argued)
UMWA v. Andrus, 581 F.2d 888 (D.C. Cir. 1978)(argued)
Munsey v. Federal Mine Health and Safety Review Commission, 595 F.2d 738 (D.C. Cir. 1978)(argued)
Mullins v. Andrus, 664 F.2d 297 (D.C. Cir 1980)(argued)
Munsey v. Federal Mine Health and Safety Review Commission, 701 F.2d 896 (D.C. Cir. 1983)(argued)
In re Kona Joint Venture I, Ltd., 88 B.R. 285 (Bk. D. Haw. 1988)(argued)
Naliielua v. State of Hawaii, 795 F.Supp. 1009 (D. Haw. 1990), aff'd, 940 F.2d 1535 (9th Cir. 1991)(argued)
In re United Insurance Management, Inc. (Ernst & Young v. Matsumoto), 14 F.3d 1380 (9th Cir. 1994)(argued)

<u>Wong v. Wong</u>, 79 Haw. 26, 897 P.2d 953 (1995)(wrote prevailing jurisdictional statement)
<u>GGS Ltd. v. Masuda</u>, 82 Haw. 96, 944 P.2d 1341 (Haw.App. 1996)(argued)
<u>In re 2003 and 2007 Ala Wai Boulevard</u>, 85 Haw. 398, 944 P.2d 1341 (Haw. App. 1997)(argued)
<u>Pelosi v. Wailea Ranch Estates</u>, 91 Haw. 478, 985 P.2d 1045 (1999)(argued at ICA level, no Hawaii Supreme Court argument)
<u>Morgan v. Chicago Title Insurance Co.</u>, 65 Fed.Appx. 184 (9th Cir. 2003)(argued)

5.  I litigated this action on my own, at both the trial and appellate levels, with the assistance of two paralegals prior to December 2003. My and their work is detailed in attached Exhibit A.

6.  At the time she performed paralegal services in this action, Marlena Palmero had been working in the Litigation department at the Torkildson Katz law firm for at least seven years, first as a document analyst (lower level paralegal) and then (after promotion) as a paralegal.

7.  At the time she performed paralegal services in this action, Shelley Oshiro-Pacheco had been working in the Litigation Department of the Torkildson Katz law firm for at least five years, as a document analyst.

8.  $250 per hour plus Hawaii excise tax was and is the customary rate charged for my legal services at all times I performed legal services in this action. It is the rate I charged and charge to, and which was and is paid by, all of my insurance company clients. Based on my experience, that rate or higher is the customary rate charged for like services in Honolulu.

9. Ms. Palmero's hourly rate of $100 plus Hawaii excise tax, and Ms. Oshiro-Pacheco's hourly rate of $75 plus Hawaii excise tax, were likewise the customary rates charged for their services at all times they performed them in this action. Based on my experience, those rates were the customary rates charged for like services in Honolulu. When I performed paralegal-type services in this action (I now practice on my own), I used Ms. Oshiro-Pacheco's rate.

10. From time to time Mr. and Mrs. Morgan consulted with another attorney with respect to the subject matter of this action, and communicated with me through him, particularly when we were working out the terms of my representation. None of that attorney's fees for his services are being requested in this action. He is referred to in Exhibit A as the "advisory attorney."

11. I have reviewed and approved the time and charges set forth in Exhibit A, and the time spent was reasonable and necessary under the circumstances of this hotly defended case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of January, 2008, at Honolulu, Hawaii.

STEVEN B. JACOBSON