IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALICE H. MORGAN, Trustees of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended,<br><br>Plaintiff,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | CIVIL NO. 00-00145 BMK<br><br>DECLARATION OF STEVEN B. JACOBSON |

## DECLARATION OF STEVEN B. JACOBSON

STEVEN B. JACOBSON declares as follows:

1.     I am a member of the Bar of this Court, and Plaintiffs' counsel of record. I have personal knowledge of the facts in this Declaration, and could and would competently testify to them if called as a witness.

2.     I met and conferred with CT's counsel, Laura Couch, in attempts to reach agreement and resolve disputes with respect to the requested costs, on Monday, February 4, 2008, but we were not able to reach agreement although it is possible that agreement may later be reached.

3.  Attached Exhibit A lists the additional documents for which Plaintiff is requesting printing and copying costs at LR 54.2(f)(4)'s rate of 15 cents per page. The list describes each document, each document's purpose, the number of pages of each document, and the total number of originals and copies for which an award is requested.

4.  The transcript of the hearing before Judge Gillmor on October 2, 2000, on Chicago Title's first dismissal motion, was needed because a dispute subsequently arose over what Judge Gillmor said and meant at the hearing. I had advised the Court in writing, in advance of the hearing, that no hearing would be necessary because the Morgans would exercise their right to voluntarily amend instead. Judge Gillmor went ahead with the hearing anyway, and indicated that she might award sanctions because my letter and the new First Amended Complaint were provided less than 18 days before the hearing date. When Chicago Title then sought sanctions in the $4,000 range, for preparing the motion in the first place, the transcript became necessary to show that was inappropriate. (The sanction question was later dropped.)

5.  The transcript of the hearing before Judge Gillmor on December 18, 2000, on Chicago Title's motion to dismiss the First Amended Complaint, was necessary because Chicago Title later moved to dismiss the Second Amended Complaint – alleging that cited deficiencies in the First Amended Complaint hadn't

10

been fixed – placing in issue the question of exactly why the First Amended Complaint had been dismissed.

6.  The transcript of the hearing before Judge Gillmor on April 2, 2001, on Chicago Title's unsuccessful motion to dismiss the Second Amended Complaint, became pertinent when Chicago Title later moved for summary judgment making some of the same arguments, as well as when Judge Gillmor, inconsistently, granted a later-reversed summary judgment. The inconsistency was also useful in Plaintiff's first, successful appeal in which the summary judgment was reversed.

7.  I have reviewed the costs requested in the foregoing Bill of Costs and the exhibits. All such costs are correctly stated and authorized by law, and were reasonably and necessarily incurred for counsel's effective performance on Plaintiff's behalf in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of February, 2008, at Honolulu, Hawaii.

_____
STEVEN B. JACOBSON