FILED

MAY 22 2003

NOT FOR PUBLICATION

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERT R. MORGAN, Trustee of the Morgan Family Revocable Living Trust under Agreement dated September 30, 1990, as amended; ALICE H. MORGAN, Trustee of the Morgan Family Revocable Living Trust under agreement dated 9/20/90, as amended,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant - Appellee. | No. 02-16141<br><br>D.C. No. CV-00-00145-HG/BMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Argued and Submitted May 5, 2003
Honolulu, Hawaii

Before: GOODWIN, RYMER, and T.G. NELSON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

EXHIBIT 1

Albert and Alice Morgan brought a diversity action against Chicago Title Insurance Company seeking reimbursement for legal fees incurred in defense of their title. The district court granted summary judgment to Chicago Title. We reverse and remand.

I

Under a title insurance policy, the insurance company owes the insured a "duty to defend" against adverse claims raising the *possibility* of coverage. *Commerce & Indus. Ins. Co. v. Bank of Hawaii*, 73 Haw. 322, 325-26 (1992). We must look to "the language of the particular policy involved" to determine whether Rosetta Dimiceli's adverse claim was possibly covered by the Morgans' policy and whether Chicago Title had a duty to defend. *Id.* The Morgans' policy "must be construed liberally in favor of the insured and [any] ambiguities [must be] resolved against the insurer." *Dairy Rd. Partners v. Island Ins. Co., Ltd.*, 92 Haw. 398, 412 (2000) (citation and internal quotation marks omitted).

There is no dispute that Dimiceli's adverse claim to the Kauai property fell within the policy's insuring provisions. Also, the Morgans' April 1994 letter gave sufficient notice to trigger Chicago Title's duty to defend, as the notice provision of the Morgans' policy requires the insured only to notify Chicago Title of the

*existence* of an adverse claim; it does not require the insured to forward copies of related court documents or to describe the adverse claimant's theory of recovery. *See Standard Oil Co. of Cal. v. Hawaiian Ins. & Guaranty Co., Ltd.*, 65 Haw. 521, 526 n.4 (1982) (notice requirements not intended to provide a "'technical escape-hatch'"). Therefore, Chicago Title had a duty to defend unless Dimiceli's DROA-based claim fell within one of the policy's coverage exceptions.

II

Chicago Title relies on three exceptions. First, it argues that the exception for "easements, liens, or encumbrances, or claims thereof, which are not shown by the public records" is applicable because Dimiceli's DROA was unrecorded. Although title insurance policies generally do not cover unrecorded title defects, *see, e.g., FTC v. Ticor Title Ins. Co.*, 504 U.S. 621, 626 (1992), the Morgans' policy specifically limits this exception to unrecorded "easements, liens, or encumbrances." Dimiceli's DROA-based claim arguably fell outside of these enumerated categories, as the "easement" and "lien" categories are clearly inapplicable while it is unclear under Hawaii law whether the property interest created by a DROA can be characterized as an "encumbrance." An encumbrance is "any right or interest existing in a third person that diminishes the value of the

3

estate to the grantee, but which is *consistent with* the passage of the estate to the grantee." *S. Utsunomiya Enterps., Inc. v. Moomuku Country Club*, 75 Haw. 480, 502 (1994) (emphasis added). A DROA may vest equitable and beneficial title in the purchaser. *See Jenkins v. Wise*, 58 Haw. 592, 596 (1978); *Kaiman Realty, Inc. v. Carmichael*, 66 Haw. 103, 104 (1983); *PR Pension Fund v. Nakada*, 8 Haw. App. 480, 488 (1991). Accordingly, the property interest which Dimiceli claimed may be *inconsistent* with Kerr's ability subsequently to transfer title to the Morgans. As we must resolve ambiguities in favor of the insured, we cannot say there was no possibility that Dimiceli's DROA-based claim fell outside of this exception.

Second, the policy excludes adverse claims "not known to the Company, not recorded in the public records . . . but known to the insured claimant and not disclosed in writing." Chicago Title points to the fact that Dimiceli alleged in the state court proceedings that the Morgans had knowledge of her adverse title claim, and argues that it could rely on this allegation when determining whether coverage existed. However, Hawaii law is to the contrary. Although some states measure the duty to defend solely in reference to the facts alleged in the third party's pleadings, *see, e.g., Zimmerman v. Chicago Title Ins. Co.*, 28 S.W.3d 584, 585-86 (Tex. App. 1999), Hawaii law requires insurers to conduct a reasonable

4

investigation into the underlying facts as a *precondition* to denying coverage. *Dairy Road Partners*, 92 Haw. at 414-15. It was possible that the Morgans did not have knowledge of Dimiceli's adverse claim, despite Dimiceli's pleading to the contrary, so Chicago Title could not deny coverage under this exception.

The final exception excludes claims "which are not shown by the public records but which could be ascertained by an inspection of the land or by making inquiry of persons in possession thereof." Although "parties in possession" clauses are common in title insurance policies, many such policies exclude *all* claims made by parties in possession. *See, e.g., Cheverly Terrace P'ship v. Ticor Title Ins. Co.*, 100 Md. App. 606, 611 (1994). By contrast, the specific language used in the Morgans' policy excludes only such claims that *could be ascertained* by inspection or inquiry. Even had the Morgans inspected the Kauai property in 1991 and asked Dimiceli whether she was the owner, she could have told them (as she apparently had told others) that she was a mere tenant. For this reason it is possible that Dimiceli's adverse title claim could not be ascertained by inspection or inquiry, and Chicago Title improperly denied coverage under this exception.

REVERSED AND REMANDED