NO. 05-17145

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALBERT R. MORGAN, JR. and ALICE H. MORGAN, Trustees of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended,

          Plaintiffs-Appellants,

v.

CHICAGO TITLE INSURANCE COMPANY,

          Defendant/Appellee

APPEAL FROM A JUDGMENT AND ORDERS OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII ON REMAND OF APPEAL NO. 02-16141, 65 FED.APPX. 184 (2003), HON. BARRY M. KURREN, MAGISTRATE JUDGE

**APPELLANTS' OPENING BRIEF**

STEVEN B. JACOBSON
Steven B. Jacobson, Attorney at Law,
A Limited Liability Law Company
P. O. Box 240761
Honolulu, HI 96824-0761
(808)-377-1814

Attorneys for Appellants

**EXHIBIT 4**

On remand, with Morgans' bad faith claim revived, CT should be ordered to produce the documents supporting its "advice of counsel defense," which clearly waived all otherwise applicable privileges. CT does not appear to dispute the waiver.

## ARGUMENT

I.  **MR. AND MRS. MORGAN ARE ENTITLED TO RECOVER ALL OF THE BREACH OF CONTRACT DAMAGES THEY ARE SEEKING.**

A.  **The Magistrate Judge Erred In Granting Judgment For CT On Morgans' Requests for the Value of the Consideration They Surrendered In Settling With Dimiceli After CT Failed To Defend Them.**

1. **The MJ Erred In *Sua Sponte* Concluding That The Value of Consideration Surrendered by Policyholders in Settlement After Their Insurers Breach Their Duty to Defend Them Is Unrecoverable As A Matter of Law If It's Non-Cash. Morgans Are Entitled To Recover The Value of All Consideration They Surrendered In Settling With Dimiceli After CT Failed To Defend Them.**

When an insurance carrier breaches its duty to defend a policyholder, it becomes liable for all consequential damages suffered by the policyholder. *Hogan v. Midland National Insurance Co.*, 3 Cal.3d 553, 564, 476 P.2d 825, 831 (Cal. 1970) ("liability for the harm to the insured which ostensibly flowed from the breach"); *INA v. Liberty Mutual*, 128 Cal.App.3d 297, 307, 180 Cal.Rptr. 244, 250-251 (Cal.App. 1982) ("all harm suffered by an insured as a result of the carrier's breach of contract"); *Siegel v. William D.*

*Bookhultz & Sons, Inc.*, 419 F.2d 720, 723 (D.C. Cir. 1969) ("the losses resulting"); *Stockdale v. Jameson*, 416 Mich. 217, 330 N.W.2d 389, 392 (Mich. 1982) ("any damages arising 'naturally from the breach *or* ... in the contemplation of the parties at the time the contract was made.'"); *Newhouse v. Citizens Security Mutual Insurance Co.*, 176 Wisc.2d 824, 501 N.W.2d 1, 6-7 (Wisc. 1993) ("all damages that naturally flow from the breach"); *Fuller v. Lloyd*, 714 S.W.2d 698, 702 (Mo.App. 1986) ("damages which flow from the refusal to defend" can include the policyholder's loss of his driver's license, and thus his ability to get to work).

A carrier which breaches its duty to defend "should be charged with a heavy burden of proof of even partial freedom from liability for the harm to the insured which ostensibly flowed from the breach." *Hogan, supra.*

Thus, as the MJ recognized (1227), *Sentinel Insurance Co. v. First Insurance Co. of Hawaii*, 76 Haw. 277, 296, 875 P.2d 894, 913 (1994), holds that after an insurer in Hawaii has breached its duty to defend, its policyholders are "entitled to negotiate a reasonable and good faith settlement of the underlying claim which amount may then be utilized as presumptive evidence of the breaching insurer's liability" for indemnification, the insurer's breach having "waive[d] its right to approve of any settlement," as well as its right to insist that its liability be established by

a litigated judgment. See also *Newhouse, supra* ("damages that naturally flow from the breach" include "the amount of the judgment or settlement against the insured plus interest").

However, contrary to the MJ (1227-1228), there is no requirement in *Sentinel*, or anywhere else, that the consideration yielded in settlement be cash in order for its value to be recoverable.

CT never made any such argument, and has not defended the MJ's conclusion. See 80-103, 202-236, 1012-1029, 1181-1201, 1242-1244, 1275-1278.

A cash-only requirement would be contrary to the rule that policyholders can recover *all* losses resulting from their insurers' breach.

"There is no analytical distinction between surrendering money in exchange for a settlement and exchanging any other item of value." *Earth Elements, Inc. v. National American Insurance Co. of California*, 4 Cal.App.4th 110, 113, 116, 48 Cal.Rprt.2d 399, 400, 402 (Cal.App. 1996) (policyholder entitled to recover $1,000,000 as value of a claim surrendered in a settlement); *Ritchie v. Anchor Casualty Co.*, 135 Cal.App.2d 245, 286 P.2d 1000, 1008 (Cal.App. 1955) (policyholder entitled to recover the value of a surrendered account receivable).

31

## 2. The MJ Erred in *Sua Sponte* Finding That Morgans Failed To Cite *Earth Elements* and *Ritchie* Until They Made Their Rule 60(b) Motion, and in Surmising That Any Such Omission Was Significant.

Contrary to the MJ (1262), Morgans cited both *Earth Elements* and *Ritchie* and, more importantly, pointed out the lack of any analytical distinction between cash and non-cash consideration, in their pre-trial trial brief and again in their proposed findings and proposed conclusions. (182-183, 813, 918-919) See also *Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 908 (9th Cir. 2005); *Dorn, supra*.

CT never made any such argument, and has not defended the MJ's finding. See 1242-1244, 1275-1278.

## 3. The MJ Erred in *Sua Sponte* Concluding That Morgans Did Not Submit "Any" Evidence in Support of their Requests for the Value of the Surrendered Consideration.

The MJ's conclusion (1033, 1035) that Morgans failed to submit "any" evidence to support their requests for the value of their surrendered consideration is astonishingly wrong.

CT never made any such argument, and has not defended the MJ's conclusion. See 1012-1029, 1181-1201, 1242-1244, 1275-1278.

Morgans' duly-admitted evidence included, for example, the surrendered $30,096.64 judgment itself (585-587), the record before the state trial court where the surrendered $295,877.20 deficiency claim had

been litigated (it was on state appeal at the time of settlement) (see 378-628),[8] the settlement agreement itself (744-752), and the state court filings implementing the settlement (621-628). The amount of the $30,096.64 judgment is shown on its face. (586)

Morgan's proposed findings and conclusions walked the MJ through all of the relevant evidence and law, referring him to each of the duly-admitted trial exhibits establishing that Morgans are entitled to recover every penny they were seeking. (805-809, 811-845, 910-959)

It appears, from the MJ's forgetting that Morgans had cited *Earth Elements* and *Ritchie* **three times** on a point he thought dispositive (1262, see 182-183, 813, 918-919), and other indications, that Morgans' filings may not have received close attention. But the evidence is in the record.

### 4. CT's Defense of "Speculative" Is Frivolous.

CT only proposed conclusion on Morgans' request for the value of their surrendered consideration[9] – that the value of lost judgments or lost claims is inherently too "speculative" to be recoverable at all – is frivolous and cannot possibly meet CT's heavy burden of disproving Morgans' right

---

[8] For brevity's sake, much of the state court record is not included in the Excerpts of Record. However, almost all of it has been admitted into evidence as Joint Trial Exhibits 4 through 209. (266-267, see 378-409)

[9] CT did not propose any findings on Morgans' evidence of their lost consideration's value. (1012-1030)