FILE COPY

# TORKILDSON, KATZ, FONSECA, JAFFE, MOORE & HETHERINGTON

ATTORNEYS AT LAW, A LAW CORPORATION
700 BISHOP STREET, 15TH FLOOR
HONOLULU, HAWAII 96813-4187
TELEPHONE (808) 523-6000 • FACSIMILE (808) 523-6001

STEVEN B. JACOBSON
E-MAIL: SBJ@TORKILDSON.COM

April 13, 2001

Mr. and Mrs. Albert R. Morgan, Jr.
P. O. Box 8360
Horseshoe Bay, Texas 78657

Re: Morgan v. Chicago Title Insurance Company

Dear Mr. and Mrs. Morgan:

This letter set forth the terms under which our firm, TORKILDSON, KATZ, FONSECA, JAFFE, MOORE & HETHERINGTON, ATTORNEYS AT LAW, A LAW CORPORATION ("TKFJM&H"), will represent you and your inter vivos trusts (collectively "you") in the "Engagement" defined in paragraph 1, below. Please read this letter carefully and be sure you understand it fully before you sign and return it to us because it sets forth the agreement for the Engagement between you and TKFJM&H. Your signature and return of this letter confirms your understanding of and agreement to its terms.

1. **Description of Services.**

On the terms set forth in this letter, we will continue to represent you in connection with your dispute with Chicago Title Insurance Company and its officers, employees, agents and attorneys ("Chicago Title"), involving your rights under Chicago Title's policy covering your mortgage on the property at Napo'okola Circle, Princeville, Hawai'i, your rights resulting from how Chicago Title handled your claim, and your rights resulting from Chicago Title's denial of your claim under that policy, including all lawsuits and appeals involving your rights ("the Engagement"). These terms will take effect immediately upon our receipt of a countersigned copy of this letter.

2. **Fees and Costs for Legal Services.**

I will be primarily responsible for handling the Engagement; however, from time to time, certain services will be performed by other attorneys, paralegals or staff under my supervision in an attempt to provide you with competent legal services as efficiently as possible. You will be charged for our services, in conformance with Rule 1.5 of the Hawai'i Rules of Professional Conduct, an amount equal to thirty-five percent (35%) of your remaining recovery in the Engagement, after we have deducted all out-of-pocket costs (see paragraph 6 below) which have been or may be incurred in the Engagement.

EXHIBIT 15     M001869

Mr. and Mrs. Albert R. Morgan, Jr.
April 13, 2001
Page 2

      For purposes of determining said amount, the term "recovery" includes all amounts which are paid to you under judgments and fee and cost awards, and/or any settlement agreements.

      One-half of the first $50,000 of your sixty-five percent (65%) of any recovery, and the next $105,000 of your sixty-five percent (65%) of any recovery, will be applied to the unpaid attorneys' fees and costs we have billed to you for our representation in the underlying case of Morgan v. Kerr, Fifth Circuit Court, Civil No. 93-0199, and related appeals. The balance will be paid to you. If we receive the full $130,000, all amounts owed by you for our representation in the underlying case and related appeals will be deemed paid in full.

    3.    <u>Security for Payment of Fees</u>.

      To secure the payment of our fees and costs, you hereby grant to TKFJM&H an attorneys' charging lien on any and all of your claims, demands and causes of action (as well as on the proceeds and products thereof) arising out of the subject matter of the Engagement.

      You hereby waive any and all statute of limitations and laches defenses applicable to any claims of TKFJM&H may have against you for unpaid fees and costs, for its representation in the underlying case as described above, until six (6) months after the Engagement is completed.

    4.    <u>Term</u>.

      TKFJM&H is to continue as your attorneys until the completion of the Engagement unless discharged sooner by you or unless we withdraw sooner.

    5.    <u>Costs</u>.

      Except as otherwise provided in paragraphs 9 and 12 below, "costs" will be paid by us subject to reimbursement only from any recovery as set forth in paragraph 2 above. Costs may include, but are not limited to, filing fees, service and mileage fees of process servers, court reporters' fees, recording fees, copying costs, facsimile charges, non-routine postage and certified mail fees in excess of $1.00 per item, telephone toll charges, bank search and copying charges, accountants' fees, appraisers' fees, expert witness fees, title company or escrow fees, and travel expenses including transportation and meals. Some providers of services occasionally provide gratuities to members of our staff to encourage continued use of those providers. Such gratuities are kept by the individual staff members to whom they are given by the service providers; they do not become the property of TKFJM&H or you. The incurring of individual costs items in excess of $100.00 will be subject to your approval, except that filing fees, the fees of the expert witness who will testify as to the reasonableness of this firm's billing rates, and costs associated with depositions, need not be approved.

