**FILED**

**NOT FOR PUBLICATION**

APR 06 2007

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERT R. MORGAN; et al.,<br><br>    Plaintiffs - Appellants,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>    Defendant - Appellee. | No. 05-17145<br><br>D.C. No. CV-00-00145-BMK<br><br>MEMORANDUM AND ORDER* |
| ALBERT R. MORGAN; et al.,<br><br>    Plaintiffs - Appellants,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>    Defendant - Appellee. | No. 06-16175<br><br>D.C. No. CV-00-00145-DAE/BMK |
| ALBERT R. MORGAN; et al.,<br><br>    Plaintiffs - Appellants, | No. 06-16292<br><br>D.C. No. CV-00-00145-BMK |

---

   * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**EXHIBIT 16**

v.

CHICAGO TITLE INSURANCE
COMPANY,

    Defendant - Appellee.

Appeal from the United States District Court
for the District of Hawai'i
Barry M. Kurren, Magistrate Judge, Presiding

Argued and Submitted March 6, 2007
Pasadena, California

Before: FERNANDEZ, GRABER, and IKUTA, Circuit Judges.

The surrender of a judgment may constitute consideration recoverable as compensatory damages. See Sentinel Ins. Co. v. First Ins. Co. of Haw., 875 P.2d 894, 913 (Haw. 1994); Earth Elements, Inc. v. Nat'l Am. Ins. Co. of Cal., 48 Cal. Rptr. 2d 399, 402 (Ct. App. 1996). Therefore, the district court erred in dismissing the Morgans' claim that they are entitled to reimbursement for the $30,096.64 judgment they surrendered to Dimiceli as part of their settlement of Dimiceli's claims. On remand, the court must consider whether the Morgans established that this element of their settlement with Dimiceli was reasonable and in good faith, such that it "may then be utilized as presumptive evidence of the breaching insurer's liability." Sentinel, 875 P.2d at 913.

The district court did not err in dismissing the Morgans' claims for other damages. At trial, the Morgans failed to prove the attorneys' fees they sought were necessary and reasonably related to the defense of the covered claims, as required by Hawai'i law. See Keller v. La Rissa, Inc., 586 P.2d 1017, 1021 (Haw. 1978); Sharp v. Hui Wahine, Inc., 413 P.2d 242, 245–46 (Haw. 1966). Additionally, the Morgans failed to prove with "reasonable certainty," see Ferreira v. Honolulu Star-Bulletin, Ltd., 356 P.2d 651, 656 (Haw. 1960), the value of their surrender of a claim which had previously been dismissed by the state court. The district court's conclusion that the Morgans failed to prove these damages was not contrary to its prior order, which related only to the burden of proving allocability of defense costs.

The parties have not cited any Hawai'i decision directly ruling whether plaintiffs can recover losses due to tax consequences caused by a breach of contract. However, Hawai'i courts generally allow plaintiffs to recover any loss that can be shown with reasonable certainty, and have rejected a per se rule that certain types of losses are too speculative as a matter of law. See Chung v. Kaonohi Ctr. Co., 618 P.2d 283, 290-291 (Haw. 1980), abrogated on other grounds by Francis v. Lee Enters., Inc., 971 P.2d 707 (Haw. 1999); see also Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 366 (9th Cir.

3

2005). Therefore, the district court erred in refusing to allow the Morgans to introduce evidence of tax consequences caused by Chicago Title's breach of insurance contract. On remand, if the district court concludes that the Morgans are entitled to greater than nominal damages, it must also determine whether under the law of Hawai'i and the facts of this case, the Morgans are entitled to recover tax losses caused by Chicago Title's breach of contract. If the district court determines again that the damages are nominal, it need not revisit this issue because any error would be harmless.

For their bad faith claim, the Morgans sought only punitive damages and the same consequential damages available in their breach of contract claim. Therefore, once the district court dismissed the punitive damages claim, any error in dismissing the bad faith claim was harmless.

Because Chicago Title sought summary judgment on the bad faith claim without referencing its privileged communications, the district court did not err in refusing to compel discovery of such communications. See Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162–63 (9th Cir. 1992).

The Morgans were not entitled to interest on the costs awarded to them by the Ninth Circuit because they failed to provide any supporting authority per Local Rule 54.2(c) of the Hawai'i District court. Because the Morgans failed to show

that the transcripts used on appeal were "necessarily obtained for use in the case" as required by 28 U.S.C. § 1920(2), they were not entitled to their costs for such transcripts.

On remand, the court should consider Morgans' entitlement to attorneys' fees under Haw. Rev. Stat.§ 607-14 (2006) and Haw. Rev. Stat. § 431:10-242 (2006).

In the absence of allegations of bias or unusual circumstances, we deny the request to remand to a different judge. See Living Designs, 431 F.3d at 372–73.

Because the Morgans' pending motion to correct and provide record cites constitutes an improper supplement to its opening brief, it is denied. Cf. Fed. R. App. P. 28(j).

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART and REMANDED.**