IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALICE H. MORGAN, Trustee of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended,<br><br>Plaintiff,<br><br>vs.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | Civ. No. 00-00145 BMK<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ALTER AND AMEND |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ALTER AND AMEND

Before the Court is a motion by Plaintiff Alice H. Morgan ("Morgan") styled as a "Motion to Alter and Amend and/or Alternatively For New Trial." The Court finds this matter suitable for disposition without a hearing, and after careful consideration of both the motion and the supporting and opposing memoranda, hereby orders that Morgan's motion be DENIED IN PART and GRANTED IN PART.

### PROCEDURAL HISTORY

This case arises out of Morgan's claims that Defendant Chicago Title Insurance Company ("Chicago Title") breached its insurance contract with Morgan.



EXHIBIT 2

In 2003, the Ninth Circuit Court of Appeals determined that Chicago Title *had* breached its duty to defend Morgan. In a 2005 bench trial, at the close of Morgan's case, this Court ruled that notwithstanding the breach, Morgan had failed to provide any evidence of damages. Morgan again appealed, and on April 10, 2007, the Ninth Circuit Court of Appeals affirmed in part and reversed in part.

Three aspects of the case were remanded for the Court's consideration. First, the Ninth Circuit instructed the Court to determine "whether the Morgans established that [their surrender of the Dimiceli judgment in settlement] was reasonable and in good faith, such that it 'may then be utilized as presumptive evidence of the breaching insurer's liability'" (Remand Order 2.) Second, it directed the Court to "determine whether under the law of Hawaii and facts of this case, the Morgans are entitled to recover tax losses caused by Chicago Title's breach of contract." (Remand Order 4.) Finally, the Court was instructed to "consider Morgans' entitlement to attorneys' fees under Haw. Rev. Stat. § 607-14 (2006) and Haw. Rev. Stat. § 431:10-242 (2006)." (Remand Order 5.)

On November 8, 2007, after briefing by the parties, the Court issued an order finding that Morgan's surrender of the Dimiceli judgment was reasonable and in good faith, and awarded Morgan $30,096.64 in damages and $23,285.47 in pre-judgment interest. The Court determined that Morgan had incurred no tax losses as

a result of her surrender of the judgment, and instructed Morgan to file a motion for attorney's fees at the appropriate time, after judgment. On November 26, Morgan filed the instant Motion to Alter and Amend and/or For New Trial.

## STANDARD OF REVIEW

Morgan states that she has brought this motion under Rules 52(b), 59(a), 59(e), 60(b)(1), 60(b)(5), and 60(b)(6) of the Federal Rules of Civil Procedure. Rule 52(b) provides parties with the opportunity to move the court, "no later than 10 days after entry of judgment," to amend that finding or judgment. Fed. R. Civ. P. 52(b). Rule 59 authorizes a court to grant a new trial, or to amend the judgment in a bench trial, as long as the motion for a new trial has been filed "no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(b), 59(e). Rule 60(b) allows reconsideration of a "final judgment, order, or proceeding" for

> (1) mistake, inadvertance, surprise, or excusable neglect . . . (5) [when] the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Motions brought under Rule 60 must be made "within a reasonable time," except that motions brought pursuant to Rule 60(b)(1) must be

3

brought "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b).

## DISCUSSION

### I. DIMICELI JUDGMENT

Morgan first argues that neither the $30,096.64 damages award nor the $23,285.47 pre-judgment interest award adequately compensate her for surrendering the Dimiceli judgment during settlement. Morgan contends that the true value of the Dimiceli judgment at the date of its surrender is actually greater than the $30,096.64 face value of the judgment, and that her damages award should be increased accordingly. In addition, Morgan also contends that the pre-judgment interest of $23,285.47 this Court awarded on its November 8, 2007 judgment in favor of Morgan should be calculated from the date of Morgan's loss, rather than from the date on which she filed her action against Chicago Title.

Morgan bases her request for increased damages on the argument that the value of the Dimiceli judgment on the day she surrendered it was the $30,056.64 face value of the judgment "plus the 10% interest rate that had accrued" on the judgment between its entry and the date of surrender, pursuant to Haw. Rev. Stat. § 478-3. (Mem. Supp. Mot. 1-2.) The Court finds merit in this argument. The Dimiceli judgment not only awarded Morgan $30,096.64, but also explicitly ordered

4

that "[p]ost-judgment interest shall run on this judgment as provided by law." (Trial Ex 162, Ex. 2, ¶ 4.) Under Haw. Rev. Stat. § 478-3, this interest rate is fixed at 10% per year. The Court will calculate this post-judgment interest from the date the Dimiceli judgment was entered on June 26, 1998, until the date that judgment was surrendered by virtue of Morgan and Dimiceli's joint motion for dismissal on November 13, 1998. This yields a total of $1,154.39 in post-judgment interest to which Morgan was entitled, by law, and by the terms of the Dimiceli judgment itself.[1] Thus, the actual value of the Dimiceli judgment on the date of surrender was **$31,251.03**. Accordingly, Morgan is entitled to $31,251.03 in damages under the Ninth Circuit's ruling of June 8, 2007 in this case.

