STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

STEVEN B. JACOBSON        4117-0
(sjacobson.law@hawaiiantel.net)
P. O. Box 240761
Honolulu, HI  96824-0761
Telephone:  (808) 377-1814

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALICE H. MORGAN, Trustee of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended,<br><br>Plaintiff,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | CIVIL NO. 00-00145 BMK<br><br>PLAINTIFF'S REPLY TO DEFENDANT CHICAGO TITLE INSURANCE COMPANY'S OBJECTIONS TO BILL OF COSTS; CERTIFICATE OF SERVICE |

<u>PLAINTIFF'S REPLY TO DEFENDANT CHICAGO TITLE INSURANCE
COMPANY'S OBJECTIONS TO BILL OF COSTS</u>

Defendant Chicago Title Company has not objected to $3,953.77 of

Plaintiff's requested $4,231.20 of costs, or to the $.49/day of requested per diem

interest after February 4, 2008 requested by the Plaintiff.  Consequently, those

amounts can and should be awarded without further ado, as provided in Local Rule 54.2(d).

Chicago Title's other objections – to $194.48 of transcript costs and $82.95 of copying costs – are frivolous, and those amounts should be awarded as well.

### CHICAGO TITLE'S OBJECTION TO $194.48 REQUESTED FOR TRANSCRIPT COSTS OVERLOOKS PLAINTIFF'S EXPLANATION THAT THE SUBJECT TRANSCRIPTS WERE ORDERED BOTH **FOR USE IN THIS COURT** AND ON APPEAL, AND IGNORES PLAINTIFF'S CITATION OF FRAP RULE 39(e)(2) WHICH AUTHORIZES DISTRICT COURTS TO AWARD THE COST OF "REPORTER'S TRANSCRIPTS" NEEDED FOR APPEALS

Chicago Title's objection to Plaintiff's request for $194.48 of transcript costs mistakenly assumes that Plaintiff is seeking the cost of transcripts obtained only "for use on appeal."

However, this Court's Docket Sheets show that the three subject transcripts were obtained and filed in this Court's Clerk's office years before any appeals, for use in proceedings before Judge Gillmor in this District Court. (Docket Entries for December 11 and 26, 2000, and May 3, 2001)

Paragraphs 4 through 6 of the Jacobson Declaration, filed with Plaintiff's Bill of Costs on February 4, 2008, explain why the transcripts were pertinent to activity before Judge Gillmor in this District Court. Notably, Chicago Title has not disputed any aspect of that explanation.

In addition, some of the transcripts were also useful in Plaintiff's first appeal, as paragraph 6 of the Jacobson Declaration states, so the cost of those transcripts are taxable under FRAP 39(e)(2) -- which the Bill of Costs cites but Chicago Title ignores -- too.

<u>CHICAGO TITLE'S PARTIAL OBJECTION TO PLAINTIFF'S DOCUMENT COPYING CHARGES ARE CONFUSED AND FRIVOLOUS</u>

Exhibit A to Plaintiff's Bill of Costs shows that Plaintiff is **not** requesting the cost of copies for her or her counsel's personal use.

Exhibit A shows that **Plaintiff is requesting the cost of only four (4) copies of each filed document**, i.e., the four copies required by this Court's Clerk's Office and the applicable rules.

Local Rule 7.7 and this Court's Clerk's Office require that parties file **three** copies of most documents (a signed original and two other copies), and FRCP Rule 5(a) requires that opposing counsel be served with **one** copy of every filed document (with irrelevant exceptions). **Three plus one equals four.**

We do not know why Chicago Title thinks (at 3) that the Clerk's Office only requires "one" court copy of each document. Local Rule 7.7 plainly requires an original copy and two other copies, as do the clerks.

Nor do we know why Chicago Title thinks (at 2) that the costs of originally-executed copies are unrecoverable. 28 USC § 1920(3) expressly authorizes the taxation of "fees and disbursements for printing" and 28 USC § 1920(4) expressly

3

authorizes the taxation of "fees for exemplification and copies of papers necessarily obtained for use in the case."

Both 28 USC § 1920(3) and 28 USC § 1920(4) are cited in Plaintiff's Bill of Costs.

WHEREFORE, all costs requested by Plaintiff should be awarded.

DATED: Honolulu, Hawaii, February 20, 2008.

        STEVEN B. JACOBSON
        Attorney at Law
        A Limited Liability Law Company

        _____
        STEVEN B. JACOBSON
        Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ALICE H. MORGAN, Trustee of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended,<br><br>Plaintiff,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | CIVIL NO. 00-00145 BMK<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document will be served on this date by hand delivery or first-class mail upon the following:

NEIL F. HULBERT, ESQ.
JADE LYNNE CHING, ESQ.
LAURA P. COUCH, ESQ.
Alston Hunt Floyd & Ing
18th Floor, Pacific Tower
1001 Bishop Street
Honolulu, Hawai'i 96813
Attorneys for Defendant

DATED: Honolulu, Hawaii, February 20, 2008.

                                         STEVEN B. JACOBSON
                                         Attorneys at Law
                                         A Limited Liability Law Company

                                         STEVEN B. JACOBSON
                                         Attorneys for Plaintiffs