IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALICE H. MORGAN, Trustee of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended,<br><br>Plaintiff,<br><br>vs.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | Civ. No. 00-00145 BMK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND |

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND

Before the Court is a motion by Plaintiff Alice H. Morgan ("Morgan") to alter or amend the Court's recent order awarding her attorney's fees in the amount of $109,759.86 on a total damages award, including interest, of $55,429.64. Because Morgan fails to present any new material facts not previously available, or point to any manifest error of law or fact, her motion is hereby DENIED. The Court deems that neither hearing nor opposition will be necessary on this matter.

Morgan first takes issue with the Court's reduction of her lodestar amount by 10% to account for Morgan's counsel's practice of billing in quarter-

hour increments.  Morgan apparently recognizes that certain quarter-hour billing practices might lead to overbilling, but contends that her counsel's particular quarter-hour billing practices does not, because he rounds down as well as up.  This is an argument that Morgan only hinted at in response to Chicago Title's request for a reduction for quarter-hour billing.  In her reply brief, Morgan speculated that quarter-hour billing could "theoretically benefit clients" when rounding down, just as it could "theoretically benefit clients . . . when rounded up." (Reply Mem. Supp. Fee Mot. 9.)  Morgan failed to aver, however, that rounding down, in addition to rounding up, was a practice her attorney actually employed.

Only now does Morgan's counsel attach a declaration discussing his actual billing practices.  Because there was no reason that this argument could not have been made and the declaration provided when the original motion was before the Court, the Court will not consider it at this time.  See Local Rule 60.1.

Morgan next contends that it was not unreasonable for her to continue to litigate issues already decided by this Court and unsuccessfully appealed to the Ninth Circuit Court of Appeals.  Morgan relies on United States v. Lummi Indian Tribe, 235 F3d 443, 452 (9th Cir. 2000) (stating that application of the law of the case doctrine is "discretionary") and Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005) (stating that a district court may abuse its discretion in applying the

doctrine of the law of the case only where "(1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result").

Just because a certain course of conduct is not prohibited, however, does not make it reasonable.  Morgan may have been entitled to continue to raise already-decided issues, but the manner in which she did it, and the amount of time she spent doing it, were unreasonable.  The Court declines to reconsider its order on this ground.

Morgan further contends that this Court erred in applying Hensley's "level of success" analysis to its determination of fees sought under Haw. Rev. Stat. § 431:10-242.  For this proposition, Morgan principally relies on a single sentence of dicta in a footnote in Schefke v. Reliable Collection Agency, Ltd., 32 P.3d 52, 88 n.77 (stating that "unlike the Hawaii fee shifting statutes, the federal statutes explicitly state that the award of costs which include attorney's fees to a party is based on the fact that the party "prevail[ed] or substantially prevailed[ed]").  This sentence does not undermine the basic framework set out by Schefke of tying the "reasonableness" requirement in Hawaii's fee shifting statutes to the Hensley "level of success" analysis.  The Court is unpersuaded by this

argument, or by Morgan's citations to <u>Sentinel Ins. Co. v. First Ins. Co of Hawaii, Ltd.</u>, 875 P.2d 894 (Haw. 1994).  The Court further finds that it made no error in designating Morgan's separate sources of injury and accompanying requests for damages as separate "claims" for the purposes of the "level of success" analysis.

Finally, Morgan argues that under <u>Shefke</u>, the lodestar should be increased based on the contingent nature of this action.  The Court finds this argument without merit, in addition to being an argument which could have been raised earlier.  The Court does not find it appropriate to increase the lodestar in this case.

For the foregoing reasons, Morgan's motion to alter or amend is hereby DENIED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: March 31, 2008

<u>Morgan v. Chicago Title</u>; Civ. No. 00-145 BMK; ORDER DENYING PLAINTIFF'S MOTION TO ALTER AND AMEND