IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALICE H. MORGAN, Trustee of the Morgan Family Revocable Living Trust Under Agreement Dated September 20, 1990, as Amended,<br><br>Plaintiff,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | CIVIL NO. 00-00145 BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.  THE ORDERS ARE BASED UPON A MISTAKEN VIEW OF THE ARGUMENTS PRESENTED TO THE COURT. THERE WAS, IN FACT, NO PRIOR NOTICE TO PLAINTIFF OF ANY NEED TO SHOW THAT HER COUNSEL UTILIZED A TYPICAL ROUND-BOTH-DOWN-AND-UP SYSTEM.

The Court's March 31 Order is apparently based upon an assumption that Chicago Title, in opposing Plaintiff's fee application, asserted that the *actual* billing system used by Morgans' counsel resulted in overbilling of time increments of more-than-one-quarter hour. (See Order, at 2)

That is not so. As to time increments of more-than-one-quarter-hour, Chicago Title's only argument, citing an unpublished order in *Clark*, was that

~ 1 ~

quarter-hour billing "*may*" – in theory – result in overbilling. (CT Memo served 2-15-08, at 10, lines 12-14)

Consequently, Plaintiff's response in its reply – that quarter-hour billing can just as easily benefit clients – was fully responsive to Chicago Title's theorizing.

It was the Court *sua sponte* in its fee order – and not Chicago Title in its opposition – which asserted, without any supporting evidence or any such assertion by Chicago Title, that Plaintiff's counsel used a bizarre round-up-but-not-round-down billing system. See Order of March 20, 2008, at 14 & n. 5.

Plaintiff's first opportunity to speak in response to that assertion was, therefore, in her Motion to Alter or Amend.

It is therefore a mistake for the Court to assume – on page 2 of the March 31 Order (l. 10-13) – that Plaintiff was on notice of a need to rebut any such argument any earlier.

The 10% reduction should therefore be removed, for the reasons shown in the Motion to Alter and Amend. There is simply no factual support for it.

II. FOR SIMILAR REASONS, THE LOADSTAR SHOULD BE MULTIPLIED UNDER SCHEFKE BECAUSE OF THE CONTINGENT NATURE OF MRS. MORGAN'S COUNSEL'S REPRESENTATION AND OTHER FACTORS.

Neither plaintiff in her moving papers, not Chicago Title in its opposition, cited either the *Schefke* or *Hensley* cases. Here similarly, the Court raised *Schefke* and *Hensley sua sponte*.

~ 2 ~

So, similarly, Plaintiff's first opportunity to address assertions based upon *Schefke* and/or *Hensley* was in her Motion to Alter and Amend.

Because this Court *sua sponte* chose to use parts of *Schefke-Hensley* which it thought adverse to Plaintiff, it was perfectly permissible for Plaintiff to respond – at her first opportunity (in the Motion to Alter or Amend) – that if the Court was going to *sua sponte* use those parts of *Schefke-Hensley* against her, it should also apply those parts which were favorable to her and add a multiplier which offset, and more, the *Schefke-Hensley* reductions it was making.

It therefore was inappropriate to deny the use of a multiplier on the basis that such an argument should have been made earlier.

WHEREFORE Mrs. Morgan's motion should be granted, and her fee award increased, in light of the factors discussed above.

DATED: Honolulu, Hawaii, April 24, 2008.

STEVEN B. JACOBSON
Attorneys at Law
A Limited Liability Law Company

_____
STEVEN B. JACOBSON
Attorneys for Plaintiff