M001870

Mr. and Mrs. Albert R. Morgan, Jr.
April 13, 2001
Page 3

6. <u>Estimate Only</u>.

Any estimate you may have been given regarding the possible amount of total costs is an estimate only and is not a fixed quotation or guarantee.

7. <u>No Guaranty of Result</u>.

TKFJM&H cannot and has not guaranteed any result in the final disposition of the Engagement, nor have we guaranteed that the Engagement can be concluded by the expenditure of any set amount of time or costs.

8. <u>Disputes</u>.

If you are at any time dissatisfied with our attorney-client relationship, or have a question about our work or the application of the proceeds of any recovery, you will promptly inform me and work toward a resolution of that dissatisfaction or question; provided, however, that you retain the option to terminate our attorney-client relationship at any time upon written notice.

At TKFJM&H's option, the foregoing contingency arrangement shall survive any termination, unless TKFJM&H withdraws without good cause (as defined in paragraph 12 below), or is discharged by you for cause (incompetent or otherwise improper representation), in which case TKFJM&H shall only be entitled to recover quantum meruit fees and costs.

If TKFJM&H withdraws for good cause, or is discharged by you without good cause, TKFJM&H may choose, in the alternative, to charge you its regular hourly rates for services performed during the Engagement and for out-of-pocket costs incurred in the Engagement.

Any and all disputes we are unable to resolve privately will be resolved in Honolulu by mediation and, if necessary, arbitration pursuant to the Rules of the American Arbitration Association.

9. <u>Cooperation</u>.

You will cooperate in our handling of the Engagement, and you will adhere to the advice given you by TKFJM&H, or, upon our request, sign a statement which verifies that you have elected to act contrary to the advice of your attorneys.

10. <u>Discharge or Withdrawal</u>.

You may discharge TKFJM&H at any time, with or without cause. TKFJM&H may withdraw from the Engagement with your consent or for good cause, subject to court approval if required. Good cause is agreed to include your breach of this agreement, your refusal to cooperate with TKFJM&H or to follow our advice on a material matter, or any other fact or

Mr. and Mrs. Albert R. Morgan, Jr.
April 13, 2001
Page 4

circumstance that would render our continuing representation unlawful or unethical. Upon our discharge or withdrawal, all fees and costs which thereupon become due (if any) shall be billed and shall become immediately due and payable.

    11.    <u>Amendment and Waiver</u>.

No change or waiver of any of the provisions of this Agreement shall be effective unless the change or waiver is in writing and signed by you and TKFJM&H.

Please sign and return the enclosed copy of this letter to confirm your agreement to its terms. If any of the above is not clear, or if you have any questions, please do not hesitate to call. However, we must advise you that we are not offering any opinion as to whether you should sign this letter agreement. If you have any doubts about signing this letter agreement, please seek advice from other persons whose opinions you respect, including, if you feel it appropriate, the opinion of another attorney. Mr. Sulla is being sent a copy of this Agreement.

Thank you again for retaining TKFJM&H as your attorneys.

        Sincerely yours,

        TORKILDSON, KATZ, FONSECA
        JAFFE, MOORE & HETHERINGTON
        Attorneys at Law, A Law Corporation

        Steven B. Jacobson

SBJ/sys
Enclosure

AGREED TO AND ACCEPTED:

_____
ALBERT R. MORGAN, JR., Individually
and as Trustee of the Morgan Family
Revocable Living Trust Under Agreement
Dated September 20, 1990, as Amended

Dated:   20 APR 01

M001872

Mr. and Mrs. Albert R. Morgan, Jr.
April 13, 2001
Page 5

AGREED TO AND ACCEPTED:

*Alice H. Morgan*
ALICE H. MORGAN, Individually
and as Trustee of the Morgan Family
Revocable Living Trust Under Agreement
Dated September 20, 1990, as Amended

Dated: *Apr. 20, 2001*

cc:  Paul J. Sulla, Jr., Esq.
18609/0001/494834.V2

M001873