Morgan fails to show, however, that the Court has erred in awarding prejudgment interest from the date the action was filed rather than from the date the Dimiceli judgment was surrendered. Indeed, one of Morgan's own cases states that "it is clearly within the discretion of the . . . court to deny prejudgment interest where appropriate." Roxas v. Marcos, 89 Haw. 91, 152 (1998). Here, based on all of the factors in this case, and on the regular practices of this Court, the Court has determined it is appropriate to award prejudgment interest only from the date Morgan's action was filed in federal court. Accordingly, the Court declines to

---

[1] (140 days/ 365 days) x 10% interest x $30,096.64 = $1,154.39

5

extend the time period of Morgan's prejudgment interest award. The Court will, however, re-calculate prejudgment interest to reflect the slightly greater damages that Morgan has now been awarded. Specifically, Morgan's award of prejudgment interest will be increased from $23,285.47 to **$24,178.61**.[2]

II. DEFICIENCY CLAIM AND FEES & COSTS INCURRED BY MORGANS

In addition to seeking reconsideration of the Court's November 8 order and the resulting judgment, Morgan also seeks to re-litigate two additional aspects of this case, namely, whether the Court erred in 2005 when it determined that neither the surrendered $295,877.20 Kerr deficiency claim nor Morgan's attorneys' fees and costs constituted damages incurred as a result of Chicago Title's breach of its duty to defend. The Court entered judgment on these two aspects of the case on October 31, 2005. That judgment was affirmed by the Ninth Circuit Court of Appeals on April 6, 2007. Therefore, Morgan's motion is both untimely and barred by the "law of the case" doctrine with respect to her attempt to re-litigate these issues.

First, Morgan's motion is untimely to the extent that it seeks to challenge the Court's 2005 judgment on the Kerr deficiency claim and the fees claim. Motions brought under Rules 52 and 59 must be filed within 10 days of the entry of judgment. Here, the motion was not filed within 10 days of the 2005

---

[2] $31,251.03 x 7.7369 years x 10% interest = $24,178.61

6

judgment, which is the judgment Morgan seeks to attack. Similarly, motions brought under Rule 60(b)(1) must be brought not more than one year after judgment, which again, Morgan has failed to do. Finally, motions brought under Rule 60(b)(5) and 60(b)(6) must be brought within a reasonable period of time. Two years is not reasonable, however, and even if it were, Morgan has not shown that the earlier judgment "has been reversed or vacated; or applying it prospectively no longer is equitable," Fed. R. Civ. P. 60(b)(5), nor any other basis on which relief might be granted.

Second, and more importantly, the Court's judgment on these portions of the case was affirmed by the Ninth Circuit Court of Appeals. The Ninth Circuit reversed this Court's ruling on the Dimiceli judgment, but found that "[t]he district court did not err in dismissing the Morgans' claims for other damages." (Remand Order 5.) This determination explicitly mentioned both the attorney's fees and the surrendered state court judgment. Accordingly, this Court is now precluded from reconsidering on remand these issues affirmed by the Ninth Circuit. Liberty Mutual Ins. Co. v. EEOC, 691 F.2d 438, 441 (9th Cir. 1982).

## CONCLUSION

For the foregoing reasons, Morgan's Motion to Alter and Amend and/or Alternatively For New Trial is hereby GRANTED IN PART and DENIED IN PART. Morgan's damages award is hereby increased to **$31,251.03**, and Morgan's award of prejudgment interest is correspondingly increased to **$24,178.61**. The Clerk is hereby instructed to amend the Court's November 8 judgment to reflect this recalculation of the damages and prejudgment interest to which Morgan is entitled. All other relief requested in Morgan's motion is DENIED for the reasons set forth above.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: January 4, 2008

Morgan v. Chicago Title; Civ. No. 00-00145 BMK; ORDER GRANTING IN PART AND DENYING PLAINTIFF'S MOTION TO ALTER AND AMEND.